IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-01-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\*　\*　\*　\*　\*　\*　\*　\*　\*

## MEMORANDUM AND ORDER

The Court has before it Defendant William Slavin's Motion Requesting Attorneys' Fees under 17 U.S.C. § 505, Defendants Kenneth Blum, Sr., Kenneth Blum, Jr., and Dudley F.B. Hodgson's Motion Requesting Attorneys' Fees Pursuant to 17 U.S.C. § 505, for Sanctions, and for Costs, Defendant McDaniel, Bennett & Griffin's Motion for Award of Attorney's Fees and Expenses, Defendant Adelberg, Rudow, Dorf & Hendler, LLC's Motion Requesting Attorney's Fees Under 17 U.S.C. § 505, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I. BACKGROUND

The underlying facts can be stated briefly. Plaintiff William C. Bond is the husband of Alyson Bond (formerly Slavin, nee Blum), a party in a child custody dispute pending in State

Court, Slavin v. Slavin, Case No. 95249006/CE 201677 (Cir. Ct. Balto. City, Md.)  The defendants (or at least some of them) obtained[1] a copy of a manuscript written by Plaintiff entitled "Self Portrait of a Patricide - How I Got Away With Murder." Counsel for Defendant Slavin wished to introduce the manscript in evidence in the custody proceeding.

In the instant case, Plaintiff sought to enforce alleged rights in the manuscript under the federal Copyright Act, in particular he sought to prevent Defendant Slavin (or anyone else) from presenting the manuscript as evidence in the custody dispute.  On November 20, 2001, the Court heard argument and stated an oral decision on the record of proceedings holding that the use of the manuscript as an exhibit in the custody litigation would constitute a fair use of the work and that Defendants had not violated any copyright rights of the Plaintiff in the manuscript.  Because of the obviousness of the substantive question presented, the Court did not reach the Defendants' contention that the Plaintiff had not properly effected a copyright registration of the manuscript.

By the instant motion, Defendants seek to recover their

---

[1] Defendant Hodgson, a private investigator, was given a copy of the manuscript by the widow of an attorney, which attorney had been acting in a non-lawyer capacity to try to find a publisher for the work.

2

respective counsel fees pursuant to 17 U.S.C. § 505.

II.   DISCUSSION

   A.   The Pertinent Factors

   The Copyright Act, 17 U.S.C. § 505 provides that:

   the court in its discretion may allow the recovery of
   full costs by or against any party. . . . Except as
   otherwise provided by this title, the court may also
   award a reasonable attorney's fee to the prevailing
   party as part of the costs.

   In Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503 (4th Cir. 1994) the Fourth Circuit held that attorney's fees and costs need not be awarded as a matter of course under § 505. Rather the trial court must exercise its discretion in light of appropriate factors. As stated in Diamond Star:

   In Rosciszewski v. Arete Assocs., Inc., [1 F.3d 225, (4th Cir. 1993)] this court adopted the following factors to guide a district court in determining whether to award attorney's fees and costs to a prevailing party under § 505: (1) "the motivation of the parties," (2) "the objective reasonableness of the legal and factual positions advanced," (3) "'the need in particular circumstances to advance considerations of compensation and deterrence,'" and (4) "any other relevant factor presented."

Diamond Star at 505.

   B.   Application of the Factors

      1.   Motivation

   As to the first factor - the motivation of the party from

3

whom an award of attorney's fees and costs is sought - the Court finds the Plaintiff was seeking to block potentially relevant evidence from being presented in the state custody proceeding. There was no showing that the Plaintiff had any interest in using the copyright laws to facilitate the publication of the work. Rather, the precise opposite is the case. Plaintiff sought to use the copyright law to prevent the dissemination of the work and, also, to create a form of suppression of the facts, not the protectable mode of expression. Plaintiff by no means had a motivation faithful to the purpose of the Copyright Act. Therefore, the first factor favors the Defendants.

    2.    <u>Reasonableness</u>

The second factor, the objective reasonableness of the parties' contentions, strongly favors the Defendants. The central issue in the case, the issue reached only after peeling away the irrelevant and immaterial, was whether the introduction of a copyright protected work in evidence in litigation constituted "fair use" under the copyright law. This question was not a close one. It is well established that such use is "fair use." Although it is not necessary to find that the Plaintiff's position was frivolous to make a §505 award, the Court finds that it was. The instant case should not have been

brought in federal court as a purported copyright action.

### 3. Need for Compensation

The third factor, which the Fourth Circuit has characterized as "the need for compensation"[2], and as relating to the goal of deterring a party from pursuing frivolous litigation, favors the Defendants. Potential copyright Plaintiffs should be deterred from bringing meritless actions, such as the instant case, by concerns that they may have to pay the legal fees of the Defendants.

### 4. Other Factors

The fourth, "catch all" factor, labelled "any other relevant factor," is viewed differently with respect to the individual and law firm Defendants.

#### a. The Individual Defendants

Defendant Hodgson, the private investigator, obtained a copy of the manuscript from the widow of the person who had assisted Plaintiff in trying to find a publisher. To the extent that Plaintiff may have had some claim that Defendant Hodgson

---

[2] Diamond Star at 506.

5

wrongfully obtained the physical copy of the manuscript, such a claim[3] was by no means based on the copyright law. There is no "other factor" weighing against a § 505 award to Defendant Hodgson. He shall be granted such an award.

Kenneth Blum, Jr. is the son of Kenneth Blum, Sr. There appears no reason why he was made a party to the case. Nor is there any "other factor" weighing against § 505 award to Defendant Kenneth Blum, Jr. He shall be granted such an award.

Defendant Kenneth Blum, Sr. is the grandfather of the children involved in the custody dispute. He has taken an active interest in that case and provides financial support for the benefit of William Slavin's side of the case. The only "other factor" weighing against a § 505 award to Defendant Kenneth Blum, Sr. lies in his substantial wealth. But, the award to him is not substantial and serves the need for deterrence to Plaintiff and others similarly situated. The court does not find this factor sufficient to overcome the factors weighing in favor of a § 505 award. A §505 award shall be granted to Kenneth Blum, Sr.

Defendant William Slavin, a party in the custody litigation appears to have had no active part in the obtention or use of the manuscript. Presumably, he was a defendant because his counsel

---

[3] The Court does not suggest that there was any viable claim of this type.

6

(acting for him) was planning to introduce the manuscript in evidence in the custody proceeding. There is no "other factor" weighing against a § 505 award to Defendant William Slavin. Such an award shall be made.

Plaintiff has presented no objection to the amount of fees and costs claimed by the individual Defendants. The Court has reviewed the evidence submitted and finds the fees and costs reasonable. Accordingly, the individual Defendants shall be awarded the claimed fees and costs under 17 U.S.C. § 505.[4]

### b.   The Law Firm Defendants

The question of whether a §505 award of legal fees can be made to lawyers representing themselves is a question of first impression.

In Kay v. Ehrler, 499 U.S. 432 (1991) the Supreme Court held, in a case arising under 42 U.S.C. § 1988, that an attorney representing himself could not be granted an award of counsel fees. As stated therein:

> A rule that authorizes awards of counsel fees to pro se litigants - even if limited to those who are members of the bar - would create a disincentive to employ counsel

---

[4]   Of course, the individual Defendants cannot recover for the same costs both as part of the §505 award and as part of the award of assessable costs. They must insure that any petition for assessable costs excludes duplication.

7

> whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

Id. at 438

In McNeil v. United States, 508 U.S. 106, (1993) the Court noted, albeit in a context other than a fee award, that

> "we have previously recognized a systemic interest in having a party represented by independent counsel even when the party is a lawyer. See Kay v. Ehrler, 499 U.S. 432 (1991)."

Id. at 113, n. 10.

It appears beyond debate that, in the instant case, the law firms represented by their own employees, partners or members were proceeding pro se and not represented by independent counsel. Compare, Burka v. U.S. Dept. of Health and Human Services, 142 F.3d 1286 (D.C. Cir. 1998).

The Court has found no judicial decision which has considered the Kay holding relating to aw award of fees to pro se counsel in a copyright case. The Fourth Circuit, in Doe v. Bd. of Educ. of Balto. County, 165 F.3d 260 (4th Cir. 1998) considered Kay in a case in which an attorney sought an award of legal fees for representing his child in a case arising under the Individual with Disabilities Education Act, 20 U.S.C. § 1400-1487. The Fourth Circuit held that

> . . . although an attorney-parent's representation of his child is not <u>pro</u> <u>se</u> representation, such that <u>Kay</u> is not on "all fours" with this case, much of the rationale articulated in <u>Kay</u> does apply here. That rationale provides a clear basis for invoking the judicially created special circumstances doctrine. In the context of other fee-shifting provisions, *e.g.*, those in 42 U.S.C. § 1988 and Title VII of the Civil Rights Act of 1964, the Supreme Court has recognized that although a prevailing party "should ordinarily recover an attorney's fee," "special circumstances" can render "such an award unjust."
>
> * * *
>
> Courts have universally recognized that this "special circumstances" exception is very "narrowly limited."
>
> * * *
>
> However, given a parent's special and close relationship with his or her child, we believe that <u>Kay</u> does provide a basis for invoking the narrow special circumstances exception here.

<u>Doe</u> at 264.

In <u>Kooritzky v. Herman</u>, 178 F.3d 1315 (D.C. Cir. 1999) the District of Columbia Circuit held that a district court had erred in awarding fees to a <u>pro</u> <u>se</u> litigant under the Equal Access to Justice Act, 28 U.S.C.A. 2412(d)(1)(A). Moreover the Court stated that its decision in <u>Burka</u> "reflects a conviction that nothing in the Supreme Court's <u>Kay</u> opinion limits its reasoning to the specific facts or statute before it." <u>See</u> <u>also</u> the Tax Court pre-<u>Kay</u> decision in <u>Minahan v. Comm'r</u>, 88 T.C. 516 (1987) in which the court held that a member of a law firm who

<2/>

had paid his own firm for his services could not recover legal fees from the I.R.S. under 26 U.S.C. § 7430. Interestingly, the Tax Court stated that "lost opportunity costs are not fees paid or incurred for the service of an attorney within the meaning of section 7430." Id. at 519.

In view of the current state of the law including such insights into the views of the Fourth Circuit as are afforded by the decision in Doe, the Court will not grant a § 505 award to the law firm Defendants. The Court predicts that, when faced with the issue, as it likely will be in the instant case which is already pending on appeal, the Fourth Circuit will hold that it would have been an abuse of discretion to award legal fees to the law firm Defendants.

The Court will state, for the benefit of the appellate court, that had discretion to award counsel fees to the law firm Defendants, it would do so. However, the award would be substantially less than the amount claimed because, consistent with what this Court finds to be an essential part of the Kay rationale, had there been independent counsel being paid by the law firm Defendants, the matter would have been handled at far less cost than is sought from the Plaintiff.

<2/>
10
</2>

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. Defendant William Slavin's Motion Requesting Attorneys' Fees Under 17 U.S.C. § 505 is GRANTED. He shall be awarded the claimed amount of $8,699.70.

2. Defendants Kenneth Blum, Sr., Kenneth Blum, Jr., and Dudley F.B. Hodgson's Motion Requesting Attorneys' Fees Pursuant to 17 U.S.C. § 505, for Sanctions, and for Costs is GRANTED. They shall each be awarded the claimed amount of $6,675.45.

3. Defendant McDaniel, Bennett & Griffin's Motion for Award of Attorney's Fees and Expenses is DENIED.

4. Defendant Adelberg, Rudow, Dorf & Hendler, LLC's Motion Requesting Attorney's Fees Under 17 U.S.C. § 505 is DENIED.

6. All defendants have been awarded their respective assessable costs as stated in the Judgment Order issued November 26, 2001; however, there shall be no duplication of assessable costs and costs included in the §505 awards being made by this Order.

7. The defendants granted an award under 17 U.S.C. § 505 shall exclude from their assessable costs all costs included in their respective § 505 awards.

8. A Supplemental Judgment Order shall be issued.

SO ORDERED this 6th day of February, 2002.

_____
Marvin J. Garbis
United States District Judge