IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff | * | |
| vs. | * | CIVIL ACTION NO. MJG-01-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court has before it the Motion of Defendant McDaniel, Bennett & Griffin for Sanctions Pursuant to Fed. Rule Civ. Pro. 11, the Motion for Sanctions filed by Defendant Adelberg, Rudow, Dorf & Hendler, LLC, the Supplemental Motion for Sanctions and Attorneys' Fees filed by Defendant Adelberg, Rudow, Dorf & Hendler, LLC and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The movants seek sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Rule 11 provides that any person or attorney presenting to the Court a pleading, motion or other paper certifies that (1) the pleading or filing is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation, (2) the claim's defenses and other legal contentions are warranted by existing law or by a

non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after reasonable investigation and discovery. Fed.R.Civ.P. 11(b).  If Rule 11(b) has been violated, the Court may impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation. Fed.R.Civ.P. 11(c).

Rule 11 was modified in 1993 to provide that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion the challenged papers . . . are not withdrawn or appropriately corrected."  Fed.R.Civ.P. 11(c)(1)(a).

The Advisory Committee noted, in pertinent part, that the provisions:

> are intended to provide a type of safe harbor against motions under Rule 11, in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that portion or to acknowledge candidly that it does not currently have any evidence to support a specified allegation.

Fed.R.Civ.P. 11 Adv. Comm. Notes, 1993 Amend.

It appears well settled that unless a Rule 11 motion is filed in accordance with the 21 day "safe harbor" warning

provision, it cannot be granted. See Barber v. Miller, 146 F.3d 707 (9th Cir. 1998), Hadges v. Yonkers Racing Corp., 48 F.3d 1320 (2nd Cir. 1995), Elliott v. Tilton, 64 F.3d 213 (5th Cir. 1995), and Thomas v. Treasury Management Ass'n, Inc., 158 F.R.D. 364 (D. Md. 1994).

Under the circumstances, the Court will deny the motions seeking Rule 11 sanction.

1. The Motion of Defendant McDaniel, Bennett & Griffin for Sanctions Pursuant to Fed. Rule Civ. Pro. 11 is DENIED.

2. The Motion for Sanctions filed by Defendant Adelberg, Rudow, Dorf & Hendler, LLC is DENIED.

3. The Supplemental Motion for Sanctions and Attorneys' Fees filed by Defendant Adelberg, Rudow, Dorf & Hendler, LLC is DENIED.

SO ORDERED this _6th_ day of February, 2002.

_____
Marvin J. Garbis
United States District Judge