IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

PLAINTIFF'S SUPPLEMENT TO
CONSOLIDATED MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND SANCTIONS

Plaintiff, William C. Bond, by and through his attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, states as follows:

The Defendant law firms filed Motions for Sanctions pursuant to Rule 11. Plaintiff incorporates by reference his previously-filed Consolidated Memorandum in Opposition to Defendants' Motions for Attorneys' Fees and Sanctions, pp. 4-7, (Paper #50) and the supporting Affidavit of Counsel and exhibits. Plaintiff also incorporates by reference his briefs and Petition for Rehearing that were filed in this Court with Paper #84. Additionally, Plaintiff states that the Defendant law firms did not follow the procedure prescribed by Fed.R.Civ.P. 11(c)(1)(A). Thus, for the reasons stated in the Memorandum and Order of the Court of February 6, 2002 (entered February 7, 2002, Paper #63), the Motions should be denied. Plaintiff has not waived this defense to

Defendants' claims for sanctions in that the Court has heretofore made no substantive rulings on the merits of Defendants' contentions and thereby Defendants can claim no prejudice at this juncture.

Defendants conceded in the Court of Appeals that the standard of review for Rule 11 is that of an abuse of discretion standard. *See* Appellees' brief, at 12. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). Defendants, however, contend that the court committed an error of law, thereby abusing its discretion, when the court, on its own, raised the "safe harbor" provision of Fed.R.Civ.P. 11(c)(1)(a). This Court relied upon *Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320 (2nd Cir. 1995); *Elliott v. Tilton*, 64 F.3d 213 (5th Cir. 1993); *Thomas v. Treasury Management Ass'n., Inc.*, 158 F.R.D. 364 (D. Md. 1994), for the proposition that "unless a Rule 11 motion is filed in accordance with the 21-day 'safe harbor' warning provision, it cannot be granted." (JA. 546-47). *See also Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997); *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1529 (10th Cir. 1997).

In support of their position, Defendants urged on appeal that this Court may not have been aware of *Rector v. Approved Federal Savings Bank*, 265 F.3d 248, 252-53 (4th Cir. 2001), citing that case for the proposition that Rule 11 is not jurisdictional and is waived if not raised in the first instance by the party against whom the motion is filed. *See* Appellees' brief, at 54. The Court of Appeals directed this Court to "further

2

consideration of the motion, taking into account our decision in Rector." *See* slip opinion, at 21.

Unlike here where the Court applied the "safe harbor" provision, *Rector* involved a situation in which the 21-day "safe harbor" provision was not raised until the second appeal from the district court's imposition of Rule 11 sanctions. There, appellants at first appealed the district court's imposition of Rule 11 sanctions, which was reversed and remanded, followed by the imposition of sanctions again by the district court and, in turn, followed by a second appeal during which the "safe harbor" provision was raised for the first time on appeal, in order to circumvent the well-established rule that unless an issue is raised and decided below; *see, e.g., Washington Metro. Area Transit Auth. v. Precision Small Engines*, 227 F.3d 224, 227-28 (4th Cir.2000); unless the issue is jurisdictional. *See, e.g., Goldsmith v. Baltimore*, 845 F.2d 61, 63-64 (4th Cir-.1988). The appellants in *Rector* argued that the "safe harbor" provision was jurisdictional, thus permitting them to circumvent the general rule that issues not raised and/or decided below are waived on appeal. *Rector* cannot be extended any further than what its holding is, i.e., that the "safe harbor" provision is not jurisdictional. Neither the rule nor *Rector* state that the district court cannot raise and apply the "safe harbor" provision in its own discretion. As the *Rector* court recognized, the purpose of the "safe harbor" provision is to reduce the number of motions for sanctions presented to the court. *Rector*, at 251. While the "safe harbor" provision is not jurisdictional, nothing prevents the court on its own from raising

the "safe harbor" provision, commensurate with the purpose of the provision in reducing the number of Rule 11 motions that the Court must consider.

WHEREFORE, for the aforementioned reasons and those previously stated heretofore, Plaintiff, William C. Bond, respectfully requests that Defendants' Motions for Sanctions be denied.

                                                 HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff