IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., et al | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT ADELBERG, RUDOW, DORF & HENDLER, LLC'S
MOTIONS REQUESTING ATTORNEYS' FEES AND COSTS
UNDER 17 U.S.C. §505 AND LOCAL RULE 109**

Defendant Adelberg, Rudow, Dorf & Hendler, LLC ("hereinafter Adelberg Rudow or Defendant"), by its attorneys, Andrew Radding and J. Andrew McKinney, Jr., files this Supplemental Memorandum and requests this Honorable Court for reimbursement of attorneys' fees and costs and states as follows[1]:

**I.     Introduction**

As the Court is undoubtedly aware, this is an action for copyright infringement based on Defendants' use of a manuscript authored by Plaintiff in a child custody dispute pending in the Circuit Court for Baltimore City. The manuscript detailed how Plaintiff killed his father, tricked the criminal justice system and inherited from his father's estate. For obvious reasons, certain

---

[1] Adelberg Rudow hereby incorporates its motions for Attorneys' Fees and Costs and Supporting Memoranda previously filed in this action.

Defendants thought this manuscript was relevant to pending custody issues between Alyson Slavin (Plaintiff's wife) and her former husband, William Slavin.

In an attempt to block the use of the manuscript, Plaintiff brought suit in this Court claiming copyright infringement against a number of individuals and law firms. Defendants argued that the use of the manuscript was "fair use."

On November 26th, 2001, this Court agreed with Defendants and granted Defendants' Motion for Summary Judgment, dismissing all claims with prejudice and granting all assessable costs. Defendants subsequently filed Motions for attorneys' fees pursuant to 17 U.S.C. § 505 and Local Rule 109. The Court granted the Motions filed by the individual Defendants and denied the Motions filed by Defendants McDaniel, Bennet and Griffin (hereinafter "McDaniel") and Adelberg Rudow. The Court opined that it did not have the discretion to award fees to the law firm Defendants and stated that if it had such discretion, it would have done so.

Plaintiff subsequently appealed the dismissal of his claims, arguing that the Court should not have granted summary judgment. Adelberg Rudow and McDaniel appealed the Court's denial of attorneys' fees. The Fourth Circuit affirmed the Court's dismissal of Plaintiff's claims and vacated the denial of attorneys' fees to the law firm Defendants, holding that fees are available to law firms represented by member attorneys. The Fourth Circuit also affirmed the grant of attorneys' fees to the individual Defendants.

Plaintiff, in yet another attempt to prolong this litigation, filed a petition for rehearing and/or for rehearing *en banc* in the Fourth Circuit, which was denied. Plaintiff has not, as of yet, filed a petition for *certiorari* to the Supreme Court.[2]

---

[2] In yet another addition to the tortured history of this baseless litigation, Plaintiff has filed a Motion for Recusal. Adelberg Rudow's Opposition thereto is forthcoming.

Adelberg Rudow now seeks its attorneys' fees for the defense of this frivolous action.

## II.   Argument

This case was brought under circumstances that are so egregious and its prosecution carried forward with such a frivolous demonstration of bad faith that this Court should award Adelberg Rudow its full fees pursuant to 17 U.S.C. §505 and Local Rule 109(2).[3]  It is now well settled that law firm defendants can be awarded attorneys' fees under 17 U.S.C. §505 and should be treated no differently from successful plaintiffs.[4]

---

[3]   See, **§ 505. REMEDIES FOR INFRINGEMENT: COSTS, AND ATTORNEYS' FEES**: In any civil action under this title, the court, in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorneys' fees to the prevailing party as part of the costs.
(Pub.L. 94-553, Title I, § 101, Oct. 19, 1976, 90 Stat. 2586.)

[4]   Prevailing plaintiffs and prevailing defendants must be treated alike for purposes of awarding attorneys' fees under Copyright Act, with attorneys' fees awarded to prevailing parties only as a matter of the court's discretion; the Copyright Act attorneys' fees provision gives no hint that successful plaintiffs are to be treated differently than successful defendants. Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Finding of frivolity or bad faith pursuit of claim is not required before attorneys' fees can be assessed under the Copyright Act. Rosciszewski v. Arete Associates, Inc, et al, 1 F.3d 225 (4th Cir. 1993).

Prevailing plaintiffs and prevailing defendants must be treated alike under statute, allowing award of attorneys' fees in copyright infringement action. Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503 (4th Cir. 1994).

The trial court did not abuse its discretion in awarding attorneys' fees and costs to defendants who prevailed in a copyright action. McGaughey v. Twentieth Century Fox Film Corp., 12 F.3d 62 (5th Cir. 1994).

Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action; no other precondition need be met, although fees awarded must be reasonable. Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F2.d (9th Cir. 1989), cert. denied, 494 U.S. 1017.

Attorneys' fees should not be awarded to prevailing plaintiff as a matter of course in a copyright infringement action. Applied Innovations, Inc. v. Regents of the University of Minnesota, 876 F. 2d 626 (8th. Cir. 1989).

Award of attorneys' fees under the Copyright Act [17 U.S.C.A. § 505] does not require bad faith, nor is there a double standard for plaintiffs and defendants; nor should a prevailing party be awarded attorneys' fees in every case as a matter of course. Lieb v. Topstone Industries, Inc., 788 F.2d 151 (3d Cir. 1986).

Prevailing plaintiffs and prevailing defendants would be treated similarly under attorneys' fees provision of the Copyright Act. Robinson v. Random House, Inc., 877 F.Supp. 830 (S.D.N.Y. 1995).

Ample precedent is found supporting an award of attorneys' fees in the instant case. The analysis can fairly be broken into two major issues, namely (1) whether to award attorneys' fees and, if so, (2) the amount to be awarded.[5]

### a. Whether to Award Attorney's Fees

The four non-exclusive factors utilized to determine an award of attorneys' fees pursuant to the Copyright Act are as follows: (1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need, in particular circumstances, to advance considerations of compensation and deterrence; and (4) any other relevant factor presented.[6] This Court has already examined each of these factors and ruled that an award of fees was appropriate to all Defendants (although it did not believe it had the power to award fees to the law firm Defendants).

The motivation of the parties clearly favors an award of fees. Adelberg Rudow simply sought to further its client's interests in the underlying custody dispute. See Exhibit A, Affidavit of Judge Paul A. Dorf. Indeed, this Court found that Plaintiff sought to remove the manuscript as evidence from a custody dispute and avoid a subpoena requiring that the manuscript be produced and that "Plaintiff by no means had a motivation faithful to the purposes of the Copyright Act. Therefore, the first factor favors the Defendants."

Regarding factor two, Adelberg Rudow was clear from the outset that the manuscript was to be used only in the custody dispute litigation, and that such use was "fair use." See Exhibit A, Affidavit of Paul A. Dorf. The Plaintiff instituted the instant suit in spite of this clarification,

---

[5] See O'Well Novelty Company, Ltd. v. Offenbacher, Inc., 225 F.3d 655 2000 (4th Cir. 2000), citing Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1996) and Fogarty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023, (1994).

[6] See Diamond Star Building Corp. v. Offenbacher, Inc, supra, at 505, 506.

asserting a wholly novel position that, in essence, "fair use" was not available unless permission to acquire and use the manuscript was first obtained from the Plaintiff. The Plaintiff's position was without legal basis and was flatly rejected by this Court and the Fourth Circuit. While frivolity is not required, this Court did, in fact, find the case to be frivolous and meritless.

Factor three also warrants an award of fees. There is a compelling need to advance considerations of compensation and deterrence. Plaintiff has dragged several defendants through an expensive and frivolous litigation, including substantial motions and appellate practice, for the sole purpose of blocking highly relevant evidence from being used in the custody dispute. Use of the manuscript in that custody litigation was and clearly remains "fair use," and yet the Plaintiff continues to file motion after motion even today, the latest seeking recusal. This frivolous, pernicious and vexatious litigation must be stopped and future similar actions must be deterred.

Finally, the Court should be reminded that this litigation was initiated secretly while negotiating for the return of the manuscript; at that time, neither Mr. Dorf nor anyone else in Adelberg Rudow was served or informed in any way about the instant suit. Only after obtaining return of the manuscript from Mr. Dorf (with the understanding that it be held by the Court or "a trustee"), did the Plaintiff go public with this attempt to use copyright infringement litigation as a mechanism permitting destruction of the manuscript. The Plaintiff thus wasted this Court's time and resources solely to keep copies of the manuscript from the child custody dispute.

It is respectfully submitted that consideration of each of the four non-exclusive factors weigh heavily in favor of awarding Adelberg Rudow its full fees. Plaintiff unnecessarily instituted and maintained vexatious litigation to the detriment of several Defendants, including two law firms. While it is not required that this Court find the litigation to have been instituted and maintained in bad faith, this Court's prior determinations only reinforce awarding attorneys' fees.

### b. The Amount of Attorneys' Fees

Adelberg Rudow (as well as the other Defendants) expended a substantial amount of time, money and effort in defending this frivolous litigation. Adelberg Rudow had to: (1) research and prepare an opposition to a motion for a preliminary injunction and a motion for summary judgment addressing federal copyright law, which involved a supervisory attorney experienced in federal litigation, as well as an intellectual property attorney and an associate; (2) attend a full day evidentiary hearing (supervisory attorney and intellectual property attorney) regarding the aforementioned pleadings; (3) engage in substantial discovery; (4) respond to a motion to alter or amend the judgment; (5) file motions for costs and attorneys' fees in an attempt to vindicate its expenses; (6) respond to Plaintiff's appeal before the Fourth Circuit, (7) appeal the denial of attorneys' fees; (8) argue before the Fourth Circuit; (9) re-file appropriate motions for attorneys' fees and costs; and (10) respond to Plaintiff's Motion for Recusal.[7] In addition, most of these activities required review and familiarity with either the Federal Rules of Procedure and commensurate Local Rules or the Federal Rules of Appellate Procedure and commensurate Local Rules and typically involved more than one attorney. Plaintiff's attorney should be well aware that substantial and complex federal and appellate litigation necessarily requires extensive time and money.

When determining a reasonable number of hours and a reasonable rate, a lodestar amount is determined utilizing the following factors: (1) time and labor requirements; (2) the novelty and difficulty of the issues; (3) the skills required to perform the legal services; (4) opportunity costs; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7)

---

[7] Adelberg Rudow has not submitted a fee request for time spent responding to Plaintiff's Motion for Recusal since that work has not been performed at the time of filing this Memorandum.

the time limitations faced by the party; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases.[8]

Addressing the twelve factors in turn, the time and labor requirements in the instant litigation were dictated entirely by the Plaintiff's actions. Adelberg Rudow was required to respond to numerous pleadings (outlined above), both before the District Court and Fourth Circuit. The Defendants were also required to participate in the discovery activities required in furthering the defense. These activities are all detailed in the pleadings and quantified in the detailed billing report attached. See Exhibit B, Detailed Billing Report of Adelberg Rudow.

The novelty and difficulty of the issues in the instant litigation principally stem from the wholly novel and unfounded position adopted by the Plaintiff. Since the Plaintiff took the novel and baseless position that Mr. Bond's permission was required before the manuscript could be obtained and used in the underlying custody litigation, it was necessary to depose people having nothing to do with whether the use was "fair." It was also necessary to counter, point by point, the novel and unsupportable legal positions taken by the Plaintiff in the instant litigation. This is best embodied by the repeated assertion by Plaintiff that the fact that the manuscript was allegedly "purloined" negated a fair use defense. Time after time these unfounded positions had to be rebutted by Defendants.

The skills required to perform the legal services also dictates an award of Adelberg Rudow's full fees. Copyright infringement litigation necessarily takes place in federal district court and

---

[8] See Rosciszewski v. Arete, supra, and Barber v. Kimbrell's, Inc., 577 F.2d 216 n.28 (4th Cir. 1978) (adopting Johnson factors); Diamond Star Building Corp. v. Freed, supra (copyright case directing application of Johnson factors); Superior Builders v. Dan Chose Taxidermy Supply Co., Inc., 881 F.Supp 1021 (E.D. Va. 1994).

requires skills in researching and litigating copyright law issues in that venue, as well as particularized knowledge of copyright law. An attorney defending this litigation must have federal litigation skills and substantial knowledge of copyright law or must involve an intellectual property lawyer.

Regarding opportunity costs, this litigation represented a wholly unnecessary distraction which kept the attorneys of Adelberg Rudow from doing other client work. For example, one attorney from Adelberg Rudow spent in excess of two hundred and fifty (250) hours defending this case. That time could have been used profitably for fee-generating business.

The customary fee for like work is addressed in Sections V and VI below.

As for the attorneys' expectations at the outset of the litigation, this Defendant cannot speak to the expectation of Plaintiff's counsel. Adelberg Rudow's expectation at the outset of the litigation was that the matter had already been settled by return of the manuscripts (see e.g. Affidavit of Paul Dorf, Exhibit A). This litigation was instituted in secret and, in fact, was kept from Mr. Dorf during negotiations over the return of the manuscript. In fact, all of the Defendants' expectations were that this wholly unnecessary and frivolous copyright infringement litigation would, eventually, be terminated. The only thing not known was the ultimate cost of bringing that result about.

The time limitations faced by the parties were entirely dictated by the Plaintiff, who sought to aggressively compel the Defendants to expend the maximum amount of effort in the minimum amount of time. The amount in controversy is a difficult factor to assess, since Plaintiff's counsel asserted a frivolous claim for statutory damages knowing full well that statutory damages were not available under 17 U.S.C. § 412 for allegedly infringing uses commenced before the date of registration.

The experience, reputation and ability of the attorneys were dictated by the selection by Defendants upon whom Plaintiff foisted this frivolous lawsuit. Fortunately, Defendant Adelberg Rudow counts within its ranks experienced federal court litigators and an attorney who concentrates in intellectual property law. As noted above, these attorneys set fees reasonably, as the market demands. As detailed in the attached billing reports (Exhibit B), much of the research and drafting was performed by an associate, who bills at a much lesser rate than the two partners who oversaw and dictated the defense of the action.

The undesirability of the case within the legal community in which the suit arose is an important factor in this case. This matter stands as a perfect example of abusive litigation and misuse of federal copyright law. If litigants are to take a lesson from this matter, it should be that this Court will not stand for abuse of the Court's resources, and abuse of Defendants' time and resources, solely to keep written admissions against interest out of evidence in litigated matters. This frivolous suit should be used as an example.

Factor eleven, the nature and length of the professional relationship between attorney and client, is self-evident in that the defendant law firm *is* the client.

There is ample precedent in the Fourth Circuit supporting an award of attorneys' fees in the amounts sought by Adelberg Rudow. There is ample additional precedent as well.[9] One recent author collected data on two hundred and sixty-two (262) published cases involving an award of attorneys' fees under 17 U.S.C. § 505, both before and after the *Fogerty* decision. For those cases

---

[9] See ABC, Inc. v. PrimeTime 24, Joint Venture, 67 F.Supp. 2d 558 (M.D.N.C. 1999) (award of $605,240.75 after grant of summary judgment and appeal to Fourth Circuit); Superior Form Builders, infra. (award of $68,663.75); Arista Records v. Tysinger, 87 F.Supp. 345 (M.D.N.C. 1994) ($11,000); and Kahn v. Head, 714 F.Supp. 143, 145 (D. Md. 1988) ($13,500).

in which prevailing defendants were awarded costs and fees, the average award was $107,000 with a median award of $30,500.[10]

The pre-eminent treatise on copyrights, *Nimmer on Copyright*, provides, in pertinent part, "Up until the $1.3 Million award in Fantasy, Inc. v. Fogarty [sic] the most substantial award of attorneys' fees and costs ever reported in a copyright infringement action was in the amount of $451,789.06, in *Cable/Home Communications Corp. v. Network Prods., Inc.* 902 F.2d 829 (11th Cir. 1990)."[11]

The Plaintiff may assert that paying attorneys' fees for so many Defendants is an unfair burden, but the Plaintiff has only himself to blame, having cast a wide net ensnaring many Defendants, including two law firms, in wholly unnecessary and frivolous copyright infringement litigation. Moreover, Plaintiff protracted this litigation at every turn, filing numerous motions and appealing the case to the Fourth Circuit. While Adelberg Rudow's fees are substantial, they are comparable to fees for any complex litigation that involves an appeal and substantial motions practice.

    **c.**    **Local Rule 109 requirements**

Local Rule 109 mandates that any motion for attorneys' fees be supported by a memorandum setting forth the nature of the case and be responsive to a set of criteria as more fully set forth below.

    1.    <u>Nature of The Case.</u>

As discussed extensively <u>infra</u>. and in the numerous pleadings filed by Defendant, Plaintiff attempted to use this Court to obtain permission to destroy evidence sought in a custody dispute.

---

[10] See *COMMENT: Attorney's Fee Awards in Federal Copyright Litigation After Fogarty v. Fantasy: Defendants Are Winning Fees More Often, but the New Standard Still Favors Prevailing Plaintiffs.* 47 UCLA L.Rev. 1381, 1392.

[11] See <u>Nimmer on Copyright</u>, §14.10[C], note 20, et seq.

2. Claims to Which Defendant Adelberg Rudow Prevailed

All Defendants in the instant copyright infringement (including Adelberg Rudow) prevailed on the ultimate issue, i.e., whether Defendants' actions constituted infringement of copyright. The law firm Defendants also prevailed on their arguments regarding attorneys' fees and the individual Defendants prevailed on their defense of the award of fees. The Court noted that the Defendants' use was fair use irrespective of the facts surrounding the Defendants' acquisition of the work, thereby essentially restating the position explained by Adelberg Rudow in letters exchanged before return of the manuscript and before the instant action was initiated by the Plaintiff.[12]

3. Claims in Which Defendant Adelberg Rudow Did Not Prevail

There were none.

4. Detailed Description of Work Performed by Defendant Adelberg Rudow

Adelberg Rudow was compelled to respond to Plaintiff's Amended Complaint (once it was no longer secret) as well as Plaintiff's Motion for Preliminary Injunction and numerous subsequent filings (which continue today) before the District Court. Adelberg Rudow was also required to participate in conducting and defending several depositions, as well as preparing for and attending the hearing of November 20th, 2001. Additionally, Adelberg Rudow was required to defend and prosecute separate appeals before the Fourth Circuit.

The work is documented in the pleadings of the instant case and the detailed billing report attached hereto as Exhibit B, covering work performed up to and through December 31, 2002.

Research was performed in preparation for each of the pleadings, and conferences with co-Defendant's counsel were conducted to minimize costs associated with the defense, where possible.

---

[12]   See Exhibit 1 to Paul A. Dorf's Affadavit (exhibit A hereto).

Itemized description of work performed is provided in detail in Exhibit B, specifying the attorney, the nature of the task and the date the work was performed.

### 5. Attorneys' Customary Fees For Such Like Work

Adelberg Rudow member Paul A. Dorf is nominally the client or clients' representative in the instant action, and was represented by his fellow members, Andrew Radding and J. Andrew McKinney, Jr., with the occasional assistance of associates and a clerk. Andrew Radding's customary hourly rate for such like litigation work is $275.00-$285.00 per hour. (His billing rate has increased in 2003 to $300.00 per hour). J. Andrew McKinney, Jr.'s customary hourly rate for such like work is $220.00-$225.00 per hour. Associates and clerks have hourly rates ranging from $25.00 per hour to $165.00 per hour. Each of these is reflected in the detailed billing report (Exhibit B). See Exhibit C, Affidavit of Andrew Radding.

### 6. Customary Fee For Like Work Prevailing in Attorney's Community

Community, in this case, has two meanings - geographical community and the community sharing a legal specialty. The above cited hourly rates are the standard rates charged to all clients for Adelberg Rudow, a well-established Baltimore firm; market forces compel the firm to set reasonable fees, and so it is respectfully submitted that the fees set forth in the detailed billing report (Exhibit B) are reasonable. In addition, Andrew Radding is a well-established figure in the Baltimore legal community, and so is readily able to discern what constitutes a "reasonable" hourly rate. See Exhibit C.

Further, the fees set forth in the detailed billing report (Exhibit B) are also reasonable when viewed from the perspective of the community sharing the legal specialty of federal copyright litigation. Copyright, as a specialty, is included in the area of intellectual property. The American

Intellectual Property Law Association publishes an annual *Report of Economic Survey*[13] ("the AIPLA Report") giving statistics on billing rates by type of practice, years of experience and other categories. For 2001, the AIPLA Report survey data indicate that, for partner-level practitioners, the median hourly billing rate is $280.00, while the average hourly billing rate is $291.00. Four hundred and seventy-five partners were surveyed; the 25th percentile hourly billing rate is $230.00, while the 75th percentile hourly billing rate is $340.00.[14] In reference to these benchmarks, Adelberg Rudow's fees are clearly reasonable.

### 7. Expenditures For Which Reimbursement is Sought

As set forth in the three detailed billing reports (Exhibit B), the sum $110,283.50 represents the total billable time, at the firm's rates, in defending this action for work performed up to and through December 31, 2002. In addition, the firm had disbursements of $195.00 for facsimile charges, $202.80 in duplicating charges, $66.64 in delivery charges, $7,079.93 in computer research fees, $105.00 in filing fees, $363.56 in conference call charges, $283.21 in travel expenses and $1,139.20 in deposition expenses. Accordingly, Adelberg Rudow now seeks reimbursement in the amount of $119,718.84 for work performed and costs and expenses up to and through December 31, 2002.

Adelberg Rudow seeks reimbursement for billable time expended on behalf of the firm in defending this action, time expended to the detriment of some of the firm's clients who were forced to wait to have their work done. This billable time is analogous to "lost volume" in that the time

---

[13] See The American Intellectual Property Law Association *Report of Economic Survey 2001*, American Intellectual Property Law Association, 2001 Jefferson Davis Highway, Suite 203 Arlington VA, 22202-3694, printed by Fetzer-Kraus, Inc. Prepared under the direction of the American Intellectual Property Law Association Law Practice Management Committee, Sharon A. Israel, Chair, © 2001 AIPLA.

[14] Id., Table 17d, "Hourly Billing Rate by Type of Practice, Gender, and Years of Experience."

M:\WP\121\slavin\pleadings\fee_mot_memo-supp.wpd -3/20/03

13

expended in defending this action should have been devoted to furthering clients' interests and represents a lost opportunity to do the firm's clients' billable work.

### 8. Additional Factors

In conclusion, the guiding principle in evaluating the above-cited twelve factors is reasonableness of attorneys' fees in light of the totality of the circumstances. Title 17 U.S.C. § 505 gives the Court broad discretion in evaluating the reasonableness of fees in the instant case.

As noted above, Adelberg Rudow was compelled to respond to the instant copyright litigation after having made good faith efforts to resolve the matter with Plaintiff. The amount of fees and expenses sought in this motion is reasonable in light of all of the foregoing.

WHEREFORE, Defendant Adelberg, Rudow, Dorf & Hendler, LLC, respectfully requests a hearing and requests this Honorable Court to:

A.   Grant its Motions for Attorneys' Fees and Costs;

B.   Enter Judgment in its favor in the amount of $110,283.50 for fees;

C.   Enter Judgment in its favor in the amount of $9,435.35 for expenses;

D.   And grant such other and further relief as justice requires.

Respectfully submitted:

/S/
Andrew Radding (Bar No. 00195)
J. Andrew McKinney, Jr. (Bar No. 14369)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WILLIAM C. BOND, | * |
| Plaintiff | * |
| v. | *   Case No.: MJG-01-CV-2600 |
| | * |
| KENNETH BLUM, SR., et al | |
| | * |
| Defendants | |

* * * * * * * * * * * * *

**<u>ORDER</u>**

Upon the aforegoing Defendant's Motions Requesting Attorneys' Fees and Costs Under 17 U.S.C. §505 and Local Rule 109 and Supplemental Memorandum in Support thereof, and any Opposition thereto and any hearing had, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland

ORDERED that the aforesaid Motions Requesting Attorneys' Fees and Costs Under 17 U.S.C. §505 and Local Rule 109 are GRANTED;

ORDERED that JUDGMENT in the amount of $110,283.50 for fees be entered in favor of Defendant Adelberg, Rudow, Dorf & Hendler, LLC; and

ORDERED that JUDGMENT in the amount of $9,435.35 for expenses be entered in favor of Defendant Adelberg, Rudow, Dorf & Hendler, LLC.

_____
Judge
United States District Court for the District
of Maryland