IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,     *

    Plaintiff     *

    v.     *     Case No.: MJG-01-CV-2600

      *

KENNETH BLUM, SR., et al

      *

    Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT OF PAUL A. DORF, ESQUIRE

I, Paul A. Dorf, solemnly affirm under the penalties of perjury and upon personal knowledge that:

1.     I am competent to be a witness, am over the age of 18 years, and have personal knowledge of the facts set forth herein.

2.     I am an attorney licensed to practice law in the State of Maryland. I have been so licensed for over fifty (50) years.

3.     I am a member of the law firm Adelberg, Rudow, Dorf & Hendler, LLC, in Baltimore, Maryland.

4.     In my capacity as an attorney, I represent the Defendant, William Slavin, as co-counsel with Caroline A. Griffin, Esq., in the child custody action captioned *Alyson Slavin v. William H. Slavin*, Circuit Court for Baltimore City, Case No. 95249006/CE201677.


EXHIBIT A

5.  I understand that Mr. Dudley F. B. Hodgson is a licensed private investigator hired by Mr. Blum but, prior to May 16th, 2001, I had not met Mr. Dudley F. B. Hodgson and had no knowledge as to his role in obtaining the Manuscript.

6.  Upon my receipt of the Manuscript, on or about May 16th, 2001, I made two copies of it. One copy I read in private and discarded. The other copy was given to Caroline A. Griffin, Esquire, my co-counsel in the custody case. I retained the original copy of the Manuscript given to me by Mr. Blum.

7.  The Manuscript was deemed relevant by myself and Ms. Griffin for purposes of the child custody case and was used in depositions. I did not personally take the depositions but was present when they were taken.

8.  On August 21, 2001, I received a demand letter from Howard J. Schulman, Esq., requesting the voluntary return of all copies of the Manuscript.

9.  I have known Mr. Schulman for some time. In fact, he represented me in a matter some time ago. Accordingly, I trusted Mr. Schulman.

10. On August 23, 2001, I responded to Mr. Schulman's letter and declined "for the moment" to return the Manuscript. I explained to Mr. Schulman that my client, Mr. Slavin, required "temporary use of the [M]anuscript solely for purposes of using excerpts of the [M]anuscript in the custody litigation." Accordingly, on behalf of Mr. Slavin, I asserted rights for such use under the "fair use" provisions of 17 U.S.C. §107. (**Exhibit 1,** Letter dated August 23, 2001.)

11. In reply, Mr. Schulman refuted my "fair use" assertions and again demanded that I surrender my copies of the Manuscript, not for destruction, but to be held by either the United States District Court or a "trustee." (**Exhibit 2,** Letter dated August 27, 2001.)

12. Subsequently, I entered into good-faith negotiations over the telephone with Mr. Schulman regarding when to turn over the Manuscript copies and to whom. These negotiations

lasted several days. Relying on those good faith negotiations, I gathered Ms. Griffin's copy and, on September 10, 2001, I turned over to Mr. Schulman my original copy of the Manuscript along with the copy previously given to Ms. Griffin who had since returned it to me at my request. (**Exhibit 3**, Letter dated September 10, 2001.)

13. At no time during these "good faith" negotiations did Mr. Schulman mention to me that he had already filed suit on behalf of his client, Mr. Bond, against my law firm for copyright infringement. Apparently, the copyright infringement suit had been filed, but Mr. Schulman held off serving the Complaint and Summons.

14. I did not give a copy of the Manuscript to anyone other than Ms. Griffin.

15. I did not give a copy of the Manuscript to anyone associated with WBAL or any other media source.

16. I never have discussed this case or the Manuscript with anyone associated with WBAL.

17. Neither I nor anyone else in my law firm have published or publicly displayed the Manuscript or any excerpts thereof.

18. Neither I nor anyone else in my law firm have attempted to commercially exploit the Manuscript or any excerpts thereof; I made this known to Mr. Schulman on August 23rd, 2001 by letter and subsequently in our telephone conversations.

19. My use of the Manuscript is and was solely limited to furtherance of my client's interests in the aforementioned child custody dispute; I made this known to Mr. Schulman on August 23rd, 2001 by letter and subsequently in our telephone conversations.

20. In my opinion, Mr. Schulman brought the instant copyright infringement lawsuit in bad faith, and subsequently negotiated in bad faith for return of the manuscript copies. Mr.

Schulman abused my trust in this matter and caused my firm to expend substantial resources in defending our "fair use" of the manuscript in the child custody litigation.

I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

November 29, 2001
Date

_____
Paul A. Dorf

# ADELBERG, RUDOW, DORF & HENDLER, LLC
### ATTORNEYS AT LAW

Paul A. Dorf

pdorf@adelbergrudow.com

600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201-2927

www.adelbergrudow.com

Telephone
410-539-5195

Facsimile
410-539-5834

August 23, 2001

<u>VIA FACSIMILE 410-576-0544
AND FIRST CLASS MAIL</u>

Howard J. Schulman, Esquire
Schulman & Kaufman, LLC
100 Light Street, Suite 1330
Baltimore, Maryland 21202

Dear ~~Mr. Schulman~~ Howard:

    In response to your letter of August 21, 2001, and on behalf of Mr. William Slavin, we must decline, for the moment, your request to voluntarily return all copies of William Bond's unpublished manuscript. As you know, we are involved in a custody dispute and Mr. Bond's writings are material to issues in that litigation.

    Mr. Slavin requires temporary use of a copy of the manuscript solely for purposes of using excerpts of the manuscript in the custody litigation. This use is clearly within the limitations on exclusive rights defined as "Fair Use" under Title 17, Section 107 of the United States Code. More particularly, our use is temporary in that, once the litigation is concluded, Mr. Slavin is willing to surrender all copies of the manuscript in his possession. Further, Mr. Slavin has no plans on publishing or otherwise commercially exploiting the work. In addition, the effect of Mr. Slavin's use on the potential market value of the work is, at worst, neutral and may, in fact, add to the market value, since the ongoing litigation may provide some form of promotion.

    Your letter is silent on whether the work has been registered with the copyright office. We have been informed that Mr. Pessin was engaged to find a publisher for the manuscript. Can you advise us as to whether registration has been sought? As you know, such registration is a prerequisite to litigation.

    We would prefer to avoid needless litigation, and if we are wrong in our understanding of the facts or if we have overlooked something, we would be happy to take another look at the situation.

    We are concerned that giving back the manuscript copies now, as requested, may result in the manuscript longer being available for trial, even if subpoenaed.

    If our offer to return copies after trial is not satisfactory to your client, we propose to settle this matter by coming to an agreement wherein the copies of the manuscript are surrendered to the Judge in the custody case. The Judge would keep the copies so that all parties may be assured that

EXHIBIT 1

ADELBERG, RUDOW, DORF & HENDLER, LLC

Howard J. Schulman, Esq.  August 22, 2001
Page 2

the manuscript will be available for trial. It is contemplated that after the custody matter is resolved, the copies would be returned to your client.

Please advise if you are prepared to enter into such an agreement.

Very truly yours,

*Paul JAM*

Paul A. Dorf

PAD/JAM:cjd

cc:  Mr. Kenneth Blum, Sr.
     Mr. Dudley F.B. Hodgson
     Mr. William Slavin
     Caroline A. Griffin, Esquire
     Mr. Kenneth Blum, Jr.
     Ms. Miriam M. Pessin
     Christopher W. Nicholson, Esquire

M:\WP\114\Sec\pessschu.ltr.wpd

# Schulman & Kaufman, LLC
Attorneys at Law
Suite 1330, 100 Light Street
Baltimore, Maryland 21202

Howard J. Schulman
Joseph S. Kaufman

Tel. (410) 576-0400
Fax: (410) 576-0544

August 27, 2001

*Via Facsimile (410-539-5834)*
*and First-Class Mail*

Paul A. Dorf, Esquire
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, MD 21201-2927

Dear Paul:

Defendants did not obtain the copyrighted works in good faith and, therefore, "Fair Use" is not applicable.

Are the Defendants willing to surrender the unauthorized copies of Mr. Bond's works to the United States District Court or a trustee during the course of the copyright litigation? Otherwise, Mr. Bond will seek a temporary restraining order and temporary injunction, pending the outcome of the copyright action in the District Court.

Thank you.

Very truly yours,

Howard J. Schulman

HJS/jab
cc: Mr. William C. Bond (Via fax & First Class Mail)
    Gerard P. Martin, Esquire (Via fax & First Class Mail)
    Caroline A. Griffin, Esquire (Via fax & First Class Mail)
    Christopher W. Nicholson, Esquire (Via fax & First Class Mail)

EXHIBIT 2

**ADELBERG, RUDOW, DORF & HENDLER, LLC**
ATTORNEYS AT LAW

| | | |
|---|---|---|
| Paul A. Dorf | 600 Mercantile Bank & Trust Building<br>2 Hopkins Plaza<br>Baltimore, Maryland 21201-2927 | Telephone<br>410-539-5195 |
| pdorf@adelbergrudow.com | www.adelbergrudow.com | Facsimile<br>410-539-5834 |

September 10, 2001

Howard J. Schulman, Esq.
100 Light Street, Suite 1330
Baltimore, MD 21202

   Re:   Slavin v. Slavin,
         Our File No. 7981.300

Dear Howard:

I am delivering to you herewith the following materials:

1. A box from Ken Blum that I have not opened; he has advised me that it contains all the books he had.

2. A Redweld file from Caroline Griffin containing what she advises is the entire manuscript.

3. A white looseleaf book from Christopher Nicholson containing a copy of the letter advising that he is returning all of the materials supplied to him by Mr. Blum.

4. Five bound books from me which represent all the material supplied by Ken Blum.

This should bring this matter to rest as far as Mr. Bond's manuscripts are concerned. I am advised by Ken Blum, Jr., that he does not have a copy of the book.

Very truly yours,

Paul A. Dorf

PAD:jrg
Enclosures

Received the above material this 10th day of September 2001.

_Patricia Vinci_
(For Howard J. Schulman)

cc: Mr. Kenneth Blum, Sr.
    Caroline A. Griffin, Esq.
    Christopher W. Nicholson, Esq.

**EXHIBIT 3**

M:\WP\CASE\slavin\schulman.ltr.pd.wpd