IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM C. BOND | * |
|    Plaintiff | * |
| v. | *   Civil Court Action No.: MJG-01-CV2600 |
| KENNETH BLUM, SR., ET AL. | * |
|    Defendant | * |

\* * * * * *   * * * * *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTIONS OF DEFENDANT MCDANIEL, BENNETT & GRIFFIN FOR AWARD OF ATTORNEY'S FEES AND EXPENSES AND SANCTIONS

After the granting of summary judgment in its favor, law firm Defendant McDaniel, Bennett & Griffin ("MBG ") filed a motion for costs and attorneys' fees in the amount of $80, 540.59 under the attorneys' fees provision of the Copyright Act, 17 U.S.C. § 107 and Local Rule 109, and for sanctions under Rule 11 (c) of the Federal Rules of Civil Procedure.

In an order and memorandum entered February 7, 2002, this Court awarded attorneys' fees and costs to the individual Defendants, finding, *inter alia*, that Bond's actions was "frivolous" and that he "by no means had a motivation faithful to the purpose of the Copyright Act," but rather "was seeking to block potentially relevant evidence from being presented in the state custody proceeding." **[Memorandum and Order, February 7, 2002].**

While stating that it would also award attorneys' fees to the law firm Defendants under § 505 if permitted to do so, this Court declined to grant a § 505 award to the law firm Defendants. In this regard, because of decisions denying attorneys' fee awards to *pro se* litigants under other federal statutes, this Court predicted that "the Fourth Circuit would hold that it would have been an abuse of discretion to award legal fees to the law firm Defendants." **[Memorandum and Order, February 7, 2002].** Additionally, by separate order and memorandum entered on February 7, 2002, this Court denied the law firm Defendants motions for sanctions under Rule 11, due to this Court's belief that the motion could not be granted unless it was filed in accordance with the 21-day notice procedure provided for by the rule.

Bond appealed this Court's Summary Judgment ruling as well as the award of attorney's fees to the individual Defendants. At this time, the law firm of Whiteford, Taylor & Preston ("Whiteford") was engaged to represent the interests of MBG on appeal. MBG then appealed the rulings regarding its motions for attorneys' fees and Rule 11 sanctions.

The Court of Appeals for the Fourth Circuit affirmed this Court's Summary Judgment ruling and its ruling that the individual Defendants were entitled to attorney's fees. The Fourth Circuit vacated this Court's decision denying the law firm Defendants' motions for attorneys' fees, holding that this Court is authorized, but not required, to award fees to the law firm Defendants. Additionally, the Fourth Circuit vacated this Court's decision regarding MBG's motion for Rule 11 sanctions and remanded the issue in light of the appellate court's then recent ruling in *Rector v.*

2

*Approved Federal Savings Bank,* 265 F.3d 248 (4th Cir. 2001), that the 21 day notice requirement is not jurisdictional and is waived if not properly asserted by the party against whom the motion is filed.

Following the Fourth Circuit's decision, MBG filed an additional motion regarding an award for attorneys' fees and expenses it incurred on appeal, specifically $48,850.00. As was stated in its motion, MBG is now filing this memorandum in support of this motion in accordance with the provisions of Local Rule 109 (2)(a). In support of its motion for an award of attorneys' fees incurred on appeal, MBG also incorporates by reference its Motions and Memoranda of Points and Authorities in Support of its Motions for Fees and Sanctions filed in December 2001. Thus, the total amount requested is $129,390.64 ($80,540.59 at the trial level and $48,850.05 on appeal).

I.  PREVAILING PARTY FEES.

As stated by Professor Nimmer, "[a]n award of attorney's fees may be made for services rendered on appeal as well as at the trial level." 4 Nimmer on Copyright, §14.10[E] at 14-170. Here, as at the trial level, MBG is the prevailing party on appeal because it successfully defended against Bond's claim on appeal that the use of the Manuscript in a child custody proceeding did not constitute "fair use" under § 107 of the Copyright Act. Moreover, MBG was also successful in the prosecution of both of its issues on appeal; namely, that it was not appearing *pro se* under § 505 and therefore could be awarded attorney's fees at this Court's discretion and that noncompliance with the 21 day safe harbor rule of Rule 11 of the Federal Rules of Procedure does not preclude this Court from issuing sanctions.

When determining whether this Court should award attorney's fees to a prevailing party under § 505, the four factors set forth in *Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 505 (4th Cir. 1994),[1] serve as a guide.[2]  As discussed in MBG's initial memorandum in support of attorney's fees at the trial level, Bond's sole motivation for bringing this lawsuit was to circumvent the truth-seeking function of a judicial proceeding.  Additionally, even after this Court specifically informed Bond that his "fair use" position was "not a close one" and indeed was frivolous, Bond noted an appeal. **[Memorandum and Order, February 7, 2002]**.  Additionally, the particular circumstances of this case warrant the need to advance considerations of compensation and deterrence. *Diamond Star Building Corp.*, 30 F.3d at 505.  Bond brought the original action knowing that MBG intended only to use the Manuscript for its factual content in the child custody proceeding.  Despite having knowledge of this fact, Bond engaged Defendants in not only one month of intensive discovery and a day long trial, but also the costs and expenses of an appeal.

Under these circumstances, this Court should follow its initial determination to award fees and expenses if permitted to do so and exercise its discretion to award to MBG its trial level and appellate fees and expenses.

---

[1] The four factors are: "(1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented." *Diamond Star*, 30 F.3d at 505 (quoting *Rosciszewski v. Arete Assocs., Inc.*, 1 F.3d 225, 234 (4th Cir. 1993)).

[2] Counsel for MBG recognizes that Local Rule 109 sets forth criteria that must be set forth in a memorandum in order for fees to be awarded.  Such criteria is subsumed in the discussions relating to *Diamond Star* and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

## II. REASONABLE AWARD.

Once this Court has determined that an award of fees and expenses is appropriate, § 505 requires that the award be "reasonable." The factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) govern this determination:

> "(1) the time and labor expended; (2) the novelty and the difficulty of the issue; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fee awards in similar cases." *Arista Records v. Tysinger*, 567 F. Supp. 345, 347 (M.D.N.C. 1994).

*Johnson*, 488 F.2d at 717-19. *See Rosciszewski v. Arete Assoc., Inc.*, 1 F.3d 225, 234, n.8 (4th Cir. 1993).

Attached to this Memorandum as **Exhibits A** and **C** are the Declarations Under the Penalty of Perjury of William Fitts Ryan, Jr. and Amy Estelle Askew. Also attached to this Memorandum as **Exhibits B-1** and **B-2** is an invoice for all time incurred by Whiteford during the appeal of this case.

Under the circumstances of this case, the *Johnson* factors support awarding the full amount of fees and expenses sought by MBG at the trial level ($80, 540.59) and on appeal ($48,850.05).

**1. Time and Labor Expended:** In order to properly prepare for the appeal, this case required the Whiteford attorneys to invest a substantial amount of time to become familiar with the facts and arguments presented in the underlying case.

5

Significantly, there were seven parties involved and five law firms, each generating material that required analysis and review. Whiteford acted as lead counsel for this appeal and was responsible in chief for the preparation, organization, drafting and revising of both appellate briefs. Moreover, this case required attendance and preparation for an oral argument before the Fourth Circuit in Richmond, Virginia, thereby compelling the attorneys to be out of the office and unable to attend to other matters.

   2.  **Novelty and Difficulty of the Issues:**  The issue presented by this case of whether use of copyrighted materials in litigation constituted "fair use" has not been extensively litigated, although the answer seems apparent. As such, substantial research was required into the fair use case law. Additionally, the issue of whether an attorney, who represented his law firm in litigation, was appearing *pro se* therefore precluding an award of attorney's fees under § 505, was an issue of first impression in this circuit. Finally, the issue of whether this Court has the ability to award sanctions under Rule 11 where the affirmative defense of the 21 day safe harbor rule had not been raised by the plaintiff was novel and required additional analysis.

   3.  **Attorney Skill Required:** The drafting of appellate briefs and preparation for oral argument before the United States Court of Appeals for the Fourth Circuit justifies the fees sought here.

   4.  **Opportunity Costs:**  Both Mr. Ryan and Ms. Askew devoted substantial time to drafting the appellate briefs and preparing for and attending the oral argument before the Fourth Circuit. The time spent diverted attention to other matters and clients.

6

5. **Customary Fee:** As demonstrated by Exhibits A and C, Mr. Ryan and Ms. Askew both charged *well below* their normal rates that they typically receive for handling civil litigation in a wide variety of other matters. The time devoted to this matter was typical of any other appeal in which Whiteford was not counsel at the trial level.

6. **Attorney's Expectations At the Outset:** Not relevant here.

7. **Time Limitations:** The time limitations were severe, in that the work performed had to be accomplished within the time requirements of the Federal Rules of Appellate Procedure.

8. **Amount in Controversy and Result:** Plaintiff sought damages under the Copyright Act which, had he been able to prove any of his claims, could have been substantial for MBG. Plaintiff was unsuccessful with all of the theories he advanced at the appellate level. MBG was successful on all of its claims.

9. **Experience, Reputation, and Ability of Attorney:** The experience, reputation, and ability of Mr. Ryan, Ms. Askew and of Whiteford, Taylor & Preston are sufficient to support the claimed fees.

10. **Undesirability of the Case:** Not relevant here.

11. **Attorney-Client Relationship:** Not relevant here.

12. **Similar Awards:** As Professor Nimmer notes, fees under the Copyright Act "at times have been in rather substantial amounts." 4 Nimmer on Copyright, §14.01[C] at 14-147. Numerous cases awarding fees under §505 of several hundred thousand dollars are cited in this section. *Id*. at 14-149 – 14-150 n. 20. Moreover, Professor

Nimmer states that "[a]n award of attorney's fees may be made for services rendered on appeal as well as at the trial level." §14.10[E] at 14-170.

MBG specifically adopts and incorporates by reference herein all arguments made in support of fee petitions filed by other Defendants in this case.

Therefore, in light of the above factors enumerated in *Johnson*, MBG is entitled to the award of fees ($118,966.50) and expenses ($10,424.14) incurred at both the trial and appellate levels.

### III. SANCTIONS.

MBG incorporates by reference the arguments in its Motion and Supporting Memorandum of Points and Authorities for Rule 11 Sanctions made to this Court at the trial level. Additionally, as recently made clear by the Fourth Circuit in *Rector v. Approved Federal Savings Bank*, 265 F.3d 248 (4th Cir. 2001), the 21 day "safe harbor" provision of Rule 11 is not jurisdictional and, like the statute of limitations, is waived if not raised in the first instance by the party against whom the motion is filed. 265 F.3d at 252-53. Here, the affirmative defense was not raised by the party against whom the motion was filed but rather was raised solely by this Court, in its memorandum and order. Under *Rector*, the issue was waived and this Court therefore had discretion to issue sanctions against Bond's attorney for filing this frivolous lawsuit.

### IV. CONCLUSION.

For the foregoing reasons, MBG respectfully requests that this Court GRANT its Motions for Attorney's Fees and Expenses at the trial ($80,540.59) and appellate ($48,850.05) levels and GRANT its Motion for Sanctions.

        Respectfully Submitted,

        _____/s/_____

William F. Ryan, Jr., #00360
Amy E. Askew, #26709
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Defendant,
*McDaniel, Bennett & Griffin*

1479959