IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFF'S MOTION TO RECUSE

Defendant Adelberg, Rudow, Dorf & Hendler, LLC ("hereinafter Adelberg Rudow or Defendant"), by its attorneys, Andrew Radding and Michael R. Severino, files this Opposition to Plaintiff's Motion to Recuse and states:

1. In yet another attempt to prolong this litigation, Plaintiff has filed the instant Motion to Recuse pursuant to 28 U.S.C. § 455. Notwithstanding Plaintiff's arguments, there are no colorable bases for this Court's recusal.

2. 28 U.S.C. § 455 provides that a judge shall disqualify himself or herself if his or her impartiality might reasonably be questioned. 28 U.S.C. § 455(a). Additionally, 28 U.S.C. § 455(b) sets forth a number of specific circumstances that require recusal. Title 28 U.S.C. § 455 is intended to be self-executing.

3. Plaintiff does not articulate on which provision of 28 U.S.C. § 455 he relies and, upon review of the statute and Plaintiff's Motion, it is apparent that Plaintiff's argument can only come within 28 U.S.C. § 455(a), which requires recusal in a proceeding where the judge's

impartiality might reasonably be questioned.[1] See generally In re Diana R. Beard, 811 F.2d 818 (4th Cir. 1987).

4.  Plaintiff argues that the Court's friendship with Gerald A. Messerman, Esq. of Cleveland, Ohio raises a problem of impartiality based on Plaintiff's filing of a lawsuit against Mr. Messerman (and others) in early February, 2003, styled *William C. Bond v. Gerald A. Messerman, et al.*, Circuit Court for Baltimore City, case no. 24-C-03-000690.[2]

5.  Plaintiff's Motion lacks any reasonable demonstration of impartiality and is nothing more than a conclusory statement of a friendship. The Court's friendship, however, is not with a party to this lawsuit or an attorney connected thereto and is simply too attenuated and remote to justify the Court's recusal at this late stage of the proceedings. The affidavits of Mr. Bond and Richard Karceski, Esq., do nothing more than note a friendship between the Court and Mr. Messerman. Indeed, the affidavits do not state the last time this Court and Mr. Messerman spoke, vacationed together, how often they speak, how often they see each other or the current extent of the friendship. Plaintiff also fails to identify how friendship with a non-party would lead to any bias against Plaintiff. This Court's determinations in the instant litigation in no way affect the Messerman litigation and, as for any potential bias in this case, the Court has already found the action frivolous. Recusal is not warranted where Plaintiff only alleges a vague friendship between the Court and another individual in no way related to the instant litigation.[3]

---

[1]  Title 28, § 455(b) addresses situations where, *inter alia*, the judge has a financial interest in the outcome of the action and/or where he or she has a connection to the litigation. See generally 28 U.S.C. § 455(b).

[2]  It is uncertain whether the Circuit Court for Baltimore City can exercise personal jurisdiction over Mr. Messerman, an Ohio resident.

[3]  "In deciding whether to recuse himself, the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over his case." In re Drexel Burnham Lambert, 861 F.2d 1307 (2d Cir. 1988). The quoted passage is illustrative of Plaintiff's motive in filing the instant Motion. See also Beard, infra, at 828: "'Mere general allegations of intimacy of the judge with opponents' are insufficient to require recusal, we have held in a case

Clearly, the lawsuit against Mr. Messerman will not come before this Court, it is not brought by the same counsel and no showing had been made as to how this Court's impartiality is affected. Indeed, there is no showing that this Court has read of the Messerman lawsuit or the complaint therein so as to be affected by it. Plaintiff attaching it to this motion may have been an attempt to prejudice the Court. If so, one is reminded of the lad who kills his parents and requests mercy from the court because he is an orphan. Certainly an apt analogy for this case.

6.      Plaintiff's argument for recusal is also not timely. Plaintiff knew of the possible allegations against Mr. Messerman when he was arrested by the Maryland State Police in May, 2001, or immediately thereafter, and should have sought recusal before the Court invested a substantial amount of time in this frivolous litigation. The parties have gone through numerous motions, hearings and a substantial appeal to the Fourth Circuit. This Court has ruled on all the motions before it, except certain motions for attorneys' fees and sanctions still pending, and is intimately knowledgeable of the facts of this case. Plaintiff's attempt for recusal at this late stage is nothing more than an ill advised attempt to avoid attorneys' fees, which the Court has stated that it will grant to the law firm defendants. Plaintiff should have raised the issue of the Court's impartiality early in the litigation when the issue became ripe.[4] Indeed, to permit recusal at this stage would let Plaintiff, *by his own actions*, effect recusal of the Court and obtain a second chance with the hopes that the second judge does not award attorneys' fees against the law firm defendants.

---

involving personal bias." (Citing Morse v. Lewis, 54 F.2d 1027, 1032 (4th Cir. 1932)).

[4]     "A reasonable challenge against a judge should be made at the first opportunity after the discovery of the facts requiring disqualification. Promptness in asserting a Motion for disqualification prevents a party from waiting for the outcome of the litigation before taking action." TV Comm. Network a/k/a TVCN v. ESPN, 767 F.Supp. 1077 (D. Colo. 1991). See also Delesdernier v. Porterie, 666 F.2d 116, 122-23 (5th Cir. 1982): "We think that the motion raised for the first time on appeal, and after two full trials on the merits, is too tardily made for us to consider now."

7.  The Court has invested substantial time and resources into this protracted litigation. Recusal now would require another judge to review all the pleadings and become familiar with the facts and issues. Such a result wreaks havoc on judicial and private time, efficiency and resources.[5]

WHEREFORE, Defendant Adelberg, Rudow, Dorf & Hendler, LLC, hereby requests this Honorable Court deny Plaintiff's Motion for Recusal.

/s/
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 25204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195

---

[5] See Sollenbarger v. Mountain States Telephone and Telegraph Co., 706 F.Supp. 776, 784-85 (D.N.M. 1989): "... MB's attitude leads to a very inefficient use of scarce judicial resources. As happened in this case, the court became familiar with a voluminous record and the contentions of the parties when it ruled on discovery motions and ordered class certification. Now this case must be reassigned to another judge who will have to devote considerable time and energy to reading the record, understanding past decisions and reviewing the motions currently before this court."

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., et al | | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

Upon review of Plaintiff's Motion to Recuse and Defendant's Opposition thereto and any hearing had, it is this _____ day of _____, 2003, by the United States District Court for the District of Maryland

ORDERED that the Motion to Recuse be DENIED.

_____
JUDGE
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

M:\WP\121\slavin\pleadings\recuse_mot.wpd - 3/26/03