IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

PLAINTIFF'S RESPONSE TO DEFENDANT
LAW FIRMS' MOTIONS (PAPER NOS. 93, 94 & 96)
<u>REQUESTING ATTORNEYS' FEES AND SANCTIONS</u>

Plaintiff, William C. Bond, by and through his attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, states as follows:

The Defendant, Adelberg, Rudow, Dorf & Hendler, LLC, has renewed its prior motion and, additionally, has requested supplemental fees for additional work. Altogether, this Defendant seeks $110,283.50 in fees, plus $9,435.35 for expenses, for a total of $119,718.85. The Defendant, McDaniel, Bennett & Griffin, has submitted a $46,166.50 bill for its counsel's work on appeal. This is in addition to the $80,540.59 previously requested by McDaniel for representing itself in this case, for a total claim by McDaniel of $126,707.09. Altogether, both law firms claim $246,425.94.

From January 1, 2002, Adelberg alone seeks $70,255.04. Adelberg has not broken down its billings by task or category, as indicated by Appendix B to the Local Rules, but

it does appear that of this $70,255.04, the bulk is for the appeal. Of the $70,255.04, $33,398.00 alone is for 252.4 hours in time for Michael R. Severino, an associate, billing at an average hourly rate of $132.33. To that is added $7,167.50 in time for 31.9 hours by J. Andrew McKinney, Jr. and $14,039.50 in billings by Andrew Radding for 49.3 hours. This totals 333.6 hours for three attorneys who were sharing the work on appeal with Whiteford, Taylor & Preston, which itself billed $46,166.50 for its appellate work. Of this $46,166.50, $28,058.50 was billed for Amy Askew, a second-year associate. It should be emphasized that the Fourth Circuit only allowed one Appellees'/Cross-Appellants' brief for the Defendants and one reply for the Defendants per side. Thus, altogether, both of the Defendant law firms would appear to claim $189,973.89 for the appellate and other residual post-trial work for what the Defendants have termed to be a frivolous action. It goes without saying that not only are the Defendant attorneys' billings excessive, but they also appear to be extreme.

Neither law firm can point to any customary billings for like work in the community that they or any other attorneys have performed. Noticeably absent from the Defendants' motions is a customary fee for like work prevailing in the attorneys' community. This is not only a requirement of Local Rule 109.2.b, but is out of "sync" with Appendix B to the Local Rules and with *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). Defendants point to no other work in the community where appellate representation approaches $46,166.50, let alone $189,973.89.

The format in which Defendants present their bills prevents one from assessing

their reasonableness. The billings presented are not organized by litigation phase or task as Appendix B.1.b indicates should be done. The affidavits do not address the necessity of the sheer number of hours on the joint defense. Additionally, the sheer volume of hours reflected on the timesheets presented by the Defendants indicates a lack of efficiency and/or expertise in the subject matter area, particularly given the Defendants' claim to the frivolous nature of this case and given that the case was decided on motions at the onset of the litigation. If this case was so frivolous and clear-cut, why all the effort?

Defendant Adelberg harps on its theory that the Plaintiff kept this case secret from it. As reflected in the affidavit of Plaintiff's counsel (attached to Paper No. 50), Defendants knew or should have known that a suit had been filed against it. It is also clear that Plaintiff's counsel did everything possible to avoid active litigation of the matter with the Defendant law firms, and their response to those overtures ultimately was a subpoena served by McDaniel, Bennett & Griffin on Plaintiff's counsel in his office on October 9, 2002. *See* Affidavit of Counsel, ¶ 12. Thereafter, Defendants escalated the matter into full-blown litigation. It should also be noted that although Mr. Dorf represented in his letter of September 10, 2001 (Defendant Adelberg's exhibit A and Exhibit 3 thereto) that he had returned all copies of the manuscript, Caroline Griffin maintained a copy, the copy that was submitted in support of McDaniel's Motion for Summary Judgment. Finally, it should also be noted that the course of the parties before the onset of the active litigation is not admissible to buttress the Defendants' arguments

3

and is expressly barred by Fed.R.Civ.Pro. 408.

Defendant McDaniel also suggests that sanctions are appropriate. It is apparent from counsel's investigation that a reasonable person in the position of Plaintiff's counsel or Plaintiff would conclude that there had been a purposeful invasion of Plaintiff's attorney-client relationship and unauthorized taking of his manuscripts outside the judicial process and violation of Plaintiff's exclusive rights under copyright law. *See* Affidavit of Counsel, ¶¶ 2 and 3 (Paper No. 50). It is also clear from the briefing that, under factual intensive analysis mandated by 17 U.S.C., § 107, it was not unreasonable to conclude that "fair use" would not apply or that some relief would be afforded in the form of restrictions on Defendants' use of the copyrighted work

Plaintiff otherwise incorporates by reference his prior responses concerning attorneys' fees and sanctions. Plaintiff also states that Defendants did not comply with Rule 11(c)(1)(A).

WHEREFORE, for the aforementioned reasons and those previously stated heretofore, Plaintiff, William C. Bond, respectfully requests that Defendants' Motions for Attorneys' Fees and for Sanctions be denied.

    HOWARD J. SCHULMAN
    Schulman & Kaufman, LLC
    One Charles Center, Suite 600
    100 N. Charles Street
    Baltimore, Maryland 21201
    (410) 576-0400
    Attorneys for Plaintiff