IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT ADELBERG, RUDOW, DORF & HENDLER, LLC'S
REPLY TO PLAINTIFF'S RESPONSE TO ADELBERG,
RUDOW, DORF & HENDLER, LLC'S MOTIONS
FOR ATTORNEYS' FEES AND SANCTIONS**

Defendant Adelberg, Rudow, Dorf & Hendler, LLC (hereinafter "Adelberg Rudow" or "Defendant"), by its attorneys, Andrew Radding and Michael R. Severino, files this Reply to Plaintiff's Response to Adelberg Rudow's Motions for Attorneys' Fees and Sanctions.

Plaintiff once again complains about the amount of fees sought by the law firm Defendants, but neglects to acknowledge his own culpability by his continued prosecution of this frivolous claim. The fees sought would have been much lower had Plaintiff taken heed of the District Court when it originally ruled that Plaintiff's case was frivolous; instead, Plaintiff perpetuated this litigation by filing a motion to alter or amend, appealing the action to the Fourth Circuit and petitioning for rehearing *en banc*. Plaintiff refuses to recognize that his actions have prolonged this litigation and necessitated the fees now sought by Adelberg Rudow.

Plaintiff's statement that Adelberg Rudow has not broken down its billing by task or category as purportedly required by Appendix B to the Local Rules is misplaced. As previously

stated in Adelberg Rudow's Reply to Plaintiff's Consolidated Memorandum in Opposition to Defendant's Motion for Attorneys' Fees and Sanctions, filed January 2, 2002, Appendix B to the Local Rules explicitly states that it is utilized to determine lodestar attorneys' fees *in civil rights and discrimination cases*. This is a copyright action. Therefore, by its very title, Appendix B does not apply to this case. Moreover, footnote 1 to Appendix B explicitly states that the guidelines apply to cases in which the prevailing party will be entitled to attorneys' fees under a panoply of civil rights and discrimination cases. Those statutes are listed and do not include copyright actions (or patent or RICO or Truth in Lending Act cases). Notwithstanding this, Adelberg Rudow's billing records are quite clear, detailed, itemized and explicitly state the task performed and the time taken to perform said task. Consequently, it is very easy to determine the task and phase of the litigation.

Plaintiff's attack on the number of hours claimed by the individual attorneys of Adelberg Rudow is equally unavailing. Andrew Radding, Esquire, is a member of Adelberg Rudow and supervised the defense of the action and was responsible for arguing all hearings and the appeal before the Fourth Circuit. J. Andrew McKinney, Jr., Esquire, is an intellectual property member of Adelberg Rudow and had responsibility for the copyright aspects of the litigation. Mr. McKinney also participated in significant portions of drafting pleadings, both at the District Court and appellate levels. Michael R. Severino, Esquire, an associate at Adelberg Rudow, assisted, drafted and researched at the District Court level. Moreover, Mr. Severino had primary responsibility for researching, drafting and preparing the attorneys' fees argument before the Fourth Circuit and overall coordination of the appellate brief on behalf of Adelberg Rudow with the other Defendants. The rates charged by the three attorneys at Adelberg Rudow are very reasonable, with most of the work delegated to Mr. Severino, the lowest-billing attorney. (It should be noted that the average billing rate of Mr. Severino, a 1997 law graduate, of $132.33 an hour is below the minimum rate set

forth by Appendix B to the Local Rules for lawyers admitted to the Bar for less than five years.) Mr. Severino spent significant hours on the appeal because it was an issue of first impression in this Circuit and because there is a dearth of case law on this issue. Put simply, Plaintiff appealed a frivolous case which had numerous issues, one of which being a matter of first impression in this Circuit. Research and preparation of these issues required significant amounts of time and resources.

Plaintiff also argues that Adelberg Rudow failed to identify customary billings and customary fees for like work in the community. On the contrary, Adelberg Rudow did just that at pages twelve and thirteen of Adelberg Rudow's Supplemental Memorandum (the "Memorandum") and in the Affidavit of Andrew Radding, Esquire. Mr. Radding's Affidavit attests to the rates by the professionals involved in the action from Adelberg Rudow and the reasonableness and fairness of those rates in this community. Moreover, Adelberg Rudow notes a survey of attorneys' rates prepared by the American Intellectual Property Law Association. Adelberg Rudow also notes, in footnote 9 of the Memorandum, <u>ABC, Inc, v. PrimeTime 24, Joint Venture</u>, 67 F.Supp.2d. 558 (M.D.N.C. 1999), in which the Court awarded $605,240.75 after a grant of summary judgment and appeal to the Fourth Circuit, as well as other cases in which the Court awarded significant amounts of fees.

Plaintiff finally argues that sanctions are inappropriate because of the purported invasion of Plaintiff's rights. Even at this late stage, Plaintiff cannot grasp the fact that the use of the manuscript is not affected by what Plaintiff characterizes as an unauthorized taking. Those issues have been resolved quite clearly in Defendant's favor. Notwithstanding, Plaintiff waived any reliance on Rule 11 of the Federal Rules of Civil Procedure by his failure to raise any such issue before the District

Court in the initial Motion for Sanctions.

                                            /s/
                            Andrew Radding (Bar No. 00195)
                            Michael R. Severino (Bar No. 25204)
                            Adelberg, Rudow, Dorf & Hendler, LLC
                            600 Mercantile Bank & Trust Building
                            2 Hopkins Plaza
                            Baltimore, Maryland 21201
                            (410) 539-5195