

**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

Chambers of
Hon. Marvin J. Garbis
United States District Judge
410-962-7700

**FOR IMMEDIATE ATTENTION**

April 16, 2003

TO ALL COUNSEL OF RECORD

                   Re: <u>Bond v. Blum</u>, MJG-01-2600

Dear Sir/Madam:

    I have been devoting considerable time to the detailed task of determining the amount of the legal fee award in this case. I wish to conclude the matter quite promptly but find that the Whiteford Taylor records submitted, including the supplement, have certain irregularities that require explanation and correction.

    The supplemental submission from, or on behalf of, the McDaniel law firm submits what were purported to be accurate summaries of the invoices rendered by Whiteford Taylor. In reviewing the documents, I find that the summaries appear to require explanation and conclude that there must be a corrected submission of the firm's time records arranged as set forth herein.

    For example, the invoice dated 7/09/02 reflects a total time charge for Askew of 10.9 hours. The detailed time records submitted, however, reflect a total of 40.7 hours recorded. Of these, 26.1 hours of Askew time are recorded for a single day[1] (June 6) although the fee computed is 7 time $145. Also, the time entries for June 2 reflect time recorded as 8.3 hours plus 5.6 hours, for a total of 13.9 hours although the amount indicated is a total of $536.50 which, at $145 per hour, would be for 3.7 hours. I have not reviewed each and every entry in the time

---

    [1]    Presumably, the day was not spent on a jet plane crossing the International Date Line.

COUNSEL OF RECORD
April 16, 2003
Page No. 2

records submitted to be sure that there are no further irregularities of this type but must insist that Whiteford Taylor do so.

    Moreover, the time records submitted are not grouped so that each invoice is supported by the time charged on that particular invoice. For example, Askew's time entries for July 24 and 25 are included in the August 9, 2002 invoice while Ryan's time entry for July 24 (listed in between the two Askew entries) is included in October 21 invoice. This makes a careful review more difficult.

    As matters now stand, I must require Whiteford Taylor to have its submissions meticulously reviewed and to provide corrected time records. The corrected records must separately set forth the time recorded and charged for each invoice. In concrete terms, I wish to have the July 9, 2002 invoice and behind it a printout of all of the time records included in that invoice and only the time records included in that invoice. I further must require that there be an affidavit attesting to the accuracy of what is being submitted.

    I expect a response to this letter promptly and in any event by Friday.

    Although informal, this letter constitutes an Order of this Court.

                               Yours truly,

                                  /S/

                            Marvin J. Garbis
                      United States District Judge

CC: Clerk of Court