```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

WILLIAM C. BOND                    *

       Plaintiff           *

       vs.                 * CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.          *

       Defendants          *

\*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

The Court has before it the Motion for Sanctions [Paper 99][1] filed by Defendant Adelberg, Rudow, Dorf & Hendler, LLC, and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The pertinent case background is provided in the decision of the United States Court of Appeals for the Fourth Circuit in <u>Bond v. Blum</u>, 317 F.3d 385 (4th Cir. 2003). As to sanctions, it suffices here to note that in its Memorandum Order of February 6, 2002, the Court denied Defendants' sanctions motion on the ground that Defendants had failed to comply with the 21 day "safe harbor" warning provision of Rule 11, Federal Rules of Civil Procedure. On appeal, the Fourth Circuit stated:

---

[1] Defendant McDaniel, Bennett & Griffin did not formally renew its trial level motions for sanctions, but referred to sanctions in the Memorandum supporting its motion seeking a legal fee award.

> In denying [Defendants' sanctions motion], the district court stated, "It appears well settled that unless a Rule 11 motion is filed in accordance with the 21 day 'safe harbor' warning provision, it cannot be granted." The court, however, did not have the benefit of our decision in Rector v. Approved Fed. Savings Bank, 265 F.3d 248 (4th Cir. 2001), which had been decided only shortly before the court ruled. In Rector, we held that the safe harbor provision was not jurisdictional and could be waived if not properly asserted.
>
> Without expressing any opinion on how the motion for sanctions should be decided, we remand this issue to the district court for further consideration of the motion, taking into account our decision in Rector.

The Court will assume that Plaintiff waived the protection of the safe harbor provision[2] and will assume that it has discretion to award Rule 11 sanctions.

The Court concludes that it should exercise its discretion not to award sanctions in view of the amount of legal fees and expenses awarded the Defendants.

---

[2] The Court by no means is holding that there was a waiver. The Court sua sponte raised the issue. The safe harbor provision exists, at least in part, to shield the Court from Rule 11 sanctions that could be rendered unnecessary by compliance with the warning procedure. Therefore, even if Plaintiff can be said to have waived the issue, the Court did not.

Accordingly:

    1.    The Motion for Sanctions [Paper 99] is DENIED.

    2.    The denial of sanctions shall be included in the Supplemental Judgment being issued herewith.

SO ORDERED, on <u>Thursday, April 24, 2003</u>.


<u>/ s /</u>
Marvin J. Garbis
United States District Judge