```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

WILLIAM C. BOND                    *

      Plaintiff            *

      vs.                   *CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.          *

      Defendants           *

\*    \*    \*    \*    \*    \*    \*    \*    \*

<u>MEMORANDUM AND ORDER</u>

The Court has before it Plaintiff's Motion to Recuse and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I.   <u>FACTS</u>

In 1961, the second year of the E. Barrett Prettyman Fellowship program, Georgetown Law School selected eight law school graduates for a "legal internship." The legal interns practiced law as public defenders in a storefront office on Fifth Street in Washington D.C. under the supervision of a then-young professor, George Shadoan. The interns had the great benefit of trying cases as court-appointed counsel in the D.C. courts under the supervision of George Shadoan and attending formal classes at the law school leading to a post graduate L.L. M. degree. The undersigned Judge, Gerald Messerman of

Cleveland, Ohio and six others were fortunate enough to be the Prettyman Fellows for the 1961-62 year.

During that year, the interns worked together on cases, observed each others' trial performances, and learned from each other.  In the 41 years since graduation from Georgetown in 1962, I have seen Mr. Messerman on rare occasions, only which I can specifically recall was not part of a law school reunion.[1]  While in practice, I had infrequent professional contact with Mr. Messerman. I always had the highest respect for him and made recommendations of him to people who, from time to time, needed to engage counsel in Cleveland.  In sum, Mr. Messerman is one of the many excellent lawyers with whom I have had the privilege of practicing during my career.  Many of those former colleagues have practiced before me[2] and, should occasion arise, Mr. Messerman would be welcome to do so also.

When assigned the instant case in August of 2001, I noted that Plaintiff's criminal counsel in Cleveland had been Mr. Messerman. This fact was of no moment to me whatsoever.

---

[1]  In the mid-1990's, on an occasion when my wife and I were meeting a family member in Akron, Ohio, we had dinner and saw a show with Mr. Messerman and his wife.  This is my only non law school related post graduation social contact with Mr. Messerman that I recall.

[2]  Including Joseph Kaufman of Schulman and Kaufman, counsel for Plaintiff in the instant case.

On November 26, 2001, I entered Judgment for Defendants based upon my rulings on the merits of the case.  I note, from Plaintiff's papers, that on approximately November 27, 2001, Plaintiff met with Mr. Messerman who told Plaintiff of his connection with me.  On December 27, 2001, I denied Plaintiff's Motion to Alter or Amend Judgment.  On February 6, 2002 I held that the individual Defendants would recover legal fees from Plaintiff, stated that I would have awarded legal fees to the law firm Defendants had I believed I had discretion to do so, and denied Rule 11 sanctions.

The case was appealed to the United States Court of Appeals for the Fourth Circuit.  On January 24, 2003, the Fourth Circuit affirmed judgment for the Defendants on the substantive merits.  <u>Bond v. Blum</u>, 317 F.3d 385 (4th Cir. 2003).  The appellate court further held that I did have discretion to award legal fees to the Defendant law firms and should reconsider the denial of sanctions in light of a recent decision.

On approximately January 31, 2003, Plaintiff sued Mr. Messerman in the Circuit Court for Baltimore City.  In broad terms, Plaintiff claimed that Mr. Messerman had not properly represented him.

The instant case is now before me on remand to decide upon a legal fee award for the law firm Defendants and the award of any sanctions under Rule 11.

II.  **DISCUSSION**

The Court will disregard any issues presented by virtue of the timing of the instant motion.  See e.g. Satterfield v. Edenton-Chowan Bd. of Ed., 530 F.2d 567, 575-75 (4th Cir. 1975) ("[o]ne must raise the disqualification of the . . . [judge] at the earliest moment after knowledge of the facts [allegedly evincing bias]").  Accordingly, the Court will assume that the alleged disqualifying event occurred on January 31, 2003 when Plaintiff sued Mr. Messerman and, therefore, the instant motion was timely filed.

The disqualification statute, 28 U.S.C. § 455, provides, in pertinent part:

> (a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Recusal pursuant to Section 455(a) is required "if a reasonable man, cognizant of the relevant circumstances surrounding a judge's failure to recuse would harbor legitimate doubts about the judge's impartiality."  See United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 2000).

The instant case does not present a close question.  The fact that Mr. Messerman had been Plaintiff's counsel in the underlying criminal case had no effect, nor the appearance of any effect, on this judge's decision prior to the appeal.  Most judges who had been

in an active law practice regularly decide cases in which the parties include present (and former) clients of former colleagues.

The fact that Plaintiff has sued Mr. Messerman in regard to his representation of Plaintiff in the criminal case does not change the situation. Mr. Messerman is not a party to the instant case. Moreover, the Court's decision on the only issues presented - the making of any award for legal fees and sanctions - would have no effect whatsoever on Mr. Messerman. In sum, this Court is not influenced, and would not appear to a reasonable informed person to be influenced, by the fact that the Plaintiff has sued an attorney with whom the judge had practiced law for one year more than forty years ago and who the judge has seen socially approximately once every five years or so since then.

III. CONCLUSION

For the foregoing reasons:

1. Plaintiff's Motion to Recuse is DENIED.

2. The Court shall proceed to decide the pending matters.

SO ORDERED, on Thursday, April 23, 2003.

                                                / s /
                                       Marvin J. Garbis
                            United States District Judge