IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM C. BOND                    *

        Plaintiff                  *

            vs.                    *CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.          *

        Defendants                 *

*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Defendant Adelberg, Rudow, Dorf &
Hendler, LLC's Motion Requesting Attorney's Fees Under 17 U.S.C. §
505 [Paper 36]; Defendant Adelberg, Rudow, Dorf & Hendler, LLC's
[Post-trial] Motion Requesting Attorney's Fees Under 17 U.S.C. § 505
[Paper 83], Defendant McDaniel, Bennett & Griffin's Motion for Award
of Attorney's Fees and Expenses [Paper  38]; Defendant McDaniel,
Bennett & Griffin's [Post-trial] Motion Requesting Attorney's Fees
and Expenses on Appeal [Paper 82] and the materials submitted
relating thereto.  The Court finds that a hearing is unnecessary.


I.    <u>BACKGROUND</u>

The pertinent background is provided in the decision of the
United States Court of Appeals for the Fourth Circuit in <u>Bond v.
Blum</u>, 317 F.3d 385 (4th Cir. 2003).  It suffices here to note that
Plaintiff William C. Bond is the husband of Alyson Bond (formerly

Slavin, nee Blum), a party in a child custody dispute in State Court, Slavin v. Slavin, Case No. 95249006/CE 201677 (Cir. Ct. Balt. City, Md.)  The Defendants obtained a copy of a manuscript written by Plaintiff describing how he killed his father and "prevailed" in judicial proceedings relating thereto.

In the instant case, Plaintiff sought to enforce alleged rights in the manuscript under the Federal Copyright Act to prevent the use of the manuscript as evidence in the custody dispute.  This Court denied Plaintiff's claims against all Defendants and awarded legal fees to the individual Plaintiffs, denied legal fees to the law firm Defendants on the ground that the Court lacked discretion to do so, and denied Rule 11 Sanctions.  On January 24, 2003, the Fourth Circuit affirmed the denial of Plaintiff's claims and the award of legal fees to the individual Defendants, but held that the Court did have discretion to award legal fees to the Defendant law firms and should reconsider the denial of sanctions in light of a recent decision.  The appellate court has remanded the case

- "to authorize, but not require the district court to award [17 U.S.C.] §505 fees if it determines, in its discretion to do so" [Id. at 400], and

- to reconsider Defendants' sanctions motion in light of a recent decision.

II.  __LEGAL FEE AWARDS__

    A.  __Should There Be Awards__

    The Copyright Act, 17 U.S.C. § 505 provides that:

>the court in its discretion may allow the
>recovery of full costs by or against any party.
>. . . Except as otherwise provided by this
>title, the court may also award a reasonable
>attorney's fee to the prevailing party as part
>of the costs.

    In __Diamond Star Bldg. Corp. v. Sussex Co. Builders, Inc.__, 30 F.3d 503 (4th Cir. 1994), the Fourth Circuit held that attorney's fees and costs need not be awarded as a matter of course under § 505. Rather the trial court must exercise its discretion in light of appropriate factors.  As stated in __Diamond Star__:

>In __Rosciszewski v. Arete Assocs., Inc.__, 1 F.3d
>225, 233-34 (4th Cir. 1993)] this court adopted
>the following factors to guide a district court
>in determining whether to award attorney's fees
>and costs to a prevailing party under § 505:
>(1) "the motivation of the parties," (2) "the
>objective reasonableness of the legal and
>factual positions advanced," (3) "'the need in
>particular circumstances to advance
>considerations of compensation and
>deterrence,'" and (4) "any other relevant
>factor presented."

__Diamond Star__ at 505.

    In the Memorandum and Order issued February 6, 2002 ("the M&O"), the Court discussed the pertinent factors and herein reiterates, without repetition, that discussion.  In the M&O, the Court decided to award legal fees to the individual Defendants. As to

3

the law firm Defendants, the Court predicted that, in view of the state of the precedents then existing, the Fourth Circuit would not permit an award to "pro se" law firms, that is, firms represented by members and employees of the firm.  The Court stated, however, that if it had discretion to award counsel fees to the law firm Defendants, it would make such awards, although reducing the amount to reflect the lesser amount of professional time that would have been expended by independent counsel.

On appeal, the Fourth Circuit stated:

> Though representation of a law firm by one of its members presents an increased risk of emotional involvement and loss of independence, the law firm still remains a business and professional entity distinct from its members, and the member representing the firm as an entity represents the firm's distinct interests in the agency relationship inherent in the attorney-client relationship.  Although a given representation of a law firm by one or more of its members could suffer from a lack of independence, there is no indication in this case of a relationship that tended to distort independent judgment, as existed in Doe v. Board of Education of Baltimore County, 165 F.3d 260 (4th Cir. 1998).
>
> Because the district court indicated that it was inclined to award the law firm defendants fees, although not all the fees requested, and would have done so but for the pro se prohibition, we now remand this case to authorize, but not require, the district court to award § 505 fees if it determines, in its discretion, to do so.

Bond v. Blum, 317 F.3d 385, 400 (4th Cir. 2003).

4

This Court finds no reason to change its conclusion that it should exercise discretion to award legal fees for the Defendant law firms. Therefore, as authorized by the Fourth Circuit, the Court shall do so.

B.  **Amount of Awards**

Plaintiff presents, as justification for reducing or eliminating the legal fee awards, yet another batch of arguments, or restatements of arguments, on the merits of the case. This Court, and the appellate court, found the Plaintiff's claims to be meritless. The new, or restated, arguments as to why this Court and the Fourth Circuit were wrong has no effect upon the legal fee award.

Furthermore, Plaintiff's efforts to characterize the instant case as a close one are unavailing. There may have been difficulties encountered in ascertaining the precise nature of the issues presented in the barrage of Plaintiff's allegations. Nevertheless, once exposed to the light of clarity, Plaintiff's claims were baseless. In any event, an award of legal fees under 17 U.S.C. § 505 is not a sanction to be imposed only against the taking of purely frivolous positions.

Plaintiff did not address, with particularity, Defendants' evidence relating to their requests. Plaintiff instead sought to rely upon sweeping generalities. The Court will, nevertheless,

undertake a detailed review of the evidence to determine the proper
amount to award to law firm Defendants.

### 1.    The Rates to Use

It is appropriate to determine the amount of any legal fee
award by reference to professional time allowed multiplied by
reasonable hourly rates.

Plaintiff has presented no valid reason for the Court to reject
the Defendants' positions with regard to the hourly rates for their
respective professionals.[1]  The Court, therefore, finds the claimed
hourly rates to be reasonable.

### 2.    Time Charges to Allow

Plaintiff's generalized objections to Defendant's submissions
are unpersuasive.  The fact that the individual Defendants were
awarded far less than the amounts claimed by the law firm Defendants
does not warrant a reduction of the latter's claim to the extent
valid.  Indeed, it appears that counsel for the individuals allowed
law firm counsel to do most of the work.

Plaintiff does not specifically address, in detail, the charges
claimed by Defendant.  Instead, he presents general objections to

---

[1]  The Court finds Plaintiffs' arguments to reduce the
rates unavailing.  Indeed, certain of the rates charged, for
example, for Mr. Ryan, were rather modest.

"double team billing."  The Court accepts the proposition that unreasonable billing for duplicative effort and for at least some of the conferences between and among counsel should be disallowed.

The Court will also, albeit without the benefit of a detailed submission by Plaintiff in this regard, disallow such professional time as the Court finds to be in excess of that which would be billed to a fee-paying client.

The Court's decision is summarized by reference to the charts appended hereto.  Counsel are also being provided copies of the underlying records with markings thereon indicating what has been disallowed.

3. <u>Amount of Awards</u>

   a.  Adelberg, Rudow

| INVOICE | FEES | EXPENSES |
|---|---|---|
| November 20, 2001 | $21,379.00 | $     85.50 |
| December 31, 2001 | 8,222.50 | 2,138.23 |
| December 31, 2002 | <u>30,556.40</u> | <u>9,192.54</u> |
| | $60,157.90 | $11,416.27 |

Adelberg, Rudow Total

| | |
|---|---|
| Fees | $60,157.90 |
| Expenses | <u>11,416.27</u> |
| | $71,574.17 |

b.  McDaniel, Bennett

(1) Trial Level Law Firm Billing

Fees        $37,795.00
Expenses     7,355.99
Total       $45,150.99

(2) Appeal - Outside Counsel Billing

| INVOICE | FEES | EXPENSES |
|---|---|---|
| April 25, 2002 | $ 6,775.00 | $   222.06 |
| June 19, 2002 | 13,527.00 | 168.74 |
| July 9, 2002 | 3,828.00 | 217.00 |
| August 9, 2002 | 1,955.00 | 76.14 |
| September 23, 2002 | 297.50 | 62.88 |
| October 21, 2002 | 315.00 | 13.19 |
| December 4, 2002 (#1) | 8,806.00 | 256.32 |
| December 4, 2002 (#2) | 0 | 349.64 |
| January 24, 2003 | 0 | 214.89 |
| February 14, 2003 | 340.50 | 38.64 |
| March 10, 2003 | 990.00 | 63.16 |
| | $36,834.00 | $1,682.66 |

Fees        $36,834.00
Expenses     1,682.66
Total       $38,516.66


McDaniel, Bennett Total

Trial Level    $45,150.99
Appeal          39,516.66
               $83,667.65

## II. CONCLUSION

For the foregoing reasons:

1.  Defendant Adelberg, Rudow, Dorf & Hendler, LLC's Motion Requesting Attorney's Fees Under 17 U.S.C. §505 [Paper 36] is GRANTED.

2.  Defendant Adelberg, Rudow, Dorf & Hendler, LLC's [Post-trial] Motion Requesting Attorney's Fees Under 17 U.S.C. §505 [Paper 83] is GRANTED.

3.  Defendant McDaniel, Bennett & Griffin's Motion for Award of Attorney's Fees and Expenses [Paper 38] is GRANTED.

4.  Defendant McDaniel, Bennett & Griffin's [Post-trial] Motion Requesting Attorney's Fees and Expenses on Appeal [Paper 82] is GRANTED.

5.  Defendant Adelberg, Rudow, Dorf & Hendler, LLC shall recover from Plaintiff pursuant to 17 U.S.C. §505 the amount of $71,574.17.

6.  Defendant McDaniel, Bennett & Griffin shall recover from Plaintiff pursuant to 17 U.S.C. §505 the amount of $83,667.65.

7.  A Supplemental Judgment shall be entered by separate Order.

SO ORDERED, on Thursday, April 24, 2003.

_____/ s /_____
Marvin J. Garbis
United States District Judge

A R D & H

November 20, 2001 Invoice

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Alion | 7.6 | 4.5 | 3.1 | 165 | 511.5 |
| Radding | 45.7 | 19.7 | 26 | 275 | 7150 |
| McKinney | 88.0 | 31.6 | 56.4 | 220 | 12408 |
| Glidden | 3.4 | | 3.4 | 80 | 272 |
| Severino | 9.5 | 1.2 | 8.3 | 125 | 1037.5 |
| Hendler | | | 0 | | 0 |
| Lurie | | | 0 | | 0 |
| Dorf | | | 0 | | 0 |
| Mazumder | | | 0 | | 0 |
| Glidden | | | 0 | | 0 |
| Thompson | | | 0 | | 0 |
| Clerk | | | 0 | | 0 |
| Ades | | | 0 | | 0 |
| Kline | | | 0 | | 0 |
| Jones | | | 0 | | 0 |
| Cooper | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 21379 |

Expenses: $ 150.00
Less:    64.50
Allowed  $  85.50

A R D & H

December 31, 2001 Invoice

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Alion | | | 0 | | 0 |
| Radding | 7.4 | 5.4 | 2 | 275 | 550 |
| McKinney | 46.9 | 17.4 | 29.5 | 220 | 6490 |
| Glidden | 17.7 | 6.9 | 10.8 | 80 | 864 |
| Severino | | | 0 | | 0 |
| Hendler | | | 0 | | 0 |
| Lurie | .6 | 0 | 0.6 | 260 | 156 |
| Dorf | 2.0 | 1.5 | 0.5 | 300 | 150 |
| Mazumder | .1 | 0 | 0.1 | 125 | 12.5 |
| Thompson | | | 0 | | 0 |
| Clerk | | | 0 | | 0 |
| Ades | | | 0 | | 0 |
| Kline | | | 0 | | 0 |
| Jones | | | 0 | | 0 |
| Cooper | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 8222.5 |

Expenses: $2,303.73
Less:    165.50
Allowed  $2,138.23

12

A R D & H

December 31, 2002 Invoice

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Alion | 1.8 | 1.8 | 0 | 165 | 0 |
| Radding | 49.3 | 19.5 | 29.8 | 285 | 8493 |
| McKinney | 31.9 | 15.0 | 16.9 | 220 | 3718 |
| Glidden | 15.7 | 11.0 | 4.7 | 80 | 376 |
| Severino | 252.4 | 115.0 | 137.4 | 125 | 17175 |
| Hendler | 1.6 | 1.6 | 0 | 295 | 0 |
| Lurie | | | 0 | | 0 |
| Dorf | 5.0 | 5.0 | 0 | 300 | 0 |
| Mazumder | | | 0 | | 0 |
| Thompson | .1 | .1 | 0 | 95 | 0 |
| Clerk | .3 | .3 | 0 | 30 | 0 |
| Ades | 4.4 | 3.1 | 1.3 | 123 | 159.9 |
| Kline | 6.7 | 4.0 | 2.7 | 135 | 364.5 |
| Jones | 2.3 | 2.3 | 0 | 145 | 0 |
| Cooper | 10.3 | 7.3 | 3 | 90 | 270 |
| | | | | | |
| Total Award | | | | | 30556.4 |

Expenses: $9,397.54
Less:     195.00
Allowed  $9,192.54

McDaniel, B & G Invoice

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Bennett | 2.0 | 2.0 | 0 | 250 | 0 |
| Graf | 77.0 | 25.8 | 51.2 | 100 | 5120 |
| Griffin | 47.8 | 41.9 | 5.9 | 250 | 1475 |
| McDaniel | 175.5 | 71.5 | 104 | 300 | 31200 |
| | | | | | |
| Total Award | | | | | 37795 |

Expenses   $ 7,740.59
Less         384.60
Allowed    $ 7,355.99

14

**Whiteford Taylor & Preston**

**April 25, 2002 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 51.2 | 10.4 | 40.8 | 145 | 5916 |
| Ryan | 3.2 | .1 | 3.1 | 175 | 542.5 |
| Hagigh | .1 | | 0.1 | 130 | 13 |
| Bassett | .8 | | 0.8 | 130 | 104 |
| Keys | 2.0 | | 2 | 100 | 200 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 6775.5 |

Expenses $222.06

**Whiteford Taylor & Preston**

**June 19, 2002 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 73.1 | 9.5 | 63.6 | 145 | 9222 |
| Ryan | 26.9 | 2.3 | 24.6 | 175 | 4305 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 13527 |

Expenses $168.74

16

## Whiteford Taylor & Preston

## July 9, 2002 Invoice

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 10.9 | 0 | 10.9 | 145 | 1580.5 |
| Ryan | 11.7 | 0 | 11.7 | 175 | 2047.5 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | 1.3 | 0 | 1.3 | 125 | 162.5 |
| Warfield | .3 | 0 | 0.3 | 125 | 37.5 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 3828 |

```
Expenses    $943.00
Disallow     726.00
Allow       $217.00
```

**Whiteford Taylor & Preston**

**August 9, 2002 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 11.4 | 1.9 | 9.5 | 145 | 1377.5 |
| Ryan | 3.3 | 0 | 3.3 | 175 | 577.5 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 1955 |

**Expenses $76.14**

18

**Whiteford Taylor & Preston**

**September 23, 2002 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | | | 0 | | 0 |
| Ryan | 1.8 | .1 | 1.7 | 175 | 297.5 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 297.5 |

Expenses   $62.88

**Whiteford Taylor & Preston**

**October 21, 2002 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | .5 | .5 | 0 | 145 | 0 |
| Ryan | 1.8 | 0 | 1.8 | 175 | 315 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 315 |

Expenses    $13.19

**Whiteford Taylor & Preston**

**December 4, 2002 Invoice (1 of 2)**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 37.1 | 37.1 | 0 | 145 | 0 |
| Ryan | 36.8 | 0 | 36.8 | 175 | 6440 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | 18.2 | 0 | 18.2 | 130 | 2366 |
| | | | | | |
| Total Award | | | | | 8806 |

Expenses $256.32

**Whiteford Taylor & Preston**

**December 4, 2002 Invoice (2 of 2)**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | | | 0 | | 0 |
| Ryan | .2 | .2 | 0 | 175 | 0 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 0 |

Expenses      $349.64

**Whiteford Taylor & Preston**

**January 24, 2003 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | .1 | .1 | 0 | 145 | 0 |
| Ryan | | | 0 | | 0 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 0 |

Expenses    $ 459.78
Disallow        244.89
Allow       $ 214.89

23

**Whiteford Taylor & Preston**

**February 14, 2003 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 1.5 | .6 | 0.9 | 145 | 130.5 |
| Ryan | 1.2 | 0 | 1.2 | 175 | 210 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 340.5 |

Expenses $38.64

24

**Whiteford Taylor & Preston**

**March 10, 2003 Invoice**

| TIMEKEEPER | HOURS CLAIMED | DIS-ALLOWED | ALLOWED | RATE | AMOUNT ALLOWED |
|---|---|---|---|---|---|
| Askew | 6.5 | 1.0 | 5.5 | 145 | 797.5 |
| Ryan | 1.1 | 0 | 1.1 | 175 | 192.5 |
| Hagigh | | | 0 | | 0 |
| Bassett | | | 0 | | 0 |
| Keys | | | 0 | | 0 |
| Jasani | | | 0 | | 0 |
| Warfield | | | 0 | | 0 |
| Powers | | | 0 | | 0 |
| | | | | | |
| Total Award | | | | | 990 |

Expenses $63.16