IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. MJG-01-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

MOTION TO QUASH SUBPOENAS TO COUNSEL
AND/OR FOR PROTECTIVE ORDER

Now come Schulman & Kaufman, LLC and Howard J. Schulman and state as follows:

1. On July 3, 2003, after an exchange of correspondence, the Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, served Schulman & Kaufman, LLC and Howard J. Schulman with a subpoena *duces tecum*, coupled with supporting Notices of Deposition, for them to appear at deposition on August 14, 2003 at 10:00 a.m. (Howard J. Schulman) and 2:00 p.m. (Schulman & Kaufman, LLC), and to bring with them certain documents. Accompanying the Notices and subpoenas was a Notice of Deposition for the Judgment Debtor, William C. Bond, for 10:00 a.m. on August 15, 2003. Also, accompanying the Notice of Deposition of William Bond were Interrogatories and Requests for Production of Documents directed to Mr. Bond, the first discovery undertaken by the Judgment Creditor(s).

2. The documents that Adelberg, Rudow, Dorf & Hendler, LLC subpoenaed from counsel to deposition are as follows:

    a. All papers, books, accounts in his possession, custody or control relating to William C. Bond or William C. Bond's assets, income, expenditures, property, credits and business transactions for the past five (5) years including, but not limited to, bank books, checking account records, investment account records, income tax returns and records of purchases of automobiles, television sets, household furnishings, real estate, silverware, jewelry, stocks, bonds, and notes and any other item costing over $100;

    b. All documents relating to any retainer between the deponent and William C. Bond including, but not limited to, any document evidencing any initial or subsequent retainer paid by William C. Bond;

    c. All documents relating to any money paid by William C. Bond to deponent including, but not limited to, any escrow statement relating to William C. Bond or any settlement document relating to William C. Bond.

The Notice of Deposition to Schulman & Kaufman, LLC provides that, in addition to producing the documents, Schulman & Kaufman, LLC is to designate one or more individuals to testify related to the foregoing. On July 17, 2003, Schulman & Kaufman, LLC and undersigned counsel served Adelberg, Rudow, Dorf & Hendler, LLC with an Objection Pursuant to Fed.R.Civ.P. 45(c)(2)(B). This Motion, therefore, focuses on the oral examination of counsel at deposition.

3. The deposition of counsel burdens the attorney-client relationship. Whatever relevant information Adelberg seeks can be obtained from Bond and/or by

other means. Mr. Bond is certainly capable of providing the source of any funds used to pay his attorneys' fees.  Obtaining this information from Bond is more convenient, less burdensome and less expensive, and the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. The taking of counsel's deposition would appear to be not only unnecessary, but also highly intrusive of the attorney-client relationship in the absence of any other discovery efforts to date. The subject matter identified in the notice to Schulman and Kaufman, LLC is so broad in scope so as to violate the work product rule and the attorney-client privilege. Additionally, the taking of counsel's deposition in tandem with Mr. Bond's would interfere with counsel's representation of Mr. Bond.  In the approximately 60 days since the judgment was entered in favor of Adelberg, Rudow, Dorf & Hendler, LLC, it has not attempted any prior discovery.

    4.  By virtue of Maryland Rule 2-645, Adelberg, Rudow, Dorf & Hendler, LLC is conclusively bound by the answers of the undersigned and the answer of Schulman and Kaufman, LLC to the Writs of Garnishment that they were not indebted to William Bond and did not have possession of any of his property, except for the manuscripts at issue in this case and/or copies thereof, as well as those other manuscripts delivered to

undersigned counsel by letter dated September 10, 2001 from Paul Dorf, Esquire.[1]

WHEREFORE, Schulman & Kaufman, LLC and Howard J. Schulman respectfully request that this Court quash the subpoenas issued by the Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, and otherwise enter a protective order.

　　　　　　　　　　　　　　　　　　　HOWARD J. SCHULMAN
　　　　　　　　　　　　　　　　　　　Schulman & Kaufman, LLC
　　　　　　　　　　　　　　　　　　　One Charles Center, Suite 600
　　　　　　　　　　　　　　　　　　　100 N. Charles Street
　　　　　　　　　　　　　　　　　　　Baltimore, Maryland 21201
　　　　　　　　　　　　　　　　　　　(410) 576-0400
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

---

[1] Pursuant to Fed.R.Civ.P. 64, Adelberg, Rudow, Dorf & Hendler, LLC served a writ of garnishment under Md. Rule 2-645 on counsel, which counsel answered. Adelberg did not file a reply contesting counsel's answer. Under Md. Rule 2-645, the answer is treated as established for purposes of the garnishment proceeding, unless the judgment creditor files a reply contesting the answer.