IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. MJG-01-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## MOTION OF WILLIAM C. BOND FOR PROTECTIVE ORDER

Now comes William C. Bond, Plaintiff and Judgment Debtor, and states as follows:

1.   The Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, has requested discovery from William C. Bond in the form of Interrogatories, Requests for Production of Documents and a deposition. The deposition is scheduled for August 15, 2003 at 10:00 a.m.   The information requested in the written discovery, as well as the anticipated information that would be sought at deposition, will consist of information related to this party's financial assets and property.   The Judgment Debtor, William C. Bond, considers matters related to his financial assets personal and confidential. Separate and apart from the copyright issues in this case, the record in this case reflects that the Defendants utilized a document (the manuscript) that Bond considered confidential to lobby and/or initiate a criminal prosecution against Bond.   They also sought to use the manuscript against his wife, Alyson Bond.   Thus, attached hereto,

Bond has submitted a proposed Protective Order in the form required by Local Rule 104.13. This proposed Order is patterned on that approved by Judge Garbis in the Baltimore Ravens logo litigation.

2.  William C. Bond is of the view that any deposition to be taken of him in post-judgment proceedings in this case should be taken in the presence of a Magistrate Judge based on his experience at his November 16, 2001 deposition in this case. At that time, Bond had been charged by the State of Maryland with various crimes related to making false statements in an application for firearms. His trial was scheduled for December 10, 2001.[1] Notwithstanding, counsel for McDaniel, Bennett & Griffin proceeded to ask Bond questions related to his understanding of the oath.[2] This line of questioning appears to have had as its purpose the eliciting of incriminating statements from Bond that could be used against him in the criminal proceedings. (*See e.g.,* Tr. 12-13, 15-16, 24, 25, 41-48, 52-54). Counsel for Adelberg, Rudow, Dorf & Hendler, LLC took the same tack. (Tr. 238-45). Counsel for Adelberg, Rudow, Dorf & Hendler, LLC, despite objections of Bond's counsel, insisted on asking him questions about his finances, which were unrelated to the copyright case, e.g., who held the mortgage to his house. (Tr. 209-226). At times, counsel for the Defendants mocked and cajoled when Bond exercised his Fifth Amendment right. (*See e.g.,* Tr. 20-21). Some of the questioning

---

[1] Some of the charges were dismissed by the Court; and others were stetted.

[2] Defendants had the deposition both transcribed and video taped.

appears to have been simply abusive. (Tr. 9, 43-44, 68, 240).[3] As the transcript generally reflects, Defendants conducted the examination like bullies. At one point, although Bond was not in the room, William McDaniel chastised undersigned counsel for bringing "a bullshit lawsuit about a piece of scum". (Tr. 103-104). A copy of the deposition transcript is attached.

    3.    The Judgment Creditors' Interrogatories and Requests for Production seek information concerning Bond's financial assets and property for a period of the past five years. The issue is what assets and property Bond possessed since the judgments were entered. The judgment in favor of Adelberg, Rudow, Dorf & Hendler LLC was first entered on April 25, 2003. There is no indication or evidence that Bond has attempted to secrete assets. Thus, the relevant period of inquiry is from April 25, 2003 to date or, at the very best, since the onset of this litigation on August 29, 2001.

    4.    Bond joins in and adopts counsel's Motion to Quash Subpoenas to Counsel and/or for Protective Order and states that he is afraid to seek the assistance of counsel in answering Interrogatories and preparing a response to the Request for Production of Documents if counsel is subject to a deposition.

    WHEREFORE, for the aforementioned reasons, Judgment Debtor, William C.

---

[3]"Q:   All right. You murdered Mr. Rovetar in what, 1987?"  (Tr. 9.)

"Q:   Isn't it true, Mr. Bond, that this affidavit contains from the beginning to end a series of lies by you; isn't that correct?"  (Tr. 44).

Bond, respectfully requests that the Court:

    a.    Enter the attached Protective Order concerning confidentiality;

    b.    That the deposition of William C. Bond be held before a United States Magistrate Judge;

    c.    That the Court enter an Order limiting the time of inquiry concerning discovery; and

    d.    That the subpoenas to Schulman & Kaufman, LLC and Howard J. Schulman be quashed.

---

Howard J. Schulman  
Schulman & Kaufman, LLC  
One Charles Center, Suite 600  
100 N. Charles Street  
Baltimore, Maryland 21201  
(410) 576-0400  
Attorneys for Plaintiff