IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| ADELBERG RUDOW DORF & HENDLER LLC, | * |
| Judgment Creditor | * |
| v. | *   Case No.: MJG-01-CV-2600 |
| WILLIAM BOND, | * |
| Judgment Debtor | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF JUDGMENT CREDITOR ADELBERG, RUDOW, DORF & HENDLER, LLC, TO JUDGMENT DEBTOR'S MOTION TO QUASH SUBPOENAS TO COUNSEL AND/OR FOR PROTECTIVE ORDER**

Judgment Creditor Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow"), by its attorneys, Andrew Radding and Michael R. Severino, files this Opposition to Judgment Debtor, William C. Bond's ("Bond"), Motion to Quash Subpoenas to Counsel and/or for Protective Order, and states as follows:

1.  In 1981, Bond beat his father to death with a hammer in his grandparent's garage in Ohio in order to collect from his father's estate. He was subsequently arrested and entered into a plea agreement that resulted in his transfer to the Sheppard & Enoch Pratt Hospital in Baltimore, Maryland, gaining release in 1982. Bond thereafter wrote a book entitled *Self-Portrait of a Patricide; How I Got Away With Murder*, which boasted how Bond planned and carried out the murder of his father and brags about fooling the police and collecting from his father's estate. Not surprisingly, Bond could not find a publisher for his manuscript.

Sometime thereafter, Bond met Allyson Slavin, who was then separated from her husband, William Slavin. Bond and Mrs. Slavin eventually married and a custody dispute ensued over minor children. Lawyers for Mr. Slavin (Defendants in this proceeding) intended to use the manuscript in the custody battle to demonstrate that the Bond-Slavin household was not fit for minor children and consequently introduced it into evidence during the custody proceeding.

In an effort to block the use of the manuscript in the custody action, Bond filed a copyright action against Mr. Slavin, his lawyers and others he believed acted to violate his purported rights in the manuscript. The District Court subsequently ruled that Bond's suit was frivolous and awarded fees in favor of defendants who had retained outside counsel. Bond appealed, as did the law firm defendants, who were not awarded fees. The Fourth Circuit affirmed the dismissal and reversed the failure to award fees to the law firm Defendants and remanded for further proceedings.

The District Court subsequently entered judgment in favor of Adelberg Rudow in the amount of $69,350.44. Bond, prolonging the inevitable, has since appealed the decision of the Fourth Circuit to the United States Supreme Court and has filed a separate appeal of the award of attorney's fees to Adelberg Rudow to the Fourth Circuit.

2. In an attempt to enforce its judgment, Adelberg Rudow filed Notices of Deposition directed to Bond's counsel, Howard Schulman, as well as his professional entity. See attachments A and B. The Notices and accompanying subpoenas require the production of documents and testimony regarding information as to Bond's financial status, including his financial arrangement with and billings by his attorney. This information is highly relevant to this collection action inasmuch as it can determine, *inter alia*, the location and number of any bank account, the amount of money he has in any bank account and information regarding any assets he may have or any

creditor of his that may exist.  Additionally, Bond has filed suit in state court against Sheppard & Enoch Pratt Hospital and his Ohio attorney.  Financial information regarding the prosecution of that case and the status of any recovery (i.e., whether his counsel will take a contingency fee) are relevant to this action and discoverable.

3. Bond objects on a number of grounds.  Initially, counsel for Bond claims that the "deposition of counsel burdens the attorney/client relationship."  Counsel does not explain what he means by "burdens" and does not state that any such testimony or request violates the attorney/client privilege.  On the contrary, it is abundantly clear that information regarding an attorney's billing records, fee arrangements and other financial information is not protected by the attorney/client privilege.  United States v. Under Seal, 33 F. 3d 342, 354 (4th Cir. 1994), states the rule and puts Bond's argument to rest:

> The attorney-client privilege normally does not extend to the payment of attorney's fees and expenses.  *United States v. (Under Seal),* 774 F.2d 624, 628 (4th Cir. 1985), cert. denied, 475 U.S. 1108, 106 S.Ct. 1514, 89 L.Ed.2d 913 (1986).  *See also United States v. In re Grand Jury Matter,* 789 F.Supp. 693, 695 (D. Md. 1992) (fee arrangement information revealing the date and amount of payments and the identity of the persons making the payments are not privileged because these facts reveal nothing about the advice sought or given); *In re Grand Jury Matter (Special Grand Jury Narcotics) (Under Seal),* 926 F.2d 348, 349 (4th Cir. 1991) (attorney-client privilege and Sixth Amendment do not prohibit disclosure of fee arrangements between attorneys and clients).
>
> . . .
>
> As noted in *Grand Jury Matter,* 789 F.Supp. At 696, "the attorney-client privilege does not function to prevent disclosure of damaging or incriminating information, rather, it protects against disclosure of confidential professional communications."  The appellants did not carry their burden of establishing that disclosure of the billing records would disclose confidential communications.  There was no possibility of a work product claim with respect to those documents.

Moreover, United States also notes that the "burden is on the party asserting the privilege to demonstrate the applicability of the asserted privilege." United States, at 353, citing In re Grand Jury 83-2 John Doe No. 462 (Under Seal), 748 F.2d 871, 876 (4th Cir.1984).  Bond has utterly failed in this regard.  Cf. F.R.C.P. 45(d)(2).

4. Bond's counsel also argues that any such information can be obtained from Bond; that may or may not be true, however, it is Adelberg Rudow's right to corroborate or disprove any statement made by Bond.  The information sought is relevant to the collection of the judgment and, therefore, is discoverable notwithstanding any alternative means of obtaining said information.  While counsel states that obtaining this information from Bond is more convenient, less burdensome, and less expensive, that same argument can be made in every case.  Parties often obtain discovery from third parties that is also available from a defendant in order to supplement or impeach the defendant.  Indeed, Bond's papers are completely devoid of any itemization of the burden or the expense on counsel for producing this information.  Bond has not met his burden.

5. Counsel also raises the work product doctrine, but fails to to identify what information purportedly violates the doctrine.  Again, the burden is on Bond to show a potential violation; he has failed.  Should Bond's counsel have any objections to any questions asked at deposition, he may raise them pursuant to the Federal and Local Rules of Civil Procedure.  Requesting that the subpoena be quashed with nothing more than a blanket assertion of work product is improper and serves only to delay and frustrate proper attempts by Adelberg Rudow to execute on its judgment.

6. Finally, Bond's counsel argues that the taking of counsel's deposition in tandem with that of Mr. Bond would interfere with his attorney's representation. This argument is without merit as Mr. Bond's deposition is scheduled for August 15 and the depositions of his attorney and his attorney's corporate entity are August 14. Mr. Schulman should have no problem finishing his deposition on August 14 and representing his client at his deposition on August 15.

**WHEREFORE,** Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, hereby requests this Honorable Court deny Judgment Debtor, William Bond's, Motion to Quash Subpoenas to Counsel and/or for Protective Order.

Respectfully submitted.

_____/s/_____
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 25204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201-2927
410-539-5195

*Attorneys for Adelberg, Rudow, Dorf & Hendler, LLC*