IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.  MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the parties hereto, through their respective undersigned counsel, that:

1. All documents, answers to interrogatories, answers to deposition questions, responses to requests for admission or any other material produced or provided by any party hereto and marked or designated in good faith as "Confidential" by that party as pertaining to trade secrets, or other confidential research, development, or commercial information, and any copies, abstracts, summaries, or information derived therefrom and any notes or other material regarding the contents thereof (hereinafter referred to as "Confidential Material"), accompanied by a memorandum explaining why it should be considered "Confidential," shall be revealed to or used only by "Qualified Persons" as identified in paragraph 2 hereto, and by them only for the preparation and conduct of the above-captioned proceeding and any appeal, remand or other collections action, and shall not be disclosed by such Qualified Persons to any other person without the agreement of the party who produced the document or information or by order of the Court.

2. Qualified Persons shall be as follows:

      a.      For Plaintiff and Judgment Debtor:

Howard J. Schulman, Esquire, and all other attorneys and employees of Schulman & Kaufman, LLC

      b.      For Defendants and Judgment Creditors:

William F. Ryan, Jr., Esquire, and all other attorneys and employees of Whiteford, Taylor & Preston, LLP

Andrew Radding, Esquire, and all other attorneys and employees of Adelberg, Rudow, Dorf & Hendler, LLP

Gerard P. Martin, Esquire, and all other attorneys and employees of Martin, Snyder & Bernstein, P.A.

Kathryn Miller Goldman, Esquire, and all other attorneys and employees of Goldman & Minton

Attorneys and employees of McDaniel, Bennett & Griffin

    3.    Subject to the approval of the opposing party, which can only be withheld for good cause, either party may designate additional Qualified Persons to those named in paragraph 2 and, upon execution by such persons of a copy of the declaration attached hereto as Exhibit A, Confidential Material may be disclosed to those persons under the terms contained in paragraph 1.

    4.    In the event that a receiving party shall at any time object to the designation by the producing party of any information as "Confidential," then the parties will attempt to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise. Failing agreement of the parties, the designating party shall file within 14 days an appropriate motion with the Court with respect to the designated material in question and shall (a) certify that the parties have sought in good faith to reach agreement but have been unable to do so, and (b) identify by category of document or document number the designated material at issue. The designating party

shall at all times have the burden of showing with particularity the reasons why the designated material at issue has been properly designated as "Confidential". Any request for attorneys' fees or sanctions shall remain available to any party at all times. Failure to file said motion within 14 days constitutes a waiver of any claim that such material is confidential.

Information designated as "Confidential" shall remain under the protection of this Stipulation and Protective Order until there is an Order of Court or express written agreement otherwise by and between the parties or, if no motion has been filed, for 14 days from the date of objection.

5. This Stipulation and Protective Order shall be without prejudice to the right of any party to oppose production of any information on any grounds other than confidentiality.

6. This Stipulation and Protective Order shall not apply to information publicly available from other sources or obtained from other sources through legal process.

7. Any Confidential Material submitted to the Court shall be temporarily filed in a sealed envelope marked "CONFIDENTIAL UNDER PROTECTIVE ORDER" and shall only be made available to the Court and to the Qualified Persons specified above. The party making such a filing shall simultaneously submit a motion seeking the permanent sealing of the materials and accompanying order which includes (a) proposed reasons supported by specific factual representations to justify the sealing, and (b) an explanation why alternatives to sealing would not provide sufficient protection. Any party or non-party may oppose such motion. Where possible, only confidential portions of filings with the Court shall be filed under seal.

8. After this proceeding is finally completed, including all appeals, counsel for all parties shall return all Confidential Material to the producing party within thirty (30) days of completion. The Clerk of this Court may return to counsel or destroy any sealed material at the end of this proceeding, including any appeals.

9. If at any deposition a witness is asked for information considered confidential by

one of the parties, counsel for said party may indicate that the information sought from the witness is designated "Confidential" and the reporter transcribing the proceeding shall be instructed to so designate that portion of the record. All such portions of a transcript shall be separately bound, sealed and appropriately labeled by the reporter, and shall be treated by the parties as provided for Confidential Material herein. In addition, the party or witness may, by letter to all counsel of record, designate any portion of the deposition testimony as "Confidential" at any time up to thirty (30) days after actual receipt of the transcript of the deposition, and such portions shall be treated by the parties as provided for Confidential Material herein. Until the end of the thirty-day period (or until an earlier designation is made by counsel), the entire deposition shall be treated as Confidential Material. Should any cost be attendant to the treatment of the deposition and said material as confidential, said cost shall be borne by the Plaintiff/Judgment Debtor.

SO ORDERED:                                             DATE:_____

_____
United States District Court Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.  MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION

I, _____, declare that I have read the Stipulation and Protective Order signed by the parties and ordered by the Court in this action, that I understand its terms, and that I agree to be bound by all of the requirements and restrictions of said Order. I agree that I will not disclose any Confidential Material, as defined in the Stipulation and Protective Order, to any person not permitted access to such Confidential Material under the terms of the Stipulation and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____     Signature:_____

M:\WP\121\slavin\pleadings\StipulationBond.wpd - 7/14/03              5