IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. MJG-01-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENAS TO COUNSEL
AND/OR FOR PROTECTIVE ORDER AND MEMORANDUM
IN OPPOSITION TO ADELBERG'S MOTION TO COMPEL

Now comes William C. Bond, Plaintiff and Judgment Debtor, and states as follows:

Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC (hereafter "Adelberg"), not having initiated any other discovery, initiates its deposition discovery by first taking the deposition of Bond's counsel. Attempting to justify this "bull in a china shop" approach to discovery, it states that it can determine the "location and number of any bank account, the amount of money he has in any bank account, and the information regarding any assets Bond may have or any creditors of his that may exist." Adelberg does not suggest how it is that Bond's counsel would have any of this information.[1] The identity of those checking accounts upon which Bond wrote checks to counsel can be

---

[1] Bond's counsel only has copies of checks by which Bond paid counsel.

obtained through a focused interrogatory.  Instead, Adelberg's approach would require counsel to expend thousands of dollars of professional time preparing for and attending counsel's own deposition.   Adelberg has not volunteered to pay for counsel's professional time.  Weighing the benefits against the burdens warrants the quashing of the subpoena and entry of a protective order.

Adelberg, in further support of its fishing expedition, states that undersigned counsel would have financial information regarding the prosecution of a lawsuit that Bond has brought against Sheppard Pratt Hospital and his Ohio attorney.  Adelberg states that undersigned counsel can be expected to have information regarding the status of any recovery and the basis of enumeration of Bond's counsel fee in that case.  Undersigned counsel, however, does not represent Bond in that case and has no information concerning the status of that case or the basis of the fee agreement.  That case is pending in the Circuit Court for Baltimore City and is styled *William C. Bond v. Gerald A. Messerman, et al.*, Case No. 24-C-03-000690.  Mr. Bond is represented by Messrs. Richard M. Karceski and Timothy M. Gunning in that case.  Adelberg was served with a copy of the Complaint in that case as one of the attachments to Paper No. 89 in this case.

This is not a criminal investigation, and Adelberg has not demonstrated the need, particularly at this juncture, to initiate a wave of discovery against counsel.  Additionally, Bond will have to consider whether to obtain independent counsel should the Court order that undersigned counsel's deposition proceed on August 14, 2003.  Thus, Adelberg's

efforts directed to undersigned counsel have impeded the flow of information in that Bond is presently inhibited from seeking the advice of undersigned counsel concerning his appearance at deposition or in answering Adelberg's written discovery requests.

Adelberg states that the information that it will attempt to obtain from undersigned counsel will corroborate or disprove any statements made by Bond. Bond, however, has not made any statements as yet, and there is nothing to corroborate or disprove if counsel's deposition precedes that of Bond.

                                                     Howard J. Schulman
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff