IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. MJG-01-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

REPLY MEMORANDUM OF WILLIAM C. BOND
IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Now comes William C. Bond, Plaintiff and Judgment Debtor, and states as follows:

Adelberg, Rudow, Dorf & Hendler, LLC (hereafter "Adelberg") states in its Memorandum that the Motion for Protective Order "is yet another attempt to delay payment of a judgment." Adelberg, however, has made no other efforts to obtain information from Bond prior to the barrage of discovery in question. Bond has done nothing to warrant the "bull in the china shop", shotgun approach to discovery.

Adelberg has submitted a proposed Protective Order in which it attempts to shift the burden of applying to the Court onto the party designating a portion of the discovery as confidential. *See* Adelberg proposed Order, ¶ 4. By contrast, Bond submitted to the Court an Order that would put the burden on the objecting party to make application to the Court. *See* Bond's proposed Order, ¶ 5, which is identical to ¶ 7 of the Order,

approved and issued by Judge Garbis in the case styled *Bouchat v. National Football League Properties, et al.*, Civil Action No. 97-CV-1470, Paper No. 12. What Bond has proposed in his Order is consistent with Local Rule 104.13. Local Rule 104.13 provides for a method for <u>challenging</u> a particular designation of confidentiality, not for a method for obtaining a declaration of confidentiality. What this Rule contemplates is that when there is a challenge to a particular designation of confidentiality, the burden remains on the party seeking confidentiality to justify it under Rule 26(c), although the objecting party must first bring the challenge by motions. The Rule does not mean that the challenger must not first seek to challenge the designation in court. Thus, Appendix D (standard form) to the Local Rules provides for a proposed stipulated order under Local Rule 104.13 regarding confidentiality of discovery materials which states in ¶ 4:

> Challenging designation of confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

Thus, Local Rule 104.13 contemplates that a challenge to a designation of confidentiality must be made by motion by the challenger, albeit the ultimate burden of persuasion remains with the party asserting confidentiality. Furthermore, unlike Adelberg's proposed order, neither Local Rule 104.13 nor the form order of confidentiality provide for built-in sanctions that would serve to inhibit a party's designation of confidential material. The proposed sanctions provision is at odds with the "safe harbor" provision of Rule 11 and also with Rule 37.

Adelberg states that the other Defendants in this action who obtained judgments against Bond would be excluded by Bond's proposed Protective Order. Bond's proposed Protective Order permits counsel for all parties in this action to have access to Bond's financial information under the terms of the Protective Order but would not allow the individual parties (William Slavin, Kenneth Blum, Sr., Kenneth Blum, Jr. and Dudley F. B. Hodgson) to have access to this information. It is these individual parties who were responsible in the first instance for purloining Bond's manuscript (separate and apart from copyright issues) and using it to seek his prosecution in state court. The record in this case reflects that it is these very individuals (separate and apart from copyright issues) who have worked together to destroy in Bond in any manner that they can, and they have no need to know.[1]

Adelberg seeks to justify Bond's concerns about being deposed outside the presence of a Magistrate because of, as Adelberg's Memorandum puts it, "his perceived feelings of belligerence by opposition counsel." The transcript of the November 16, 2001 deposition of Bond in this case, including the examples pointed out to the Court, speaks for itself and reflects the need for close judicial supervision of the Defendants' attorneys.

Defendants offer no rationale to the Court that there is any need to conduct

---

[1] Copyright issues aside, the work was stolen or, at the very least, used without Bond's permission in violation of the Maryland Criminal Code.

3

discovery for the period of time prior to the onset of this litigation on August 29, 2001.

Adelberg harps on the death of Bond's father when Bond was a juvenile, ostensibly in an effort to prejudice the Court against Bond. Adelberg uses what is a highly fictionalized and embellished account in the purloined manuscript of Bond's experience as a juvenile as if it were true. Adelberg, however, can point to no competent evidence to support the facts set forth in Defendants' "Statement of Factual Background" and should cease its use of the manuscript as a platform for asking the Court to treat Bond differently than any other party.

                                                                                     _____

                                                                                     Howard J. Schulman
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff