UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

August 4, 2003

Howard J. Schulman, Esquire
Schulman and Kaufman, LLC
One Charles Center
100 North Charles Street, Suite 600
Baltimore, Maryland   21201

Gerard P. Martin, Esquire
Martin Snyder and Bernstein, PA
217 East Redwood Street, Suite 2000
Baltimore, Maryland   21202

Kathryn Miller Goldman, Esquire
Goldman & Minton, PC
207 East Redwood Street, Suite 400
Baltimore, Maryland   21202

William A. McDaniel, Jr., Esquire
McDaniel Bennett and Griffin
118 West Mulberry Street
Baltimore, Maryland   21201-3600

Amy Estelle Askew, Esquire
William F. Ryan, Jr., Esquire
Whiteford Taylor and Preston
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland   21202

Andrew Radding, Esquire
Adelberg Rudow Dorf and Hendler
600 Mercantile Bank & Trust Bldg
2 Hopkins Plaza
Baltimore, Maryland   21201-2927

Subject: *William C. Bond v. Kenneth Blum, Sr., et al.*
Civil Action No. MJG-01-2600

Dear Counsel:

This action, now post-judgment, has been referred to me for disposition of discovery disputes. Pending and ready for disposition is a dispute regarding discovery being sought by the law firm Adelberg, Rudow, Dorf & Hendler, LLC (Adelberg), a judgment creditor, from the judgment debtor, William C. Bond (Bond), and the law firm and lawyer that represent him, Schulman & Kaufman, LLC, and Howard J. Schulman Esq. (collectively, Schulman).

Adelberg has served upon Schulman subpoenas *duces tecum* and notices for deposition on August 14, 2003, and has served upon Bond a notice for deposition on August 15, 2003, as well as interrogatories and requests for production of documents. Schulman has moved for a protective order and to quash the subpoenas (Paper No. 185); Bond has moved for a protective order (Paper No. 186); and Adelberg has moved to compel Schulman to be present for depositions (Paper No. 191). No hearing is deemed necessary. Local Rule 105.6.

Letter to Counsel - *Bond v Blum*
Page Two
August 4, 2003

      The notice to Schulman seeks any of Bond's financial records that may have been provided to Schulman, any retainer to the firm and any money paid to the firm. Schulman's motion seems to raise privilege without actually asserting it. It is claimed that the deposition of Bond's counsel "burdens" and is "highly intrusive of" the attorney-client relationship and that the subject matter of the notice "is so broad in scope so as to violate the work product rule and attorney-client privilege." There is no delineation in Schulman's motion of any particular material or information that is privileged, and the motion is bereft of legal authority regarding privilege in its context. As noted by Adelberg, the burden is on the party asserting privilege to demonstrate its applicability. Fed. R. Civ. P. 45(d)(2). As noted above, Schulman's motion is sufficiently nebulous so that it cannot be determined with certainty even that any claim of privilege has been raised, much less supported with the particularity demanded by the rules. Schulman's motion (Paper No. 185) is hereby DENIED.

      Bond, in his motion for a protective order, asks that, in light of his past experiences at deposition, his deposition be conducted in the presence of a Magistrate Judge and asserts that an inquiry into his finances over the past five years is overbroad. The Court is convinced that the Court's rules and guidelines provide ample protection for deponents and is unconvinced that the scope of the inquiry is overbroad. To the extent that his motion seeks relief in those regards, the motion (Paper No. 186) is DENIED IN PART. Bond also has offered a proposed order to which Adelberg has objected on the ground that it shifts a burden established by the Court's rules and guidelines. The Court disagrees and finds that the order offered by Bond is appropriate. It will be entered separately, and so Bond's motion (Paper No. 186) is GRANTED IN PART.

      As to Adelberg's motion to compel, the Court has denied the motion to quash the subpoenas to Schulman, and those subpoenas are orders of the Court to appear. Yet another order would appear to be superfluous. Accordingly, the motion to compel (Paper No. 191) is DENIED AS MOOT.

      Although informal, this letter constitutes an Order of the Court and will be docketed accordingly.

      Very truly yours,

      /s/

      James K. Bredar
      United States Magistrate Judge

JKB/cw
cc: The Hon. Marvin J. Garbis
    Court file
    Chambers file