IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
CONCERNING DEPOSITION OF AUGUST 14, 2003

Now come Schulman & Kaufman, LLC and Howard J. Schulman and state as follows:

> Mr. Radding:
> "You are here as -- the reason you are a witness is you're counsel, so you are here as counsel...Well, you are counsel, sir. You don't leave your counselship at the door when you come into a deposition, sir. You're being questioned because you are counsel." *See* August 14, 2003 deposition transcript, Tr. 50-51.

INTRODUCTION

This Memorandum addresses questions posed to counsel who was deposed by the Judgment Creditor, Adelberg Rudow Dorf & Hendler, LLC, on August 14, 2003. Undersigned counsel was deposed in his individual capacity and in his capacity as the corporate designee of Schulman & Kaufman, LLC. Undersigned counsel continues to represent William Bond in the post-judgment proceedings in this case. Undersigned counsel also represents Mr. Bond in litigation that is presently pending in the Court of

Special Appeals of Maryland concerning the *ex parte* release of his banking records by the Bank of America. Counsel has also represented William Bond and his wife Alyson concerning writs of garnishment directed at their marital bank accounts.

Both the law firm and the deponent had previously filed a Motion for Protective Order (Paper No. 185), which was denied by letter order of August 4, 2003 (Paper No. 197). The Court's letter order of that date did not address the balancing and weighing of those factors enumerated in Rule 26(b)(2). *See Behler v. Hanlon*, 199 F.R.D. 553, 555 (D. Md. 2001) (Grimm, M.J.); *Thompson v. HUD*, 199 F.R.D. 168, 171 (D. Md 2001) (Grimm, M.J.); *see also Nutramax Lab., Inc. v. Twin Lab, Inc.*, 183 F.R.D. 458, 468 (D. Md. 1998) (Grimm, M.J.) (balancing test designed to weigh the policies underlying the work product doctrine against the need for disclosure to promote effective cross-examination and impeachment).

In this instance, the deponent law firm and counsel gave extensive testimony and produced documents concerning the payment of fees and the fee arrangement with Mr. Bond. The deponent produced at deposition a copy of his entire billing file, as well as related documents requested, with regard to Mr. Bond. This consisted of the original fee agreement and correspondence concerning modifications thereto as the litigation progressed. This information also consisted of each statement sent to Mr. Bond along with a copy of each check received for payment. It consisted of the billing system client ledger for each matter in which the deponent represented Mr. Bond. It also consisted of the trust ledger for Mr. Bond, as well as the separate trust ledger for his mother, Elizabeth Johnson,

who paid for some of Mr. Bond's legal fees by check dated May 2, 2003. The documents also included invoices and copies of checks regarding disbursements made with regard to services performed for Mr. Bond. Additionally, counsel testified at length concerning his records. *See* August 14, 2003 transcript, Tr. 20-33, 53-54, 56-79, 83-86, 88-139. The documents produced at deposition were marked at deposition and have been filed with a copy of the deposition.

At deposition, Judgment Creditor's counsel sought personal information concerning counsel, such as his social security number. Judgment Creditor's counsel also sought to examine undersigned counsel concerning the course and sequence of discovery, under the notion that an attorney does not "leave [his or her] counselship at the door when [he or she] come[s] into a deposition....You are being questioned because you are counsel." (Tr. 51). Additionally, Judgment Creditor's counsel attempted to question undersigned counsel concerning discussions that undersigned counsel had with Bond while Bond was preparing his response to post-judgment interrogatories propounded by the Judgment Creditor. Judgment Creditor's counsel also attempted to question undersigned counsel on the designation of documents as confidential pursuant to the Order of Confidentiality (Paper #197).

The deponent, with regard to the non-privileged questions, made clear on the record that he was not refusing to answer but was requesting that counsel for Judgment Creditor obtain a ruling from the Court. Counsel for Judgment Creditor indicated that he would "save these things up and at an appropriate time" would contact the Court. (Tr. 17-18, 49).

3

## SPECIFIC QUESTIONS AND OBJECTIONS

QUESTION NO. 1:[1] (Tr. 17)

```
1    Q.  Do you have a Social Security number?
2    A.  Yes, I do.
3    Q.  And what is it?
```

REASON FOR OBJECTION: Counsel's social security number is not relevant to the issue of Bond's assets. Thus, this inquiry falls completely outside the scope of Rule 26(b)(1). Furthermore, whatever arguable benefit--and it would be a stretch--that Judgment Creditor might utilize to support this inquiry would be counter-balanced by the limitations set forth in Rule 26(b)(2) in that there is no indication anywhere that Bond has secreted any assets and, assuming Bond had done so, his counsel somehow participated. If this question is permitted, any counsel representing a party against whom a monetary judgment has been imposed would be subject to this unnecessary question, which involves counsel's personal privacy and the answer to which is potentially subject to misuse.

QUESTION NO. 2:   (Tr. 35)

```
12    Q.  -- I'm interrogating you as to your conduct
13   in the discovery regarding money, fees.  And you are
14   here, as I say and as you acknowledge, both as an
15   individual witness and as a custodian.  I'm not trying
16   to confuse you and please let me know if you're
17   confused.
18        You did not provide us with the answers to
19   interrogatories until yesterday; is that correct?
```

REASON FOR OBJECTION: The deponent incorporates by reference the rationale

---

[1] The question numbers are for reference purposes.

for the Reason for Objection to question No. 1 above. The interrogation of opposing counsel at deposition concerning procedural matters related to the discovery would clearly fall outside of Rule 26(b)(1). Furthermore, in the context of Rule 26(b)(2), this leads to the spectra of counsel in civil litigation deposing one another concerning discovery disputes. What right does one party have to depose another party's counsel concerning conduct in the course of discovery, no matter what the perceived wrong might be? If Adelberg is permitted to conduct this line of inquiry, then the Judgment Debtor should be permitted reciprocal discovery concerning similar issues. Still further, the inquiry of counsel intrudes upon the deponent's mental impressions, conclusions, opinions and theories (i.e., work product) and the information imparted to counsel by the client in the course of preparing answers to discovery. The deposition is not a tool for Adelberg to bicker or to use as a bully pulpit.

    QUESTION NO. 3:  (Tr. 49)

```
 7        I'm going to ask a series of questions about
 8   the responses to discovery in this matter dealing with
 9   finances, if you want to just say a question for the
10   Magistrate to short circuit it, we'll add those to the
11   questions we take --
12      A.  Fine, that's fair enough.
13      Q.  -- to the Magistrate.  Okay.
14      A.  Fair enough.
15      Q.  I spoke with you a week ago yesterday, which
16   would have been the 6th to discuss the lateness of
17   discovery, do you recall that?
```

    REASON FOR OBJECTION: Deponent incorporates by reference his reason for objection to question No. 2 above.

5

QUESTION NO. 4:  (Tr. 49-50)

19   Q.  Okay.  Do you recall my telling you that your
20  answers were late?
22   Q.  Do you recall my telling you that I needed
1  those answers to be able to adequately conduct the
2  depositions this week?

REASON FOR OBJECTION: Deponent incorporates by reference his reason for objection to question No. 2 above.

QUESTION NO. 5:  (Tr. 50)

4   Q.  Do you recall refusing to discuss timing with
5  me other than to say that you would furnish us with the
6  answers to interrogatories and with the answers to
7  interrogatories yesterday –
10     In fact, did you refuse to provide us with
11  the answers to interrogatories until yesterday?

REASON FOR OBJECTION:  Deponent incorporates by reference his reason for objection to question No. 2 above.

QUESTION NO. 6:  (Tr. 50)

13   Q.  You have now canceled or sought to cancel Mr.
14  Bond's deposition for tomorrow; is that correct?

REASON FOR OBJECTION:  Deponent incorporates by reference his reason for objection to question No. 2 above.

QUESTION NO. 7:  (Tr. 50)

20   Q.  You are here as -- the reason you are a
21  witness is you're counsel, so you are here as counsel.

REASON FOR OBJECTION:  Deponent incorporates by reference his reason for

objection to question No. 2 above.

  <u>QUESTION NO. 8</u>:  (Tr. 51)

 6  Q.  Are you intending not to show up tomorrow?

  <u>REASON FOR OBJECTION</u>: Deponent incorporates by reference his reason for

objection to question No. 2 above.

  <u>QUESTION NO. 9</u>:  (Tr. 51)

 8  Q.  You're not even going to tell me now whether
 9 you're going to show up tomorrow.

  <u>REASON FOR OBJECTION</u>:  Deponent incorporates by reference his reason for

objection to question No. 2 above.

  <u>QUESTION NO. 10</u>:   (Tr. 51-52)

 14  Q.  Well, you are counsel, sir.  You don't leave
 15 your counselship at the door when you come into a
 16 deposition, sir.  You're being questioned because you
 17 are counsel.  And I know, a question for the
 18 Magistrate.
 22   When did Mr. Bond make plans for this
 1 operation that is causing us to cancel the deposition
 2 that was noted a month ago?

  <u>REASON FOR OBJECTION</u>:  Deponent incorporates by reference his reason for

objection to question No. 2 above.

  <u>QUESTION NO. 11</u>:  (Tr. 52)

 4  Q.  When did you make plans for the vacation you
 5 took instead of answering our discovery demands?

  <u>REASON FOR OBJECTION</u>:  Deponent incorporates by reference his reason for

objection to question No. 2 above.

      QUESTION NO. 12:   (Tr. 52)

 7    Q.  Okay.  You have designated every document
 8  given to us yesterday and the answers to
 9  interrogatories, and I believe there's a prospective
10  designation, although I'm not sure about that, of the
11  documents you have just given us as confidential; is
12  that correct?

      REASON FOR OBJECTION:  Deponent incorporates by reference his reason for

objection to question No. 2.  Additionally, the deponent states that counsel's rationale for

designating any document focuses on his mental impressions, conclusions and opinions and

legal theories of counsel concerning the post-judgment litigation.  It is, therefore,

protected by the work product rule.

      QUESTION NO. 13:   (Tr. 52)

14    Q.  That's on the discovery documents.  That's on
15  the finances, you're refusing to answer that.
17    Q.  Are you designating the documents you've
18  given us today confidential?

      REASON FOR OBJECTION:  Deponent incorporates by reference his reason for

objection to question No.12 above.

      QUESTION NO. 14:   (Tr. 53)

4    Q.  Well, except I could walk out of here right
5  now and give these documents to anybody; isn't that
6  true?

      REASON FOR OBJECTION:  Deponent incorporates by reference his reason for

objection to question No. 12 above.

8

QUESTION NO. 15:  (Tr. 55)

16    Q.  Do you intend to designate every document
17  produced by anyone in this case as confidential?

REASON FOR OBJECTION: Deponent incorporates by reference his reason for objection to question No. 12 above.

QUESTION NO. 16:  (Tr. 91)

18    Q.  I disremember if I had asked you this before.
19  If Mr. Kaufman were here I'm sure he'd point it out to
20  me, but when did you first learn that Mr. Bond was
21  going to be having surgery earlier this month?

REASON FOR OBJECTION: Deponent incorporate by reference their reason for objection to question No. 2 above.

QUESTION NO. 17:  (Tr. 100-101)

20    Q.  Do you know why Mr. Bond's mother has paid
21  his legal fees for him on occasion?
22    A.  I don't know.
1     I take that back.  I may have some
2  information but if I have it, in fact, it's substantive
3  information, it would have been acquired through
4  discussions with Mr. Bond that would fall within the
5  privy of attorney-client privilege.

REASON FOR OBJECTION:   Any information provided by Bond in this regard was to seek the advice of counsel concerning the preparation of answers to post-judgment interrogatories during the week of August 11, 2003. (Tr. 131-33).

QUESTION NO. 18:  (Tr. 117)

13    Q.  Now you say you're going to bring the action
14  subject to the requirements of Rule 11 of the Federal

9

```
15  Rules of Civil Procedure.
16      What does that mean?
17  A.  It means exactly what it says.
18  Q.  Well, I don't understand that.  And I'm a
19  lawyer, he's a layman, to my knowledge.
```

REASON FOR OBJECTION: Adelberg's counsel is attempting to question the deponent concerning a July 27, 2001 fee agreement, a copy of which is part of the exhibits. Counsel's questions are "pushing the envelope" and inquiry into the mental impressions, conclusions, opinions and legal theories.  Moreover, the question does not appear relevant in the context of Rule 26(b)(1), particularly given that the July 27, 2001 fee agreement predates the August 25, 2003 judgment for attorney's fees by nearly two years.

QUESTION NO. 19:   (Tr. 122)

```
7   Q.  Was it your determination that the policies
8   would not cover any of the costs, expenses or judgments
9   of this litigation?
```

REASON FOR OBJECTION: This question refers to counsel's review of a homeowner's insurance policy in March 2002.  Counsel clearly is asking for the mental impressions and conclusions of the deponent, as well as the legal advice that would have flowed from that review and determination.

QUESTION NO. 20:   (Tr. 131)

```
13  Q.  Okay.  Then all of a sudden Mrs. Johnson
14  jumps in.
15      Do you know why that happened, any idea as to
16  why that happened?
```

REASON FOR OBJECTION: Deponent incorporates by reference his reason for

objection to question No. 17 above.

    QUESTION NO. 21:   (Tr. 132)

4    Q.  I don't want to know the whole discussion, I
5  want to know that part of the discussion regarding
6  fees.

    REASON FOR OBJECTION: Deponent incorporates by reference his reason for

objection to question No.17 above.

    QUESTION NO. 22:   (Tr. 133)

5    Q.  I'm not concerned about advice, I'm more
6  concerned about discussions.  What was said about fees?

    REASON FOR OBJECTION:  Deponent incorporates by reference his reason for

objection to question No. 17 above.

 

                            HOWARD J. SCHULMAN
                            Schulman & Kaufman, LLC
                            One Charles Center, Suite 600
                            100 N. Charles Street
                            Baltimore, Maryland 21201
                            (410) 576-0400
                            Attorneys for Plaintiff