IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| ADELBERG RUDOW DORF & HENDLER LLC, | * | |
| Judgment Creditor | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| WILLIAM BOND, | * | |
| Judgment Debtor | * | |

* * * * * * * * * * * * *

**OPPOSITION TO WILLIAM C. BOND'S MOTION FOR PROTECTIVE ORDER**

Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow"), by its attorneys, Andrew Radding and Michael R. Severino, hereby files this Opposition to Judgment Debtor, William C. Bond's ("Bond"), Motion for Protective Order ("Motion"), and for cause states:

1. On or about May 6, 2003, Adelberg Rudow obtained a judgment against Bond in the amount of $69,350.44 for attorneys' fees arising out of Bond's prosecution of a frivolous copyright infringement case against Adelberg Rudow and others. Bond subsequently appealed this judgment for attorneys' fees to the United States Court of Appeals for the Fourth Circuit, which has stayed the appeal pending disposition of Bond's appeal regarding the merits of his claims to the Supreme Court.[1] Because Bond has not obtained a stay of enforcement as to the award of attorneys' fees, Adelberg Rudow has commenced post-judgment discovery in aid of execution.

---

[1] The judgment of the District Court dismissing Bond's claims was affirmed by the United States Court of Appeals for the Fourth Circuit. Bond subsequently appealed the Fourth Circuit's ruling to the Supreme Court, where a writ of certiorari is currently pending.

M:/WP/121/Slavin/Pleadings/Opposition_Bond_Protective Order.

2. Adelberg Rudow has requested discovery from Bond and his counsel ("Counsel") in order to determine the nature and scope of any assets he may have. Regarding Counsel, Adelberg Rudow seeks information regarding the amount of fees Bond has paid, as well as the source of the payments, non-privileged data regarding the existence of any funds that could be utilized to pay any judgment and any monies held in escrow by Counsel or any other attorney on behalf of Bond. Accordingly, Adelberg Rudow noted the deposition *duces tecum* of Counsel. Bond subsequently filed a motion to quash, which this Court denied.

3. Counsel refused to answer a number of questions during his deposition, claiming attorney-client privilege or work-product doctrine and requesting a ruling from the Court. The Court, through a telephonic hearing conducted during the deposition, ordered Counsel to file a motion for protective order seeking a ruling as to any question he refused to answer. Adelberg Rudow now responds to Counsel's arguments in the same order and format raised by Counsel in the Motion.[2]

4. Question number one calls for Counsel's social security number.[3] This is a standard question that has been asked in many depositions by undersigned counsel and to which a deponent rarely objects. The question calls for background information relevant to Counsel and may be useful or necessary should further inquiry be warranted in order to impeach or corroborate Counsel. Since Counsel has apparently designated the entire deposition as confidential, Counsel's personal privacy will be affected in no way and any potential for misuse will be eliminated.[4]

---

[2] In his Motion, Counsel lists a number of questions with corresponding transcript pages.

[3] The deposition transcript has been attached to Bond's Motion and will not be attached hereto.

[4] The Court previously entered a Confidentiality Order restricting disclosure of materials designated as confidential to only the attorneys involved in the garnishment proceedings.

5.      Questions number two through five address Bond's Answers to Interrogatories and lateness in filing same.  Counsel objects to these questions based on relevancy and work-product.  Notwithstanding Counsel's lack of specificity in regard to his objections, Counsel's arguments are without merit inasmuch as these issues are relevant as to whether and how Bond paid his attorneys for any work performed and, in particular, if and how Bond paid for any work performed by Counsel for the referenced discovery requests.  As pointed out by the Court in it's ruling denying Bond's Motion to Quash (August 4, 2003), Bond (or Counsel) has the burden of identifying the basis on which he withholds information and specifying any objection with particularity. Once again, Bond has failed in this regard, instead relying on general and conclusory allegations of relevancy, work-product and/or attorney-client privilege.

6.      Questions six through eleven address Bond's responses to discovery and scheduling Bond's deposition.  Here, Counsel simply incorporates by reference his previous objections without added argument.  Again, these issues are relevant to Bond's payments to Counsel and any fee arrangements that may exist. As originally cited in Adelberg Rudow's Opposition to Bond's Motion to Quash, financial and fee arrangements are not protected by attorney-client privilege:

> The attorney-client privilege normally does not extend to the payment of attorney's fees and expenses.  *United States v. (Under Seal),* 774 F.2d 624, 628 (4th Cir. 1985), *cert. denied,* 475 U.S. 1108, 106 S.Ct. 1514, 89 L.Ed.2d 913 (1986).  *See also United States v. In re Grand Jury Matter,* 789 F.Supp. 693, 695 (D. Md. 1992) (fee arrangement information revealing the date and amount of payments and the identity of the persons making the payments are not privileged because these facts reveal nothing about the advice sought or given); *In re Grand Jury Matter (Special Grand Jury Narcotics) (Under Seal),* 926 F.2d 348, 349 (4th Cir. 1991) (attorney-client privilege and Sixth Amendment do not prohibit disclosure of fee arrangements between attorneys and clients).

. . .

> As noted in <u>Grand Jury Matter,</u> 789 F.Supp. At 696, "the attorney-client privilege does not function to prevent disclosure of damaging or incriminating information, rather, it protects against disclosure of confidential professional communications." The appellants did not carry their burden of establishing that disclosure of the billing records would disclose confidential communications. There was no possibility of a work product claim with respect to those documents.

<u>United States v. Under Seal</u>, 33 F. 3d 342, 354 (4th Cir. 1994).

7. Questions number twelve through sixteen address Bond's designation as confidential every document produced and the scheduling and cancellation of Bond's deposition. Once again, this relates to work performed by Counsel and any payment made for these actions. In addition, these and the prior set of questions go to Bond's attempt to avoid paying this judgment.

8. Question number seventeen addresses the payment of Bond's legal fees by a third party. As noted above, the payment of attorneys' fees and the nature of such payments are not protected by attorney-client privilege. Information revealing the amount and nature of payments are not privileged because this information reveals nothing about the substantive legal advice sought and/or given. Accordingly, this is a proper area of inquiry. Also, Counsel simply makes a blanket assertion of privilege and fails to specify the objection with particularity, as required.

9. Question number eighteen addresses a letter dated July 27, 2001, which details the fee agreement between Bond and Counsel. Such information is relevant notwithstanding the fact that the fee arrangement pre-dates the judgment because it involves payments made by Bond, which necessarily implicate his assets. Also, there is language within the letter indicating that the action is going to be brought subject to the requirements of Rule 11 of the Federal Rules of Civil

Procedure.[5] As stated above, fee agreement information is not privileged and to the extent any other privilege applies to any other information contained in the letter, such privilege has been waived by production of an un-redacted copy of the letter. Accordingly, the contents of the letter are subject to inquiry. While Counsel argues that this information is protected by work-product, he does not submit any details as to how any such work-product protections apply and have not been waived.

10. Question number nineteen addresses potential insurance policies that may cover the attorneys' fees paid in this case and any judgment entered against Bond. Any potential source of payment by or on behalf of Bond is relevant because it involves a potential source of payment for the judgment and not protected by attorney-client privilege because it does not involve legal advice sought and/or given.

11. Question number twenty addresses the payment of attorneys' fees by a third-party on behalf of Bond and, as such, is not encompassed by the attorney-client privilege. Once again, this information relates to the payment of attorney's fees and not the legal advice sought or given. While Counsel makes a blanket assertion of privilege, it is not sufficiently detailed enough to examine the propriety of any such assertion and, accordingly, must fail. Clearly, this may lead to the discovery of available funds to pay this judgment.[6]

---

[5] It should be noted that the District Court has ruled the action frivolous and been affirmed by the Fourth Circuit.

[6] To the extent any objection was raised at deposition and not raised in the Motion, Adelberg Rudow submits that such objection has been waived.

WHEREFORE, Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, hereby requests that this Honorable Court deny Judgment Debtor's Motion for Protective Order and order the deponent to fully respond to any and all questions at deposition.

                    Respectfully submitted,

_____/s/_____
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 025204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195