IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM C. BOND,                          *

      Plaintiff                         *

v.                                        *       Civil Action No.: MJG-01-CV-2600

KENNETH BLUM, SR., *et al.*,              *

      Defendants                        *

    *     *     *     *     *     *     *     *     *

REPLY MEMORANDUM IN SUPPORT OF
JUDGMENT DEBTOR'S MOTION FOR PROTECTIVE ORDER
(PAPER NO. 199)

Now come Schulman & Kaufman, LLC and Howard J. Schulman and state as

follows:

This is a collection case.  Judgment Creditor, Adelberg, Rudow, Dorf & Hendler,

LLC (hereafter "Judgment Creditor"), relies upon *United States v. (Under Seal),* 33 F. 3d

342, 354 (4th Cir. 1994)*; United States v. (Under Seal)*, 774 F.2d 624, 628 (4th Cir.

1985), *cert. denied* 475 U.S. 1108 (1986); *In re Grand Jury Matter* (Special Grand Jury

Narcotics) (Under Seal), 926 F.2d 348, 349 (4th Cir. 1991); *United States v. In re Grand*

*Jury Matter*, 789 F.Supp. 693, 695 (D. Md. 1992), to support its argument that

discussions between counsel and Judgment Debtor the week of August 11, 2003 during

the course of Bond's preparation of Answers to Interrogatories are not privileged

communications.  Seemingly, Judgment Creditor argues that any professional discussions

whatsoever with counsel that touch on attorneys' fees are not privileged. The cases cited by Judgment Creditor, however, go no further than the fee arrangements, the date and amount of payments and the identity of the persons making the payments are not privileged. Deponent in this instance has produced all such information in abundance as reflected by exhibits to the deposition submitted to the Court as attachments to Paper No. 199. Moreover, the deponent provided extensive testimony concerning these documents. What Judgment Creditor now seeks is something entirely different.

Bond, as Judgment Debtor, has various rights under state and federal law concerning the execution on the judgment in question. *See, e.g.,* Md. Cts. & Jud. Proc. Code, § 11-603 (joint property--spousal property), § 11-504 (exemptions from execution). Bond has potential recourse to the bankruptcy laws. He has the right to be represented by counsel in post-judgment discovery proceedings.

What Judgment Creditor ignores is that the deponent in this instance wears two hats. The first is his personal knowledge concerning the fee arrangement, the date and amount of payments and the identity of persons making any such payments. The other hat is that of counsel to Bond in the post-judgment proceedings. Any discussions between counsel and Bond in preparation of the interrogatory answers were not contemporaneous with any payments or events related to payments in this case and involved Bond's seeking counsel's advice concerning the preparation of interrogatory

answers.[1]   Judgment Debtor is not aware of any rule of law that requires the abrogation

of the attorney-client privilege to the inquisition of collection attorneys.

While Judgment Creditor attempts to justify the request for counsel's social

security number by stating that it is "background information relevant to counsel and may

be useful and necessary should further inquiry be warranted in order to impeach or

corroborate Counsel," this background information is no more relevant to the post-

judgment proceedings against Bond than would be counsel's medical records without

some additional showing or need, in terms of the benefits and burdens analysis imposed

by Rule 26(b)(2).   Given that the question requesting counsel's social security number

was virtually the first question, apart from counsel's name, it appears to be a calculated

"mind game" and bullying tactic.  If Judgment Creditor, at some point, is in particularized

need of counsel's social security number, then Judgment Creditor is free to make

application to the Court to justify the particular information pursuant to Rule 26(b)(2).

Howard J. Schulman
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff

---

[1]Even contemporaneous advice from counsel to Bond related to the payments would be protected by the attorney-client privilege.