UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

October 31, 2003

Howard J. Schulman, Esquire
Schulman and Kaufman, LLC
One Charles Center
100 North Charles Street, Suite 600
Baltimore, Maryland   21201

Gerard P. Martin, Esquire
Martin Snyder and Bernstein, PA
217 East Redwood Street, Suite 2000
Baltimore, Maryland   21202

Kathryn Miller Goldman, Esquire
Goldman & Minton, PC
207 East Redwood Street, Suite 400
Baltimore, Maryland   21202

William A. McDaniel, Jr., Esquire
McDaniel Bennett and Griffin
118 West Mulberry Street
Baltimore, Maryland   21201-3600

Amy Estelle Askew, Esquire
William F. Ryan, Jr., Esquire
Whiteford Taylor and Preston
Seven Saint Paul Street, Suite 1400
Baltimore, Maryland   21202

Andrew Radding, Esquire
Adelberg Rudow Dorf and Hendler
600 Mercantile Bank & Trust Bldg
2 Hopkins Plaza
Baltimore, Maryland   21201-2927

Subject: *William C. Bond v. Kenneth Blum, Sr., et al.*
Civil Action No. MJG-01-2600

Dear Counsel:

On August 26, 2003, the judgment creditor in this action conducted a deposition of counsel for the judgment debtor as part of post-judgment discovery in aid of execution regarding fees paid by the judgment debtor to counsel. The deponent declined to answer various questions during the course of the deposition, and the parties contacted the Court during the deposition seeking a resolution of their dispute. The deponent, following the direction of the Court that the issues presented be briefed, has filed a motion for a protective order (Paper No. 199). The issues have been fully briefed (Papers 200 & 201), and no hearing is necessary. Local Rule 105.6. The questions presented will be addressed *in seriatim*.

1. In Question No. 1, deponent was asked for his Social Security number. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

2. Deponent is asked whether it was true that he did not provide answers to interrogatories until the previous day. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

Letter to Counsel - *Bond v Blum*
Page 2
October 31, 2003

3. Deponent is asked whether he recalls a conversation with counsel regarding the lateness of discovery. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

4. Deponent is asked again whether he recalls a conversation with counsel regarding the lateness of discovery. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

5. Deponent is asked whether he recalled refusing to discuss timing of discovery and whether he refused to provide answers until the previous day. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

6. Deponent is asked whether he has sought to cancel his client's deposition scheduled for the next day. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

7. Question 7 is not a question at all, so the issue of whether it must be answered is moot.

8. Deponent is asked whether he intends to show up the next day. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

9. Question 9 is not a question at all, so the issue of whether it must be answered is moot.

10. Deponent is asked when the judgment debtor made plans for the operation that was causing the cancellation of his deposition. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

11. Deponent is asked when he made plans for the vacation he took instead of responding to discovery. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

12. Deponent is asked whether he has designated all the discovery provided as confidential. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

13. Deponent again asked whether he has designated all the discovery provided as confidential. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

14. Deponent is asked whether it is true that judgment debtor's counsel could walk out and give the documents to anybody. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

Letter to Counsel - *Bond v Blum*
Page 3
October 31, 2003

      15. Deponent is asked whether he intends to designate every document produced as confidential. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

      16. Deponent is asked when he first heard that his client was to have surgery earlier in the month. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

      17. Deponent is asked why judgment debtor's mother had paid his legal fees on occasion. Deponent declined to answer citing attorney-client privilege. In amplifying his response, deponent states to the Court that any information provided by the judgment debtor in regard to this question was to seek advice of counsel concerning the preparations of answers to post-judgment interrogatories during the week of August 11, 2003. The issue is protected by attorney-client privilege, and the motion is GRANTED as to this question.

      18. Deponent is asked about some language in a fee agreement letter, which language does not relate in any way to fees charged or paid. The question appears to seek the views and impressions of counsel regarding a non-fee issue. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

      19. Deponent is asked whether it was his determination that certain insurance would not cover litigation expenses. The question appears to seek the views and impressions of counsel and is legal rather than financial in nature. This question is not designed to lead to discoverable evidence, and the motion is GRANTED as to this question.

      20. Deponent again is asked about why judgment debtor's mother paid his legal fees. The issue is protected by attorney-client privilege, and the motion is GRANTED as to this question.

      21. Deponent is asked a follow-up question that essentially is the same question. The issue is protected by attorney-client privilege, and the motion is GRANTED as to this question

      22. Deponent is asked another follow-up question that essentially is the same question. The issue is protected by attorney-client privilege, and the motion is GRANTED as to this question

      Although informal, this letter constitutes an Order of the Court and will be docketed accordingly.

      Very truly yours,

      /s/

      James K. Bredar
      United States Magistrate Judge

Letter to Counsel - *Bond v Blum*
Page 4
October 31, 2003


JKB/cw
cc: The Hon. Marvin J. Garbis
 Court file
 Chambers file