IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,                    *

       Plaintiff              *

  v.                               *        Civil Action No.: MJG-01-CV-2600

KENNETH BLUM, SR., *et al.*,        *

       Defendants             *

    *    *    *    *    *    *    *    *    *

MOTION TO EXTEND RULE 30(e) TIME
FOR WITNESS TO REVIEW DEPOSITION

Now comes William C. Bond, Judgment Debtor, and respectfully requests this

Court to extend the time in which he may review his deposition transcript to on or before

December 1, 2003 for the following reasons:

1.    Federal Rule of Civil Procedure 30(e) provides that a deponent shall have

thirty (30) days after being notified by the office transcribing or recording the deposition

in which to review the deposition and make any changes.  Rule 30(e) further provides that

the officer is to indicate whether any review was requested in the Certificate.

2.    William C. Bond, Judgment Debtor in this matter, was deposed by

Adelberg, Rudow, Dorf & Hendler, LLC on September 24, 2003.  By notice dated

October 14, 2003, the court reporting service, L.A.D. Reporting Company, Inc., advised

that the transcript was ready for Mr. Bond's review.  Since Mr. Bond did not request or

order a copy of the transcript, it necessitated his appearing in the office of the court

reporting service to review the deposition for any changes.

3.    Bond's undersigned counsel was out of the area on vacation from October 9, 2003 through October 27, 2003 and did not follow up on the letter from the court reporting service until some time during the week of October 27, 2003. A staff member from counsel's office contacted the court reporting service to inquire about an extension and was advised that the court reporting service had no objection to an extension provided the parties so agreed.  By fax, therefore, on November 3, 2003, undersigned counsel followed up with a written request to the parties requesting an extension from Sunday, November 16, 2003, until Monday, December 1, 2003.  A copy is attached.  This request was necessitated by the fact that Mr. Bond would be out of the area from November 7-16, 2003.  By letter dated November 6, 2003, counsel for Adelberg, Rudow advised that he was declining the request because of "the history of your conduct with this firm and me in this litigation".  A copy is attached.

4.    Adelberg, Rudow has already received its transcript.  Adelberg, Rudow cites no prejudice from the 15-day extension.  The request is based on the confluence of three factors:   the date on which the court reporting service notified that the transcript was ready, counsel's vacation and Bond's being out of the state until November 16, 2003. It appears unlikely that Adelberg, Rudow will be able to point to any prejudice from this delay and has clearly stated that its purpose in not affording the extension was to be vexatious.

WHEREFORE, for the aforementioned reasons, Plaintiff, William C. Bond, requests that the Court grant a 15-day extension for Plaintiff to review his deposition transcript.

---

Howard J. Schulman
SCHULMAN & KAUFMAN, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff/ Judgment Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November, 2003, a copy of the foregoing Motion to Extend Rule 30(e) Time for Witness to Review Deposition was sent by facsimile (301-762-0606) and mailed first-class, postage prepaid, to L.A.D. Reporting Company, Inc., Suite 201, 1684 E. Gude Drive, Rockville, Maryland 20850; and mailed first-class, postage prepaid, to L.A.D. Reporting Company, Inc., 10 N. Calvert Street, Baltimore, Maryland 21202.

---

Howard J. Schulman