IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| WILLIAM C. BOND, | * |
| Plaintiff | * |
| v. | * Case No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al, | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND RULE 30(e)
TIME FOR WITNESS TO REVIEW DEPOSITION**

Defendant/Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow"), by its attorneys, Andrew Radding and Michael R. Severino, files this Opposition to Plaintiff/Judgment Debtor's Motion to Extend Rule 30(e) Time for Witness to Review Deposition, and states as follows:

1. Plaintiff/Judgment Debtor, an individual who owes Adelberg Rudow approximately $70,000.00 in fees based on his filing of a frivolous claim, seeks an extension from this Court of the time during which he is to review his deposition.

2. As the Court well realizes, Plaintiff and his counsel instituted this baseless and frivolous litigation and prosecuted this meritless case well after being informed of its frivolous nature and have perpetuated this litigation at every step, causing all Defendants to incur substantial unnecessary fees, which remain due and owing to Adelberg Rudow (and possibly all Defendants).

3. This Honorable Court dismissed Plaintiff's claims before trial. Undeterred, Plaintiff sought to alter or amend that judgement and subsequently argued his case unsuccessfully all the way to the Supreme Court, which recently denied *certiorari*. At every turn, Plaintiff sought to prolong the inevitable, only causing Adelberg Rudow additional expense.

4. Unsuccessful on the merits their case, Plaintiff and his counsel have delayed Adelberg Rudow's efforts to collect its sizeable judgment. The recent depositions were delayed by Plaintiff's foot surgery (apparently scheduled right before his noted deposition date), as well as one of Plaintiff counsel's vacations. Counsel's vacation was the reason for the failure to produce discovery responses until immediately prior to his deposition, necessitating Magistrate Judge Bredar to order a second deposition of Plaintiff's counsel.

5. Once again, Plaintiff's counsel offers up a vacation as an excuse to delay yet another deadline and, once again, Plaintiff is out of the area immediately prior to the deadline. While Plaintiff describes Adelberg Rudow's conduct as "vexatious," Adelberg Rudow, one of the victims in this case, is justifiably exercised at having been dragged through several rounds of frivolous litigation and multiple appeals. Plaintiff and his counsel have repeatedly ignored deadlines and schedules and then required court intervention. They then characterize and name call at their victims. Plaintiff should stop incurring fees for all parties and, instead, use those resources to pay his judgment.

6. As for Plaintiff's purported reasons for needing the additional time, Plaintiff's counsel did not raise any of these in his request for an extension, offering no explanation for the delay except that they wanted it. Had Adelberg Rudow known of the reasons, Plaintiff may have received the extension without further disagreement. Instead Plaintiff resorts to name calling.

7. It should further be noted that by filing this Motion some five days before the

original time period expired (which included an additional three days for mailing), Plaintiff has essentially awarded himself the requested two week period.  Plaintiff's counsel states he was out of the area on one of his vacations from October 9, 2003 through October 27, 2003; he could have sent his letter request in proper form prior to leaving and, if refused, filed this Motion upon return from his vacation in late October, 2003.  Now, with appropriate time to respond to Plaintiff's Motion and for the Court to consider the request, the requested two week extension will have passed and the Motion will have become moot.  Such tactics play fast and loose with the Court and its rules and such continuances should not be condoned.

8.	Plaintiff claims that Adelberg Rudow is being "vexatious," but fails to acknowledge that his prosecution of a frivolous and baseless lawsuit has cost multiple law firms and individuals significant sums of money.  Moreover, his delay tactics and constant filings at both the district court and appellate levels (motion to alter or amend, petition for rehearing *en banc*, petition for certiorari to the Supreme Court)(second appeal to Fourth Circuit - recently abandoned) after being informed by this Court that his case was frivolous have delayed this litigation and increased the already substantial fees incurred by the Defendants.  Courtesy begets courtesy; in the instant case Plaintiff has show a disregard for same.

WHEREFORE, Defendant, Adelberg, Rudow, Dorf & Hendler, LLC, hereby request that this Honorable Court deny Plaintiff's Motion to Extend Rule 30(e) Time for Witness to Review his Deposition and sanction Plaintiff $100.00 per day for each day following November 17, 2003 that the transcript is not reviewed or review waived.

Respectfully submitted,

_____/s/_____
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar no. 25204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland  21201-2927
410-539-5195

*Attorneys for Adelberg, Rudow, Dorf & Hendler, LLC*