IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

MOTION FOR RELEASE OF FUNDS PURSUANT TO MARYLAND
BUSINESS OCCUPATIONS & PROFESSIONS ARTICLE § 10-501

Third-Parties Howard J. Schulman and Schulman & Kaufman, LLC., pursuant to Maryland Rule 2-645 (i), joined by Judgment Debtor, William C. Bond, state:

1. Movants seek the release of property otherwise subject to garnishment that is in possession of Bank of America, N.A. but is subject to a priority lien for legal services provided to the Judgment Debtor.

2. On September 18, 2006, the Circuit Court for Baltimore City (Hon. David Ross, Case No. 24-C-05-011210) found Garnishee, Bank of America, N.A., liable to Judgment Debtor, William C. Bond, in the amount of $31, 249.26, which represented $4,124.26 in expenses and $27,125.00 in attorneys' fees incurred as a result of the Banks' illegal production of confidential financial records in child-custody litigation (hereinafter the "underlying case"). Judgment to that effect was entered on September 21, 2006.

3. The Clerk issued a Writ of Garnishment to the Bank of America. N.A. (Paper No. 215) on September 21, 2006, which, according to the affidavit of service (Paper No. 216), was served that same day.

4. The Writ of Garnishment was issued pursuant to Maryland Rule 2-645. *See* Fed.R.Civ.Pro. 64. Both Maryland procedural and substantive law apply. *Ospina v. Vanelli,* 34 F.R.D. 151, 152 (D.Minn. 1964). Maryland Business Occupations & Professions Article § 10-501 provides:

> (a) Subject to subsection (b) of this section, an attorney at law has a lien on:
> > (1) a cause of action or proceeding of a client of the attorney at law from the time the cause of action arises or the proceeding begins; and
> > (2) a settlement, judgment, or award that a client receives as a result of legal services that the attorney at law performs.
> (b) A lien under this section attaches only if, and to the extent that, under a specific agreement between an attorney at law and a client, the client owes the attorney at law a fee or other compensation for legal services that produced the settlement, judgment, or award.
> (c) A lien under this section is subordinate only to:
> > (1) a prior lien for wages due to an employee of the client for work related to the settlement, judgment, or award; or
> > (2) a lien for taxes that the client owes the State.
> (d) An attorney at law may retain property subject to a lien under this section and bring an action for execution under the lien only in accordance with rules that the Court of Appeals adopts.

5. The attached Affidavit of Howard J. Schulman ("Schulman Affidavit") establishes that, as a result of Maryland Business Occupations & Professions Article §

10-501, Movants have a lien on $30,535.75 of the judgment in Case No. 24-C-05-011210 that is superior to that of the Judgment Creditor.

WHEREFORE, Howard J. Schulman and Schulman & Kaufman, LLC respectfully request that $30,535.75 of the $31,249.26 judgment be released from garnishment in question for payment to Howard J. Schulman and Schulman & Kaufman, LLC.

_____/s/_____
HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2006, a copy of Third-Parties Howard J. Schulman and Schulman & Kaufman, LLC.'s Motion for Release of Funds Pursuant to Maryland Business Occupations & Professions Article § 10-501 was e-mailed and mailed first-class, postage prepaid, to Robert S. Brennen, Esquire, Miles & Stockbridge, P.C., 10 Light Street, Baltimore, Maryland 21202-1487, attorneys for Garnishee Bank of America, N.A..

_____/s/_____
HOWARD J. SCHULMAN