IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### AFFIDAVIT OF HOWARD J. SCHULMAN

1.  My name is Howard J. Schulman. My business address is Schulman & Kaufman, LLC, One Charles Center, Suite 600, 100 N. Charles Street, Baltimore, Maryland 21201. I am counsel to Judgment Debtor, William C. Bond, in this case and others. I have personal knowledge of the matters set forth herein. I am over 21 years of age. I am competent to testify.

2.  I was counsel to William C. Bond in the related cases in Circuit Court for Baltimore City Case Nos. 24-D-01-003359 and 24-D-95-249006. (For purposes of convenience of discussion, these matters will be referred to as the "underlying case.") These cases resulted in *Bond v. Slavin*, 157 Md App. 340 (2004) and a protective order that was entered by the Circuit Court for Baltimore City (Holland, J.) on February 11, 2005 in case no. 24-D-95-245006. The history of this matter is detailed in the reported opinion of the Court of Special Appeals. The Court of Special Appeals held that the Bank of America, N.A. violated the confidentiality provisions of the Maryland Financial

Institutions Act when the bank made an *ex parte* disclosure of Mr. Bond's banking records to Caroline Griffin. In exchange for my legal services in the underlying case, Mr. Bond agreed to pay me $350 an hour plus expenses. Mr. Bond was billed altogether $75,769.26 for services in that matter, including expenses. Mr. Bond paid $16,283.02 on the account for that matter, leaving a balance of $59,486.24.

3. After a futile attempt to reach a settlement with Bank of America, N.A., for the wrongful release of Mr. Bond's records, William Bond and Alyson Bond instituted the case styled *William C. Bond et al. v. Bank of America, N.A.* in the Circuit Court for Baltimore City, Case No.: 24-C-05-011210. (For purposes of convenience of reference, this case will sometimes be referred to in this affidavit as the "bank tort case.") This case was filed on December 14, 2005. A copy of the amended complaint in that case is attached. I was co-counsel in that case with David S. Goldberg. I participated in the case pre-trial as counsel, but did not participate as counsel in the trial of the case itself because I was a witness concerning the attorney's fees incurred by Mr. Bond in the underlying case. As the complaint reflects, Mr. Bond made claims for the attorney's fees he had incurred in the underlying case and, additionally, for general damages based on emotional distress and the like. The case was tried to a court on September 15 and 18, 2006, retired Judge David Ross presiding. Judge Ross found Bank of America, N.A., had clearly committed a civil wrong by producing Mr. Bond's banking records in violation of the confidentiality provisions of the Maryland Financial Institutions Act. Judge Ross, in his oral opinion from the bench, specifically declined to award William C. Bond any general

damages, i.e. for emotional distress and the like. Judge Ross, however, held that Bond was entitled to recover attorneys' fees and expenses for the underlying litigation. Judge Ross thereby determined that the amount of reasonable attorney's fees and expenses for the underlying case was $31,249.26. More specifically, Judge Ross determined the amount of reasonable attorney's fees to be $27,125.00 and reasonable expenses to be $4,124.26. Based on this finding, Judge Ross held that judgment would be entered in favor of Mr. Bond against Bank of America, N.A. in the amount of $31,249.26. I was present in open court when Judge Ross made this ruling and issued his findings.

4. Under the literal terms of my agreement with Mr. Bond for my services in the underlying case, Mr. Bond would owe me $59,486.24. However, under the terms of Judge Ross's ruling, the reasonable amount of attorney's fees and expenses was $31,249.26, which I am obligated under Maryland Rule of Professional Conduct 1.5 to reduce my fees to as long as Judge Ross's ruling stands. The amount for my services in the underlying case is, therefore, the amount that Judge Ross determined ($31,249.26), less what Mr. Bond has paid on the account for the underlying case ($16,283.02). Thus, Mr. Bond still owes Schulman & Kaufman, LLC and me $14,966.24 as the balance for the legal services provided in the underlying case.

5. My fee agreement with Mr. Bond for the tort case against Bank of America, N.A. was that I would charge $350 per hour for my services for preparation of that case for trial, plus expenses. Mr. Bond and I agreed that the amount of my hourly fees would be capped at $10,000.00, provided I received any attorney's fees awarded by the court for

my services and the services of Schulman & Kaufman, LLC in the underlying action. I devoted 158 hours of my professional services to the bank tort case prior to September 1, 2006. Additionally, Mr. Bond has incurred $5,569.51 for expenses in the bank tort case, which is owed to Schulman & Kaufman, LLC. Thus, Mr. Bond owes Schulman & Kaufman, LLC and me $15,569.51 as the balance for the services provided in the case against Bank of America, N.A.

6. As summarized by the attached Worksheet, the total amount Mr. Bond owes Schulman & Kaufman, LLC and me out of the garnished judgment for legal services performed in the underlying and bank tort cases is $30,535.75 ($14,966.24 plus $15,569.51).

I affirm under the penalty of perjury that the foregoing is true.

Howard J. Schulman

Date: October 18, 2006