IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM C. BOND                          *

    Plaintiff                            *

v.                                       *    Civil Court Action No: MJG-01-CV2600

KENNETH BLUM, SR., ET AL.                *

    Defendant                            *

    *    *    *    *    *    *    *    *    *    *    *

## JUDGMENT CREDITOR MCDANIEL, BENNETT & GRIFFIN'S OBJECTION TO REQUEST FOR RELEASE OF PROPERTY FROM GARNISHMENT

Judgment Creditor McDaniel Bennett & Griffin ("Judgment Creditor McDaniel") files this Objection to the above Request filed by Third-Parties Howard J. Schulman and Schulman & Kauffman, LLC (hereinafter "Attorney Schulman") in the above referenced matter. Judgment Creditor McDaniel asks this Court to DENY the request of Attorney Schulman and for the following three reasons:

1.      First, Rule 2-652 (b) of the Maryland Rules of Civil Procedure requires that an attorney who has such a lien must assert the lien by "a written notice by <u>certified mail</u> or <u>personal delivery</u> upon the client <u>and</u> upon each person against whom the lien is to be enforced." Maryland Rule 2-652(b). Here, Attorney Schulman attempts to enforce the asserted lien against Judgment Creditor McDaniel. He did not, however, serve a notice by certified mail or personal delivery upon Judgment Creditor McDaniel. Thus, Attorney Schulman's request should be denied.

2.      Second, pursuant to Md. Code Ann., Bus. Occ. & Prof. §10-501(b), "a lien under this section attaches only if, and to the extent, under a specific agreement between an attorney at law and a client, the client owes the attorney at law a fee or other compensation for legal services that produced the settlement, judgment, or award." Attorney Schulman, in his Amended Motion for Release of Funds, vaguely references a contingent fee agreement, but fails to attach the specific agreement.

Pursuant to Rule 1.5 (c) of the Maryland Rules of Professional Conduct,

A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of a settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be responsible whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter, and, if there is a recovery, showing the remittance to the client and the method of its determination. (emphasis added)

Attorney Schulman has failed to produce the specific written agreement that is required by both Md. Code Ann., Bus. Occ. & Prof. §10-501(b) and the Maryland Rules of Professional Conduct. Thus, Attorney Schulman's request should be denied.

3.      In his Motion, Attorney Schulman's description of his contingent fee agreement makes clear that the vast majority of his lien claim relates directly to legal services provided in another case and thus those services did not produce the award presently being garnished by the Judgment Creditor. Specifically,

> My fee arrangement with Mr. Bond for the tort case against the Bank of America, N.A. was that I would charge $350 per hour for my services for preparation of that case for trial plus expenses.  Mr. Bond and I agreed that the amount of my hourly fees would be capped at $10,000.00, <u>provided I received any attorney's fees awarded by the court for my services and the services of Schulman & Kaufman LLC in the underlying action</u>.

Motion at ¶ 5.

Because the statute only permits recovery for fees or other compensation <u>for legal services that produced the settlement, judgment, or award</u>, Attorney Schulman's request should be denied.

WHEREFORE, Judgment Creditor McDaniel respectfully requests that this Court DENY the above Request for Release for Funds from Garnishment.

Respectfully submitted,

_____/s/_____
William F. Ryan, Jr. #00360
Amy E. Askew, #26709
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Judgment
Creditor/Defendant
McDaniel, Bennett & Griffin