IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| ADELBERG RUDOW DORF & HENDLER LLC, | * | |
| Judgment Creditor | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| WILLIAM BOND, | * | |
| Judgment Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO THIRD PARTIES' HOWARD J. SCHULMAN AND SCHULMAN & KAUFMAN, LLC, AMENDED MOTION FOR RELEASE OF FUNDS**

Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow"), by its attorneys, Andrew Radding and Michael R. Severino, hereby files this Opposition to Howard J. Schulman's and Schulman & Kaufman (collectively, "Schulman"), LLC's, Motion for Release of Funds ("Motion"), and for cause states:

**Background**

1. On or about May 6, 2003, Adelberg Rudow obtained a judgment against William Bond ("Bond") in the amount of $69,350.44 for attorneys' fees arising out of Bond's prosecution of a frivolous copyright infringement case against Adelberg Rudow and others. Bond subsequently appealed this judgment for attorneys' fees to the United States Court of Appeals for the Fourth Circuit, which affirmed the District Court.

2. Adelberg Rudow has since collected money in partial satisfaction of the judgment. Adelberg Rudow also recorded the judgment in the Circuit Court for Baltimore City.

3. In September 2006, the Circuit Court for Baltimore City, case no. 24-C-05-01120, ruled in favor of Schulman's client, Bond, and awarded Bond $31,249.26 in an action against Bank of America, N.A. Upon information and belief, that judgment has been appealed.

4. On September 21, 2006, co-Judgment Creditor McDaniel Bennett & Griffin ("McDaniel Bennett") served a Writ of Garnishment on Bank of America based on its unsatisfied judgment against Bond.

5. On or about October 18, 2006, Schulman filed the Motion seeking release of funds held by Bank of America in the amount of $30,864.50 based on Md. Code Ann., Bus. Occ. & Prof. § 10-501.

6. On October 27, 2006, Adelberg Rudow served Writs of Garnishment on Bank of America and Miles & Stockbridge, P.C., its attorneys, based on its unsatisfied judgment against Bond.

**Argument**

7. Md. Code Ann., Bus. Occ. & Prof., § 10-501 provides that an attorney's lien attaches to any award or judgment "only if, and to the extent that, under a specific agreement between an attorney at law and a client, the client owes that attorney at law a fee or other compensation for legal services that produces the settlement, judgment, or award." Section 10-501(d) further provides that an attorney may "bring an action for execution under the lien only in accordance with rules that the Court of Appeals adopts."

8. Md. Rule 2-652 mandates that an attorney who has a statutory lien "may assert the lien by serving a written notice by certified mail … upon each person against whom the lien is to be enforced." Upon information and belief, no such notice has been sent to Bank of America. No such notice was sent to Adelberg Rudow, whose judgment is still extant.

9. Schulman states in his original Affidavit that the attorneys' fees he now claims from the judgment awarded Bond arise from three separate actions – case nos. 24-D-01-003359, 24-D-95-249006 and 24-C-05-011210. Schulman labels the first two cases the "underlying case" and the last as the "bank tort case." Schulman claims attorneys' fees for the "bank tort case" in the amount of $15,898.26. He also claims fees for the "underlying case" in the amount of $14,966.24. See Affidavit of Howard Schulman, ¶¶ 2-6. Schulman relies extensively on Judge Ross' ruling in the "bank tort case" to support his position.

10. While Schulman claims he is entitled to certain monies for work performed in these three cases, he fails to attach his retainer agreement or any billing records to support his claims. Md. Code Ann., Bus. Occ. & Prof., § 10-501 requires a "specific agreement" between attorney and client. Schulman has failed to produce any such agreement. Judgment creditors should be allowed to examine the agreement that forms the basis for the lien, as well as the billing records that support the amount claimed and extent of the lien.

11. Notwithstanding the above, Schulman can only claim pursuant to Md. Code Ann., Bus. Occ. & Prof., § 10-501 those fees "that produced the settlement, judgment or award." The judgment in this case is the judgment in the "bank tort case", which, by Schulman's own admission, gives rise to fees in the amount of $15,898.26. Any monies owed for the "underlying case" are not within the scope of Md. Code Ann., Bus. Occ. & Prof., § 10-501 and thus cannot be the basis of any lien on the judgment.

12. Schulman's request is both procedurally and substantively deficient. He should not be accorded preference for his fees when Adelberg Rudow and McDaniel Bennett, two law firms which both incurred significant fees defending Bond's baseless copyright action, have yet to be paid the sizable judgments in their favor.

WHEREFORE, Judgment Creditor, Adelberg, Rudow, Dorf & Hendler, LLC, hereby requests that this Honorable Court deny Howard J. Schulman's and Schulman & Kaufman, LLC's, Motion for Release of Funds, and award all further relief this Court deems appropriate.

Respectfully submitted,

_____/s/_____
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 025204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195