IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*

### SECOND SUPPLEMENTAL AFFIDAVIT OF HOWARD J.SCHULMAN

1.  My name is Howard J. Schulman. My business address is Schulman & Kaufman, LLC, One Charles Center, Suite 600, 100 N. Charles Street, Baltimore, Maryland 21201. I am counsel to Judgment Debtor, William C. Bond, in this case and others. I have personal knowledge of the matters set forth herein. I am over 21 years of age. I am competent to testify.

2.  The purpose of this affidavit is to supplement my prior affidavits of October 18 & 26, 2006, which were filed as ECF court documents No. 218-2 and 220.

3.  The judgment creditors in this action, Adelberg, Rudow, Dorf & Hendler, LLC and McDaniel, Bennett and Griffin, took my depositions on August 14, 2003 in this case (MJG 01-2600) and, as continued, on March 19, 2004. At both these deposition sessions, the judgment creditors were represented by Andrew Radding and Amy E. Askew, respectively. At the August 14, 2003 session, I produced pursuant to subpoena the billing files for all Schulman & Kaufman LLC matters for which I and the firm

performed services for William C. Bond. Among those files was that for matter number 202.607, which was our firm billing number for the "underlying case" involving the illegal production of records by the Bank of America, which resulted in the published opinion of the Court of Special Appeals of Maryland and the subsequent protective order being issued. This folder/file was marked as deposition exhibit number seven. I generally identified the nature of the matter at this deposition. At the August 14, 2003 session, I produced a client ledger statement and professional statements through that date. At the March 19, 2004 session of the deposition, I produced an updated and then-current ledger card for matter No. 202.607 and bills dated January 15 & 20, 2004, reflecting a balance owed on the account of $62,001.02.[1]

4.     Caroline Griffin and McDaniel, Bennett & Griffin were parties to the "bank tort case," but were dismissed on a motion for failure to state a claim by the Circuit Court's order of May 22, 2006. The complaint in the bank tort case referred to the claim for attorneys' fees for the underlying action. Prior thereto, on September 4, 2003, I caused a letter to be mailed via first-class mail, postage prepaid, to Caroline Griffin at McDaniel, Bennett & Griffin and the Bank, making a demand for settlement for the amount of the underlying attorneys' fees. I did not receive a response from Griffin. On March 31, 2005, I caused a letter to be mailed on March 31, 2005, postage prepaid, first-class mail to William F. Ryan, Jr., attorney for Ms. Griffin and McDaniel, Bennett &

---

[1] As of that date, the ledger card reflected in that the Bonds had paid $6,283.02 on the account. As of the time of trial in the underlying case on September 15, 2006, the

2

Griffin, making a demand for settlement, which included in the demand the attorneys' fees in the underlying action. Mr. Ryan responded by letter dated April 29, 2005.

5. I testified on September 15, 2006 for approximately 3 hours in the trial before the Honorable David Ross. In part, my testimony concerned my work product and time and billing records for matter No. 202.607. During this portion of the testimony, I identified time and billing records for the underlying case, which were marked as trial exhibit No. 21. This exhibit contained all of my billings for matter 202.607 and a ledger card current as of the date of my testimony. This exhibit, to my knowledge, is still in the public record. Attached is a copy of my firm's time and billing records as produced in discovery in the underlying case. During my testimony before Judge Ross, William Ryan, an attorney for McDaniel, Bennett and Griffin, was present in the courtroom and appeared to be listening to my testimony.

6. Neither my fee agreement in the underlying case nor my fee agreement in the bank tort case is a contingent fee agreement. My specific fee agreement with Mr. Bond in the underlying case was that I would bill at my hourly rate of $350 an hour, plus expenses, and that he would owe the amount billed to Schulman & Kaufman, LLC. Thus, in the underlying case, Mr. Bond owed an amount based on hourly billings and expenses. It was not contingent on the outcome of the underlying case and, as of the time of trial in the bank tort case on September 15, 2006, the Bonds had paid $16,283.02 on the account.

---

Bonds had paid $16,283.02 on the account.

7. In the bank tort case, the fee arrangement was an hourly fee arrangement that was subject to a $10,000.00 cap because Mr. Bond agreed to pay Schulman & Kaufman, LLC for its services in the underlying case from whatever the Circuit Court awarded for attorneys' fees for services in the underlying case. If something were to happen in the bank tort case in which, separate and apart from the issue of their reasonableness, no attorneys' fees were awarded (for example, the case being dismissed with prejudice), William C. Bond would still owe Schulman & Kaufman, LLC the $10,000.00 plus expenses in the bank tort case and the billings in the underlying case. The fee agreement for services in the bank tort case, therefore, was likewise not contingent upon the outcome of the bank tort case.

8. After I learned of the writs of garnishment in this matter, I conducted a search for the fee agreement in the underlying case. It is the office practice of Schulman & Kaufman, LLC to have a written fee agreement. I cannot locate one for matter number 202.607. I had been under the mistaken impression that there had been such a written fee agreement. This appears to have been an administrative oversight.

9. Attached is my fee agreement with Mr. and Mrs. Bond in the bank tort case. With regard to that agreement, we agreed that I would cap my hourly fees at $10,000.00. I agreed on behalf of Schulman & Kaufman, LLC to cap our fees at $10,000.00 for the bank tort case on condition that Schulman & Kaufman, LLC receive payment from any portion of the judgment representing the award of attorneys' fees for services in the underlying action. In this latter regard, I had several conversations prior to

April 4, 2006 with Mr. Bond in which we specifically agreed that Schulman & Kaufman, LLC would receive all of what the court awarded as a attorneys' fees, that no portion would be rebated or split with the Bonds, and that this was the consideration for the $10,000.00 cap. Also attached are the time and billing periods of my office in the bank tort case.

    I affirm under the penalty of perjury that the foregoing is true.

Date: November 27, 2006

Howard J. Schulman