```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

WILLIAM C. BOND                 *

      Plaintiff              *

      vs.                    *   CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.       *

      Defendants             *

*     *     *     *     *     *     *     *     *

## MEMORANDUM AND ORDER
## RE: BANK OF AMERICA GARNISHMENT

    The Court has before it the Motion for Release of Funds [Paper 218], and the Amended Motion for Release of Funds [Paper 219] filed by Third Parties Howard Schulman, Esquire and Schulman & Kaufman, LLC. (collectively referred to as "S & K") as well as the materials submitted relating thereto.  The Court has held a hearing and had the benefit of the arguments of counsel.

    On May 6, 2003 this Court entered a Judgment in favor of Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow") and against Plaintiff William C. Bond ("Bond") in the amount of $69,350.44 plus interest [Paper 113].  Adelberg Rudow proceeded, with some, but not total, success, to attempt effect collection and has reduced the balance due to approximately $20,000 to $25,000.  The instant matter pertains to Adelberg Rudow's efforts to effect collection by a Writ of Garnishment served on Bank of America, N.A. ("B of A"), a judgment debtor of Bond as described

herein.

As set forth in <u>Bond v. Slavin</u>, 851 A.2d 598 (Md. Ct. Spec. App. 2004) ("the Underlying Case"), Bond, represented by S & K, filed for protective and restraining orders against B of A (a non-party to the Underlying Case) and the Plaintiff's attorneys to prevent further disclosure of financial information by B of A in response to a subpoena. Ultimately, the Maryland Court of Special Appeals held that B of A should not have disclosed Bond's financial records to the subpoenaing party but should, instead, have produced the documents in court so that Bond would have had the opportunity to seek appropriate protection.

Following the Underlying Case, in December of 2005, Bond sued B of A for damages resulting from the wrongful disclosure of his records in the Underlying Case. <u>Bond v. Bank of America, N.A.</u>, Case No 24-C-05-011210 (Cir. Ct. Balto. City) (the "Bank Tort Case"). On September 18, 2006, the Circuit Court for Baltimore City, Judge Ross presiding, held for Bond and entered a judgment awarding him, as damages, the reasonable fees he had incurred in the Underlying Case due to B of A's wrongful actions. Judge Ross decided, in particular, that Bond would recover $27,125.00 for legal fees and $4,124.26 of expenses, entering a total judgment for $31,249.26.

In the absence of any showing to the contrary, this Court

accepts Judge Ross' finding that the reasonable costs incurred by Bond in the Underlying Case totaled $31,249.26. Moreover, as reflected on the record of the hearing on the instant motion, Adelberg Rudow does not contest S & K's assertion that Bond's liability for reasonable legal fees and costs in the Bank Tort Case totals $15,898.26.

In Maryland law, there is a statutory "attorney's charging lien." To the extent that S & K has a valid attorney's lien vis-a-vis the Judgment in the Bank Tort Case, S & K would have priority over Adelberg Rudow as an attaching creditor.

The pertinent statute provides in relevant part:

> (a) Subject to [the need for a specific agreement], an attorney at law has a lien on:
>
> \*   \*   \*
>
> (2) a settlement, judgment, or award that a client receives as a result of legal services that the attorney at law performs.[1]

This lien is superior to the interest of an attaching judgment creditor subject to certain exceptions not pertinent to the instant case.

There is no doubt that S & K has a valid attorney's lien to the extent of the reasonable fee and expenses totaling $15,898.26

---

[1] Md. Code Ann., Bus. Occ. & Prof'l § 10-501

incurred with regard to the Bank Tort Case itself. The question presented is whether S & K has a valid attorney's lien against the balance of the Bank Tort Case Judgment by virtue of the fees and expenses owed with respect to the Underlying Case.

S & K contends that the entire Bank Tort Case Judgment should be considered as "receive[d] as a result of legal services that [S & K] perform[ed]" because the services in the Underlying Case were necessary to establish that B of A had committed the tort sued upon. Adelberg Rudow, of course, disagrees.

There is no precedent presenting the particular question at issue, although there is a persuasive decision holding that the amount subject to the attorney's lien is not limited to the fees incurred in the particular case that resulted in the judgment. Thus, fees incurred in collateral litigation necessary to a recovery could be included in the amount subject to the attorney's lien. <u>Vangrack, Axelson & Williamowsky v. Estate of Abbasi</u>, 261 F. Supp. 2d 352 (D. Md. 2003). However, in the instant case, the tort sued upon was committed in the Underlying Case by B of A, a non-party to that case. The purpose of the representation in the Underlying Case was to obtain a Protective Order that protected Bond's privacy interests. Of course, the tort was committed in the course of the Underlying Case so there would have been no damages and no basis for any recovery without

the Underlying Case.  Nevertheless, the recovery was received as a result of the legal services rendered in the Bank Tort Case, while the reasonable cost of the legal services rendered in the Underlying Case was the measure of the damages awarded.

The court concludes that, although S & K presents non-frivolous arguments in light of the unusual circumstances here presented, the Underlying Case fee is not within S & K's attorney's lien vis-a-vis the Bank Tort Case recovery.

In context, the balance due S & K on the Underlying Case fee is appropriately viewed as a pre-existing debt vis-a-vis the Bank Tort Case.[2]  The fact that the amount of damages awarded in the Bank Tort Case is, itself, a recovery of an amount equal to the reasonable fee for services the Underlying Case, is consistent with the treatment of the balance due S & K for the Underlying Case as a debt existing prior to commencement of the services that resulted in the recovery.

The Court finds no reason to doubt S & K's contention that the fee arrangement in the Bank Tort Case included a cap on fees

---

[2] "'[A] charging lien generally extends only to fees and disbursements rendered in the particular action in which the judgment was recovered; it does not cover any general balance that may be due the attorney from the client or charges for professional services rendered in other causes or transactions.'" <u>Abbasi</u>, 261 F. Supp. 2d at 364 quoting 2 Robert L. Rossi, <u>Attorney's Fees</u> § 12:16, at 12:27 to 12:28 (3d ed. 2001)

5

in exchange for Bond's assigning S & K a security interest in the entire Bank Tort Case recovery with regard to the unpaid balance owed for the Underlying Case.  That agreement is perfectly valid as between Bond and S & K.  However, Bond and S & K cannot, by their agreement, create or increase the priority given the statutory attorney's lien with regard to the Bank Tort Case.

Accordingly, the Court holds that S & K is entitled to priority over Adelberg Rudow with regard to Bond's reasonable fees and expenses in the Bank Tort Case and that Adelberg Rudow is entitled to priority over S & K with regard to the balance of the Bank Tort Case recovery[3].

For the foregoing reasons:

1. The Court holds that, with regard to the Judgment liability of $31,249.26 owed by Bank of America, N.A. to William C. Bond:

    a. S & K is entitled to priority over Adelberg Rudow with regard to $15,898.26.

    b. Adelberg Rudow is entitled to priority over S & K with regard to $15,351.00.

    c. Any interest accruing on said Judgment liability shall be divided between S & K and Adelberg Rudow in proportion to their principal priorities.

---

[3] In the instant case, the balance due on Adelberg Rudow's judgment exceeds the amount of the Bank Tort recovery in excess of $15,898.26 subject to the S & K attorney's lien.

      2.    A separate Order Directing Payment on Bank of America Garnishment shall be issued herein.

SO ORDERED, on <u>Monday, February 12, 2007</u>.

                                               / s /
                                      Marvin J. Garbis
                            United States District Judge