# Schulman & Kaufman, LLC

Attorneys at Law
One Charles Center
100 N. Charles Street, Suite 600
Baltimore, Maryland 21201

_____

| | |
|---|---|
| Howard J. Schulman | Tel. (410) 576-0400 |
| Joseph S. Kaufman | Fax: (410) 576-0544 |
| -------- | |
| Daniel P. Doty | www.schulmankaufman.com |

February 16, 2007

*Via ECF*

Honorable Marvin J. Garbis
United States District Court
  for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

        RE:   William C. Bond v.
                   Kenneth Blum, Sr., et al.
                   Civil Action No.: MJG-01-CV-2600

Dear Judge Garbis:

      In response to the Court's facsimile of February 13, 2007 enclosing a proposed order and directing counsel to provide input by February 16, 2007, we are enclosing a proposed order that we believe is consistent with the Court's Memorandum Opinion, but also protects the rights of Mr. and Mrs. Bond in the pending appeal to the Court Special Appeals. We, therefore, have included a provision that directs the Bank of America, N.A. to hold the monies in question for Schulman & Kaufman, LLC. We are concerned that payment to Schulman & Kaufman, LLC would create an issue in the Court of Special Appeals that there had been a satisfaction of the judgment, so as to extinguish the right of appeal.

      We also object to the Court issuing its order at this time. Adelberg did not request its writ until February 7, 2007 and an affidavit of service has not yet been filed. The Bank has not had 30 days from service in which to file an answer pursuant to Maryland Rule 2-645(e), and has not done so as of this date. We are considering an appeal and do not want to be in a position where the Fourth Circuit

Honorable Marvin J. Garbis
February 16, 2007

could possibly send the case back to this Court on procedural grounds without reaching the merits.

      In addition, the settlement between Mr. Bond and McDaniel, Bennett & Griffin did not come to fruition. It is our understanding that counsel for McDaniel will be writing the Court in that regard to request that it be permitted to re-assert the priority of its lien. Given that McDaniel's position was predicated on the settlement, we do not oppose the re-assertion of its priority over Adelberg. We have enclosed an alternative order that accommodates the McDaniel priority.

      Finally, given the Court's statement in its Memorandum Opinion that there is "no precedent presenting the particular question at issue," we would request that the Court certify the question to the Court of Appeals of Maryland.

      Thank you.

      Very truly yours,

      /s/
      Howard J. Schulman