WHITEFORD, TAYLOR & PRESTON L.L.P.

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
TELEPHONE 410 832-2000
FAX 410 832-2015

50 CORPORATE CENTER
10500 LITTLE PATUXENT PARKWAY
SUITE 750
COLUMBIA, MARYLAND 21044-3585
TELEPHONE 410 884-0700
FAX 410 884-0719

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
410 347-8700
DIRECT FAX 410 223-4378
www.wtplaw.com

1025 CONNECTICUT AVENUE, NW
SUITE 400
WASHINGTON, D.C. 20036-5405
TELEPHONE 202 659-6800
FAX 202 331-0573

115 ORONOCO STREET
ALEXANDRIA, VIRGINIA 22314-1685
TELEPHONE 703 836-5742
FAX 703 836-3558

AMY E. ASKEW
DIRECT NUMBER
410 347-8778
aaskew@wtplaw.com

February 22, 2007

*Via ECF*
The Honorable Marvin J. Garbis
United States District Court for the District of Maryland
101 W. Lombard Street
Balitmore, Maryland 21201

      Re:    William C. Bond v. Kenneth Blum, Sr., et al.
                Civil Action No.: MJG-01-CV-2600

Dear Judge Garbis:

    I write in response to Howard Schulman's letter to the Court dated February 16, 2007 for purposes of clarifying the status of the settlement between McDaniel, Bennett & Griffin[1] (hereinafter "the McDaniel Law Firm") and Mr. and Mrs. Bond, as well as our position on our Writ of Garnishment served on the Bank of America.

    First, the McDaniel Law Firm had an explicit agreement with Mr. Bond (and his wife Alyson) to release the unsatisfied portion of the judgment against him entered by this Court in the above referenced matter in exchange for and in consideration of Mr. and Mrs. Bond's agreement to provide a general release of any and all claims that either of them have or may have against the McDaniel Law Firm, William A. McDaniel, Esq. and Caroline A. Griffin, Esq. This includes but is not limited to a pending case brought by the Bonds that was dismissed by the Circuit Court of Baltimore City, Maryland (*Bond et al. v. Bank of America, N.A., et al.*, Case No. 24-C-05-011210) and is now pending before the Court of Special Appeals of Maryland (No. 1924, September Term 2006). This agreement was reached through direct conversation between the respective legal representatives of the parties (Howard Schulman for Mr. and Mrs. Bond and William F. Ryan for the McDaniel Law Firm and Attorneys McDaniel and Griffin). These legal

---

[1] This includes the McDaniel Law Firm's successors and predecessors in interest.

The Honorable Marvin J. Garbis
February 22, 2007
Page 2

representatives for the parties not only discussed that the agreement between the parties included the aforementioned general release but also that the agreement was a "complete walk away" by Mr. and Mrs. Bond. When presented with the documentation for this agreement, the Bonds refused to sign and honor the agreement. Thereafter, Mr. Schulman confirmed to Mr. Ryan that they had indeed agreed to a general release and a "complete walk away" by his clients, even though his clients were now refusing to sign the agreement.[2]

Second, counsel for the McDaniel Law Firm advised Mr. Schulman on Thursday, February 15, 2007, that prior to filing anything with this Court concerning its Writ of Garnishment served on the Bank of America, we would be speaking to counsel for Adelberg, Rudow, Dorf and Hendler (hereinafter "Adelberg Rudow"). On Monday, February 19, 2007, counsel for the McDaniel Law Firm spoke to counsel for Adelberg Rudow and, with this Court's permission, are in agreement to equally share the $15,351.00 award (plus a proportional share of the interest as may be payable on their respective Judgments). A copy of an order reflecting this Court's prior ruling and the agreement between counsel for both judgment creditors is attached for the Court's convenience.

Undersigned counsel has contacted counsel for Mr. Bond and Adelberg Rudow prior to filing this letter and has informed them of its content. Adelberg Rudow joins in the relief requested by the McDaniel Law Firm and jointly proposes the attached order.

We hope this letter is of assistance to this Court. Should you require any additional information, please do not hesitate to contact me.

Very truly yours,

*Amy E. Askew*

Amy E. Askew

Enclosure
AEA:aea

---

[2] Mr. Ryan would have written this letter himself, but has been out of town on business for the past two weeks.