**EXHIBIT # 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## MOTION TO RECUSE

Now comes Plaintiff, William C. Bond, by his attorneys, Howard J. Schulman and Schulman & Kaufman, LLC, and, pursuant to 28 U.S.C., § 455, states:

1. William C. Bond instituted a legal malpractice suit against Gerald Messerman, an Ohio attorney, on approximately January 31, 2003. A copy of the lawsuit is attached to William C. Bond's Affidavit.

2. The Affidavits of William C. Bond and Richard M. Karceski attached hereto reflect that the Honorable Marvin J. Garbis is a close friend of Mr. Messerman. Mr. Bond's Affidavit further reflects that the lawsuit filed by Mr. Bond against Mr. Messerman and others was reported in *The Daily Record*, Baltimore's legal and business daily, and given a relatively prominent position in the February 5, 2003 issue. A copy is attached.

For the reasons stated above, this Court's impartiality might reasonably be questioned, given the Court's friendship with Mr. Messerman.

WHEREFORE, for the aforementioned reasons and those stated in the attached

Affidavits and materials, Plaintiff respectfully requests that the Court recuse itself from further proceedings in this matter.

———————————————
HOWARD J. SCHULMAN
Schulman & Kaufman, LLC
One Charles Center, Suite 600
100 N. Charles Street
Baltimore, Maryland 21201
(410) 576-0400
Attorneys for Plaintiff

# Maryland Law

**WEDNESDAY**

> "It puts them away, and it puts them away for a good long time."
> *Sanford Abrams*
> PAGE 3B

## 'This is our city and we are taking it back'

### UM Law forum examines post-Dawson war on drugs

**BY LAWRENCE HURLEY**
*Daily Record Legal Affairs Writer*

The war on drugs in Baltimore should not end as a result of the arson attack that left a family of seven dead, community activists said at a forum held yesterday.

The event, entitled "Strategies for Citizens on the Front Lines," saw representatives of the **Cherry Hill 2000** group, which was formed in the mid-1990s to revitalize that neighborhood, take center stage before an audience of students at the **University of Maryland School of Law**.

It was the first of three such forums organized by the school's law clinic in the aftermath of the arson attack in East Baltimore last October, which left Angela and Carnell Dawson and their five children dead.

"We should send a message that no more houses will be burned or children killed," said Cleo Walker, former chair of Cherry Hill 2000. "This is our city and we are taking it back."

Cathy Brown, executive director of the organization, recalled that she and other staff members had been threatened by drug dealers when the first efforts were made to resolve the problem in Cherry Hill.

"There wasn't a day that went by when someone didn't call saying if we didn't back off we would die," she said.

But, although drug dealers still plague the neighborhood, Brown maintains that the community's effective partnership with the police department and other city agencies has paid dividends.

She said crime has been reduced and

SEE FORUM PAGE 4B



From left, Ann McLean of the DLLR joins moderator Denise Duval, Cherry Hill 2000's Cathy Brown, police officer L.M. Williams and Tony Savage, community coordinator at the state's attorney's office, at the law school for yesterday's forum.

## 'Patricide' author sues Sheppard Pratt

**BY PETER GEIER**
*Daily Record Legal Affairs Writer*

A Baltimore man whose unpublished manuscript describes how he contemplated murdering his father has filed a $1.5 million lawsuit against his former lawyers and **Sheppard Pratt Health Systems** Inc. over their alleged improper disclosure of his sealed juvenile records.

William C. Bond accuses Sheppard Pratt, where he was committed as part of his juvenile plea of delinquent to the patricide charge, of the unauthorized release of his mental health records as well as of police and court records in its possession relating to the charge.

His complaint, filed yesterday in **Baltimore City Circuit Court**, also claims that Gerald A. Messerman of Cleveland, who handled his juvenile case, was professionally negligent by assuring Bond that his Geauga County, Ohio record had been expunged when it had not been.

In addition, Bond claims that Baltimore lawyer Robert N. Grossbart, who represented him in a later matter, violated attorney-client privilege by disseminating "confidential and privileged information" about Bond to a private investigator.

Representatives from Sheppard Pratt did not return calls for comment. Grossbart declined to comment on the matter and Messerman was not available for comment yesterday.

Bond seeks $750,000 in compensatory damages and $1 million in punitive damages in a 12-count action for, among other things, breach of fiduciary duty, constructive fraud and legal malpractice. He also accuses Sheppard Pratt and Grossbart of giving unreasonable publicity to his private life.

SEE BOND PAGE 2B

## Abortion foes line up behind judge's approval for minors

# THE DAILY RECORD

# Maryland Law

WEDNESDAY

> "It puts them away, and it puts them away for a good long time."
>
> — *Sanford Abrams*
> PAGE 3B

## 'This is our city and we are taking it back'

### UM Law forum examines post-Dawson war on drugs

**BY LAWRENCE HURLEY**
*Daily Record Legal Affairs Writer*

The war on drugs in Baltimore should not end as a result of the arson attack that left a family of seven dead, community activists said at a forum held yesterday.

The event, entitled "Strategies for Citizens on the Front Lines," saw representatives of the Cherry Hill 2000 group, which was formed in the mid-1990s to revitalize that neighborhood, take center stage before an audience of students at the University of Maryland School of Law.

It was the first of three such forums organized by the school's law clinic in the aftermath of the arson attack in East Baltimore last October, which left Angela and Carnell Dawson and their five children dead.

"We should send a message that no more houses will be burned or children killed," said Cleo Walker, former chair of Cherry Hill 2000. "This is our city and we are taking it back."



*MAXIMILIAN FRANZ*
From left, Ann McLean of the DLR joins moderator Denise Duval, Cherry Hill 2000's Cathy Bowen, police officer LaMont Williams and Tony Savage, community coordinator at the state's attorney's office, at the law school for yesterday's forum.

## 'Patricide' author sues Sheppard Pratt

**BY PETER GEIER**
*Daily Record Legal Affairs Writer*

A Baltimore man whose unpublished ty, Ohio record had been expunged when it had not been.

In addition, Bond claims that Baltimore lawyer Robert N. Grossbart, who represented

## Law notes

### Minding the store
Strike has USEC managers running nation's only uranium enrichment plant. **Page 3B**

### Malvo watch
Press back in Baltimore to seek access to Malvo's juvenile records; meanwhile, security tape could bolster prosecution's view of motive in Va. **Page 3B**

### Risky business
Planner of Gulf War air campaign testifies that accused spy would have put pilots at risk by giving Internet-gathered intelligence to Iraqis. **Page 3B**

### Jail for Banks
A 60-year-old Baltimore man is to serve jail time after pleading guilty yesterday to shooting three youths who would not move off his front steps. **Page 4B**

### Governor on guns
Ehrlich outlines details for Project Exile to state lawmakers. **Page 4B**

### Bail law trimmed
Delaware judge overturns part of that state's bail-revocation law. **Page 4B**



## OTHER LEGAL NEWS

# 'Patricide' author sues Sheppard Pratt

By PETER GEIER
Daily Record Legal Affairs Writer

Printer Friendly Format

A Baltimore man whose unpublished manuscript describes how he got away with murdering his father has filed a $1.5 million lawsuit against his former lawyers and Sheppard Pratt Health Systems Inc. over their alleged improper disclosure of his sealed juvenile records.

William C. Bond accuses Sheppard Pratt, where he was committed as part of his juvenile plea of delinquent to the patricide charge, of the unauthorized release of his mental health records as well as of police and court records in its possession relating to the charge.

His complaint, filed yesterday in Baltimore City Circuit Court, also claims that Gerald A. Messerman of Cleveland, who handled his juvenile case, was professionally negligent by assuring Bond that his Geauga County, Ohio record had been expunged when it had not been.

In addition, Bond claims that Baltimore lawyer Robert N. Grossbart, who represented him in an "estates and trust matter," violated attorney-client privilege when he passed on "confidential and privileged information" about Bond to a private investigator.

Representatives from Sheppard Pratt did not return calls for comment. Grossbart declined to comment on the matter and Messerman was not available for comment yesterday.

Bond seeks $750,000 in compensatory damages and $1 million in punitive damages in a 12-count action for, among other things, breach of fiduciary duty, constructive fraud and legal malpractice. He also accuses Sheppard



Pratt and Grossbart of giving unreasonable publicity to his private life.

### Getaway book

The lawsuit stems from Bond's arrest by the Geauga County Sheriff's Department in June 1981 for allegedly causing his father's death.

Bond was charged and prosecuted in the Geauga County Court of Common Pleas Juvenile Division, which accepted his plea of delinquent in August 1981.

His commitment to the Ohio Youth Commission was suspended pending a 60-day evaluation at Sheppard Pratt, where Bond was admitted the following month. He was later placed on probation in Sheppard Pratt's care.

The court terminated Bond's probation when he turned 21 in February 1985. He was notified subsequently that he could request expungement of his record in two years, the complaint says.

He claims it was incumbent upon Messerman "to take the necessary steps to obtain the expungement of the juvenile case without a reminder" from him and that Messerman promised to do so.

Several years later, Bond wrote "Self-portrait of a Patricide: How I Got Away With Murder" — which his complaint describes as "a highly embellished and fictionalized account of the events surrounding his father's death, his prosecution by the state of Ohio and his time at [Sheppard Pratt]."

However, before marketing the manuscript, Bond claims he was advised to protect "the confidentiality and privilege of his juvenile and mental health records to avoid any potential plagiarism or independent investigation of the events" described.

Messerman allegedly assured Bond by June 1994 that his record had been expunged. Between 1993 and 2001, Bond had applied and was "not disapproved" by the Maryland State Police to purchase a variety of handguns from Baltimore area gun dealers.

However, Dudley F. B. Hodgson, a private investigator allegedly learned of Bond's past from Grossbart, who had done legal work for Bond in the late 1980s. Hodgson allegedly passed this information on to the state police, who began their own investigation.

Law enforcement interest in Bond led to subpoenas for his

juvenile records from Geauga County and Sheppard Pratt. He was arrested, his house was searched and he was charged with handgun violations in both Baltimore City and Howard County.

The charges later were dismissed in Baltimore City and stetted in Howard County on condition that he surrender the seven handguns seized and not possess firearms of any kind over the three-year stet period.

### *Custody and copyright*

However, a part of the story not told in the instant complaint can be found in a case Bond lost on summary judgment in Baltimore's federal court.

In that case, affirmed by a 4th U.S. Circuit Court of Appeals decision last week, the district court held that the introduction of Bond's autobiography in a child custody proceeding falls under the fair use provision of copyright law.

Hodgson was retained by Kenneth Blum Sr., the father of Alyson Slavin, a woman Bond planned to marry, to look into Bond's past after Bond sent a letter to Blum demanding money and making reference to his violent history.

Hodgson found out about the murder and managed to obtain a manuscript of Bond's book.

After Bond and Alyson Slavin were married in May 2001, lawyers for Slavin's ex-husband introduced the manuscript during deposition in a custody matter to show that Bond was not a suitable parent for his children.

Bond registered a copy of his manuscript with the copyright office to prevent anyone from introducing it as evidence in court. Immediately thereafter, he sued William Slavin, his attorneys, Hodgson, Blum and Blum's son, to whom the court granted summary judgment.



Copyright © 2003 The Daily Record. All Rights Reserved.

e(getAdCodeLayers()) //-->

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF WILLIAM C. BOND

My name is William C. Bond. I am the Plaintiff in this case. I am over 21 years of age. I am competent to testify.

1. Attorney Gerald A. Messerman of Cleveland, Ohio, defended me in a juvenile delinquency proceeding in 1981-82.

2. On approximately November 27, 2001, I met with Attorney Messerman in his office in Ohio concerning that proceeding. When I mentioned this copyright case to him, he told me that Judge Garbis and he were long-time friends and that they roomed together at Georgetown Law School while they both did post-graduate work. Mr. Messerman also said he was Garbis' "mentor" and that after law school, they practiced law together. Even later, while in seperate private practices, Messerman told me, he and Judge Garbis tried cases together. Mr. Messerman also said that the two of them and their wives vacation together and Judge and Mrs. Garbis had visited and been entertained by Mr. and Mrs. Messerman in Ohio.

3. On approximately January 31, 2003, I instituted a lawsuit in which I named Gerald

A. Messerman as a defendant. A copy is attached.

Pursuant to 28 U.S.C., § 1746, I declare under the penalty of perjury that the above is true and correct.

3/11/03
Date

_William C. Bond_ (signature)
William C. Bond

IN THE CIRCUIT COURT FOR BALTIMORE CITY

| | | |
|---|---|---|
| William C. Bond<br>4214 Greenway<br>Baltimore, Maryland 21218 | * | |
| Plaintiff | * | |
| v. | * | |
| Gerald A. Messerman, Esquire<br>Messerman & Messerman Co., L.P.A.<br>Key Tower<br>127 Public Square<br>Suite 4100<br>Cleveland, Ohio 44114-1312 | * | Case No. 24-C-03-000690 |
| Defendant | * | |
| and | * | |
| Sheppard Pratt Health Systems, Inc.<br>6501 North Charles Street<br>Baltimore, Maryland 21204-6819 | * | |
| Serve On:<br>Resident Agent:<br>   Patricia A. Pinkerton<br>   6501 N. Charles Street<br>   Baltimore, Maryland 21204 | * | |
| Defendant | * | |
| and | * | |
| Robert N. Grossbart, Esquire<br>1 North Charles Street<br>Suite 1214<br>Baltimore, Maryland 21201-3740 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

The Plaintiff William C. Bond (hereinafter "Plaintiff Bond") sues the Defendant Gerald A. Messerman, Esquire (hereinafter

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,                        *

    Plaintiff                          *

v.                                      *     CIVIL ACTION No:
                                              MJG-01-CV-2600
KENNETH BLUM, SR., et al.,              *

    Defendants                         *

                              *    *    *

### AFFIDAVIT OF RICHARD M. KARCESKI

My name is Richard M. Karceski. My office address is Suite 301, 305 Washington Avenue, Towson, Maryland 21204-4729. I have personal knowledge of the matters set forth herein. I am over 21 years of age. I am competent to testify.

During the course of my representation of William Bond with regard to criminal charges that had been placed against him in state court relating to the possession of firearms, I had a conversation with Gerald A. Messerman by telephone on September 13, 2001. Mr. Messerman represented Mr. Bond when Mr. Bond was a juvenile in Ohio. During the course of the September 13, 2001 conversation with Mr. Messerman, he remarked that he and United States District Judge Marvin Garbis were very good friends and had attended the same law school.

Pursuant to 28 U.S.C., §1746, I declare under the penalty of perjury that the above is true and correct.

_____
RICHARD M. KARCESKI

Document Selection Menu

## Multiple Documents

Select the document you wish to view.

| Part | Description | |
|---|---|---|
| 1 | Main Document | 2 pages |
| 2 | Exhibit Front Page-Daily Record-Md. Section | 2 pages |
| 3 | Exhibit Text of Daily Record Article | 4 pages |
| 4 | Affidavit Bond Affidavit | 2 pages |
| 5 | Affidavit Attachment to Bond Affidavit | 50 pages |
| 6 | Affidavit Richard Karceski | 2 pages |