```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

WILLIAM C. BOND                 *

       Plaintiff             *

       vs.                   *   CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.       *

       Defendants            *

\*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER RE: RECUSAL

The Court has before it the Renewed Motion to Recuse [Paper 244], the Motion for the Chief Judge to Rule [Paper 243] filed by Plaintiff pro se and the materials submitted relating thereto. The Court finds that neither a response nor a hearing is necessary.

By Memorandum and Order of April 23, 2003 [Paper 108] the Court denied Plaintiff's motion seeking recusal of the undersigned Judge. Plaintiff now renews that motion, adding to the grounds stated therein allegations that:

    1. The undersigned Judge was the college roommate of Gerald Messerman, Esquire, at Georgetown University;

    2. The undersigned Judge worked on cases together with Mr. Messerman later in life;

    3. The undersigned Judge and Mr. Messerman traveled and entertained each other; and

    4. Gerald P. Martin, Esquire, counsel for a defendant in the instant case, was a former "partner" with the undersigned Judge.

The Court reiterates herein the statements made and the decision reached in the Memorandum and Order of April 23, 2003. Little supplementation is required.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or

magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Recusal pursuant to Section 455(a) is required "if a reasonable man, cognizant of the relevant circumstances surrounding a judge's failure to recuse, would harbor legitimate doubts about the judge's impartiality."  See United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 2000).

> In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting the judge's impartiality.  The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial."  (Citation omitted).  A presiding judge is not, however, required to recuse himself because of "unsupported, irrational, or highly tenuous speculation."  (Internal quotation marks omitted)(Citation omitted).

United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

There is no basis whatsoever for any reasonable person, knowing the facts, to harbor any legitimate question about the undersigned Judge's impartiality in the instant case.  The "facts" asserted by Plaintiff in the renewed motion are either not facts at all or are immaterial.

"College Roommates" - Gerald A. Messerman was not my roommate at "college" or anywhere else.  We did not attend the same college or undergraduate law school.  In the 1961-62 academic year - Mr. Messerman and I practiced law in the eight lawyer "public

2

defender" office (the E. Barrett Prettyman Fellowship Office) of the graduate school of Georgetown Law School.  We were not roommates.

"Worked on cases together later in life" - Mr. Messerman and I - as well as others in the office - worked together on some cases in the 1961-62 academic year.  Thereafter, Mr. Messerman became a highly respected Cleveland lawyer to whom I referred clients from time to time over the years.  I do not recall working on any case with Mr. Messerman after 1962.

"Traveled and entertained" - As was true on April 23, 2003 and has continued to be true, with one exception, I do not recall traveling or socializing with Mr. Messerman other than at Georgetown Law School events - no more frequently than once every five years since 1962.  There was one occasion, in the mid-1990's, when Mr. and Mrs. Messerman met my wife and me in Akron to see a show in which my daughter was performing.

Relationship to case - Finally, Mr. Messerman is neither a party nor counsel in the instant case.

Mr. Martin - I was a member of the Melnicove, Kaufman, Weiner, Smouse and Garbis law firm from 1986 to 1998 as was Joseph Kaufman, Esquire, of Schulman and Kaufman (Plaintiff's counsel in the instant case).  Gerald Martin, Esquire, was also a member of the firm.  Mr. Martin, Mr. Kaufman and many former members of the Melnicove, Kaufman firm regularly appear before me without any issue being

raised regarding recusal.

In sum, I have no concern about my ability to continue to be fair and impartial in this case.  Nor do I find any rational basis for a reasonable person - knowing the pertinent facts and circumstances - to have a reasonable basis to doubt my impartiality.  Plaintiff's suggestion that the instant motion should be decided by another judge, in particular a judge from outside the District of Maryland, is baseless.  As stated in <u>United States v. Savoy</u>, "[a] recusal motion is committed to the sound discretion of the trial judge.  Mr. [Bond] has shown no basis to question the impartiality of this or any other district judge in Maryland."  38 F. Supp. 2d 406, 415 (D. Md. 1998).

Accordingly:

1. The Motion for the Chief Judge to Rule [Paper 243] is DENIED.

2. The Renewed Motion to Recuse [Paper 244] is DENIED.

3. The parties shall respond to the pending motions in due course.

SO ORDERED on Tuesday, May 1, 2007.

_____/s/_____
Marvin J. Garbis
United States District Judge