FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 MAY -4  P 3: 09

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff *Pro Se* | | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**MOTION TO RECONSIDER MEMORANDUM AND ORDER RE: PLAINTIFF'S RENEWED MOTION TO RECUSE AND MOTION FOR CASE TO BE SPECIALLY ASSIGNED TO A VISITING JUDGE OR THAT THE COURT GRANT A CHANGE OF VENUE AND MOTION FOR THE CHIEF JUDGE TO RULE *POST HASTE***

Plaintiff *Pro Se* William C. Bond Replies to Judge Garbis' Memorandum and Order re: Recusal dated May 1, 2007 and states:

1. Plaintiff has filed a Freedom of Information Act complaint naming The United States Attorney for the District of Maryland and the United States District Court for the District of Maryland as Defendants this day, May 4, 2007.

Plaintiff further states:

2. The Court **has not** answered any of Plaintiff's substantive allegations. Not only does this completely support Plaintiff's allegations, but it makes a mockery of the law. This Court should

be excited, should it be able, to refute Plaintiff's allegations *in their entirety*, to enhance its position as the leader in this State for Ethical Considerations.

3. The Court has *still* not educated Plaintiff how the Court was aware of Gerald A. Messerman? "When assigned this instant case in August of 2001, I noted that Plaintiff's criminal counsel in Cleveland had been Mr. Messerman. **This fact was of no moment to me whatsoever**." (Emphasis added.)[Judge Garbis Memorandum and Order, April 23, 2003] There would be no way for the Court to know this fact unless learned through a third party.

4. The Court has not educated Plaintiff on how case law is necessary regarding 28 U.S.C. 455 (a) when **no** on the record mention of Messerman or Martin was made at the beginning of the Hearing on November 20, 2001? The Court is absolutely wrong on all fronts that proceedings may initiate and continue with out the Court putting the Parties on Notice as to Conflicts. See 28 U.S.C. 455 (e). This Court has forgotten, and still forgets, that this Court's role is that of Public Servant to the Public. All members of the Public are entitled to and should enjoy equal access to the Law.

5. Nor has the Court educated Plaintiff on how the Court could Rule if Messerman was a Material Witness, which he would have been, would the Copyright Case have gone to Trial.

6. In addition, how does this Court know that Messerman is a "highly respected Cleveland lawyer unless the Court stays appraised of Messerman's deeds?" The Court continues to illustrate their

conscious or unconscious bias.

7. Although, this Court reiterates that no "Reasonable Man" would question the above, clearly the Court has lost the 'common touch' with the Public it serves. Plaintiff is unable to find anyone who agrees that the above does not raise questions of impartiality.

8. The above facts are not immaterial.

9. Nor is it reasonable that a "response" or "hearing" is unnecessary. In fact, they are **vital** and **demanded.** This Court's Reply is akin to an 'Ellsworth Toohey' response out of *The Fountainhead*. The District Court of the United States can not be allowed to blur the distinction between black and white.

10. While stating impartiality, this Court blatantly makes reference to the Court's opinion of Plaintiff's character. Using the words "reasonable," "knowing," "facts," "legitimate," "immaterial," etc. Clearly, the Court is biased against Plaintiff to even listen to Plaintiff's claims, especially in light of the Court's own stated "high" opinion of Messerman.

11. Whether the Court was 'room mates' with Messerman at graduate school 'college' or not, these facts are what Plaintiff was told by Messerman in person, along with the facts about entertaining, and that Messerman was this Court's "mentor." Obviously, these 'facts' are in dispute and require Discovery.

12. Plaintiff legitimately wonders how this Court can Rule on those Discovery requests, and others, when the Court is "Impartially" Ruling on itself? This Court is now in the position of having Plaintiff seek Discovery into its actions, something far beyond general 'recusal.' This Court's stance is the same as if given a speeding ticket, whether the allegation is true or not, the Court can not Rule on its own speeding ticket, unless we now live in Baltimore, Louisiana. The situation at bar is no different.

13. Regardless, since the time of the Hearing in 2001 and the first Motion to Recuse in 2003, many things have changed. Plaintiff sued Messerman. Plaintiff made a Grievance against Messerman to the Ohio Supreme Court. Plaintiff made a Criminal Referral to the US Attorney for Maryland about, among other people, Messerman and this Court. Plaintiff made a FOIA Request to the US Attorney and the DOJ about, among other people, Messerman and this Court. Plaintiff made a FOIA Request to the Chief Judge of this Court regarding this Court's telephone communications with Messerman from August 2001 through August 2003. Plaintiff filed on May 4, 2007 a FOIA Action concerning his FOIA Requests to the US Attorney and this Court naming the US Attorney and this Court as Defendants. For the Court to say that <u>none</u> of this affects the Court's impartiality is incredulous!

14. Plaintiff's allegations are not new and have existed for over four years.

15. Plaintiff is at a loss for words, feeling as if in *Alice in Wonderland*, to understand how this Court can question that Plaintiff has a legitimate question as to the Court's impartiality, but also

4

the whole Courts' impartiality given the above.

16. It is not "baseless" to question whether Plaintiff can achieve a fair Hearing given the above or how this Court could remain impartial given that Plaintiff has asked the Court to Rule on Criminal Activity by a former Partner of the Court, Gerard P. Martin, Esq., and Criminal Activity by the Court itself, as well as other controversial issues.

17. Nor is it "baseless" when Plaintiff has asked for Discovery into the Court's own telephone records and relationship with Messerman, Martin, and Others involved in the Case, as well as seeking Discovery with the US Attorney's Office regarding their investigation of Plaintiff's criminal referral in 2004, including deposing, at least, three (3) AUSAs, in part, about this Court.

18. The Court has made itself a party to allegations of "Fraud Upon the Court" by discarding its responsibilities under 28 U.S.C. 455. That this Court dares to remain in the Case to Rule upon these Multiple Matters and Conflicts shows such a prejudice for Plaintiff's allegations as to make them Moot. Clearly, the Court is protecting itself from what it has to hide, if it had nothing to hide then allowing the light to shine on these allegations in front of an independent third party should be welcomed as a chance to vet the integrity of the Court.

19. Further, Plaintiff refuses to allow any Judge to preside over his constitutionally protected right to a Fair Trial when that Judge has had criminal and ethical complaints made about him by Plaintiff, when Plaintiff has sought Discovery into that Judge's actions, when Plaintiff has sued

and made criminal and ethical complaints about the Judge's "very good friend" from 'college' graduate school, and when Plaintiff's Civil Action concerns, among many other things, misdeeds by a former partner of the Judge. Plaintiff demands that Judge Garbis Recuse himself from this Case and, forever more, from any Case involving Plaintiff.

20. If Judge Garbis does not Recuse himself from this Case, Plaintiff demands a Hearing before the Court at which point Plaintiff demands the right to issue subpoenas and call witnesses, including Judge Garbis.

WHEREFORE, for the many, many aforementioned reasons, Plaintiff respectfully requests for the **second time** that Judge Garbis recuse himself, or be recused, from further proceedings in this matter and to any other matter, present or future, involving William C. Bond. Further, Plaintiff respectfully requests that this case be Specially Assigned to a visiting Judge, or, in the alternative, that the Court Grant a Change of Venue to Washington, D.C. Plaintiff asks the Chief Judge to of this Court to Rule on this Motion and his Motion for Temporary Restraining Order until a Specially Assigned Judge may be appointed to this Case or the Venue is Changed. Plaintiff demands a hearing if this Motion is denied.

WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
FAX(410) 467-9177

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 4th day of May, 2007, copies of Plaintiff's Motion to Recuse were mailed US mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Funk & Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 600 Mercantile Bank & Trust Building, 2 Hopkins Plaza, Baltimore, Maryland 21201-2927, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; Kathryn Miller Goldman, Esquire, Goldman & Minton, PC, Suite 1201, 20 South Street, Baltimore, Maryland 21201, attorneys for William Slavin;

_____
WILLIAM C. BOND