FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 MAY -4  P 3: 09

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND,                    *

    Plaintiff *Pro Se*
v.                                  *   Civil Action No.: MJG-01-CV-2600

KENNETH BLUM, SR., et al.           *

    Defendants                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO RECONSIDER MEMORANDUM AND ORDER RE: PLAINTIFF'S
RENEWED MOTION TO RECUSE AND MOTION FOR CASE TO BE SPECIALLY
ASSIGNED TO A VISITING JUDGE OR THAT THE COURT GRANT A CHANGE OF
VENUE AND MOTION FOR THE CHIEF JUDGE TO RULE *POST HASTE***

Plaintiff incorporates his attached Motion to Reconsider Memorandum and Order re: Recusal.

Plaintiff *Pro Se* will be brief.

Plaintiff's deceased attorney, Norman E. Pessin, Plaintiff's great friend, who now finds himself unwittingly the central player in a tragedy he would abhor, had a favorite, yet tough sentiment: **"Integrity must be questioned?"**

This Court would have Plaintiff believe, in spite of all known Western and Eastern literature describing the foibles of man, that somehow they are different and possess superhuman morality

not subject to analysis, common sense, or questioning. And that all that has transpired has not soiled their impartiality in the least. And that coincidence heaped upon coincidence is just that.

Plaintiff doesn't buy it one bit.

Plaintiff states that this Court has denied him Due Process once and now, inexplicably, seeks to do it again. Plaintiff does not trust this Court to be impartial because this Court has proved that the Rules, when it comes to Plaintiff, are disposable.

Plaintiff further states: the two primary laws of fiction are: fiction must be **"believable"**; and **"show, don't tell."**

Plaintiff finds it incredible and not "believable" that this Court would not discuss Plaintiff with Messerman during the course of the Litigation, or that, in fact, Messerman was not the original source of the Court's education on Plaintiff. Or, in the words of the US Attorney's Office, "You know they talked." Further, Plaintiff just put this Court and Messerman, together with the US Attorney, on Notice for Rule 27 Discovery. There is just no way that the Court and Messerman have not discussed these issues either directly or through third parties over the last six years.

While this Court has shuffled and jived in response to Plaintiff's allegations and concerns[1], the

---

[1] Plaintiff has seen first hand how the judiciary is supposed to handle recusal. Plaintiff was before the Maryland Court of Special Appeals on a Civil Matter. Judge Ellen Hollander was on the panel assigned to hear Plaintiff's case. When Plaintiff's turn came, Judge Hollander left the

Court has not stated, on the Record, that the Court and Messerman have not had one conversation since May 2001, which is the time Plaintiff's troubles with Messerman began. This is a simple request Plaintiff asks, and has asked, of the Court. Further, Plaintiff asks this Court to prove it.

Attached, please find exhibit number (1) one, which is an authorization under FOIA for this Court to voluntarily release telephone records and other information concerning Plaintiff's FOIA Request about the Court and Plaintiff's FOIA Request to the DOJ.[2]

Also attached, please find exhibit number (2) two, which is an Order for the Clerk to prepare a subpoena for all of this Court's public and private telephone numbers, including their carriers, which this Court shall itemize and provide to the Clerk, for the times of May 2001 through Present.[3]

As the Court has now gone on record twice denying any communications with Messerman, and also denying any communications with anyone else of interest in this Case, then it would be agreed by all that communications during the times in question would be "facts" of grave

---

Court and was replaced by a retired Judge. Years later, Judge Hollander, seeing Plaintiff's wife in the beauty parlor, told her that she always recused herself from Plaintiff's Cases. Her reasoning was simple: Plaintiff and Plaintiff's wife have lived within three houses of the Hollanders, until recently, for over 10 years and 22 years respectively. Further, the Hollander children and Plaintiff's wife's children were school mates and occasional playmates. This is far less a reason than what the Court in the instant case faces.

[2]Plaintiff agrees in advance to a Protective Order regarding these records.

[3]Again, Plaintiff agrees in advance to a Protective Order. Plaintiff is only interested in communications with Messerman and parties connected to this litigation.

substance in need of explanation. The Court needs to stop hiding behind its robes.

This Court, espousing the highest morality and character should relish the chance to prove to Plaintiff, and the Public, how "baseless" his allegations are. Further, Plaintiff states that if this Court can not back up its 'bluster,' then its hand has been called, proof of Plaintiff's claims in their entirety. Thus, the Court should <u>show</u> and must <u>show</u> Plaintiff the Court's telephone records in their entirety.

Regardless of whether this Court accepts this challenge to their integrity or not, Plaintiff has proved that there is way more than sufficient reason for this Court to recuse itself from this case and, forever more, from any case involving William C. Bond. The Court's 'reasonable man' theory is without merit.

WHEREFORE, for the aforementioned reasons, Plaintiff respectfully requests for the **second time** that Judge Garbis recuse himself, or be recused, from further proceedings in this matter and to any other matter, present or future, involving William C. Bond. Further, Plaintiff respectfully requests that this case be Specially Assigned to a visiting Judge, or, in the alternative, that the Court Grant a Change of Venue to Washington, D.C. Plaintiff asks the Chief Judge of this Court to Rule on this Motion and his Motion for Temporary Restraining Order until a Specially Assigned Judge may be appointed to this Case or the Venue is Changed. Plaintiff also requests that this Court waive objection to the Court and DOJ releasing any and all information in its possession about the Court to Plaintiff and to Order the production of the Court's public and

private telephone records.

_____
WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
FAX (410) 467-9177

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of May, 2007, copies of Plaintiff's Motion to Recuse were mailed FedEx, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Funk & Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 600 Mercantile Bank & Trust Building, 2 Hopkins Plaza, Baltimore, Maryland 21201-2927, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; Kathryn Miller Goldman, Esquire, Goldman & Minton, PC, Suite 1201, 20 South Street, Baltimore, Maryland 21201, attorneys for William Slavin;

_____
WILLIAM C. BOND