IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

WILLIAM C. BOND,              *

     Plaintiff            *

     v.                 *        Case No.:  MJG-01-CV-2600

                       *

KENNETH BLUM, SR., ET AL.,    *

     Defendants        *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### DEFENDANTS' OPPOSITION TO WILLIAM BOND'S MOTION IN LIMINE AND/OR PROTECTIVE ORDER

Defendants, Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow"), Kenneth Blum, Sr., Kenneth Blum, Jr., Dudley F. B. Hodgson, and McDaniel, Bennett & Griffin, by their undersigned attorneys, hereby file this Opposition to William Bond's Motion in Limine and/or Protective Order ("Motion"), and for cause state:

### Background

1.    The above-captioned action was filed on August 29, 2001 by Bond and on November 27, 2001, the Court entered judgment in favor of all Defendants and dismissed all of Bond's claims with prejudice.

2.    On January 4, 2002, the Court denied Bond's Motion to Alter or Amend Judgment.

3.    On January 31, 2002, Bond filed a Notice of Appeal.

4.    On January 24, 2003, the Court of Appeals for the Fourth Circuit affirmed this court's judgment in favor of all defendants. *Bond v. Blum*, 317 F.3d 385 (4th Cir. 2003), *cert. denied*, 540 U.S. 820 (2003).

5.      On or about May 6, 2003, this Honorable Court granted Adelberg Rudow a judgment against Bond in the amount of $69,350.44 and McDaniel Bennett and Griffin a judgment in the amount of $83,667.65 for attorneys' fees arising out of Bond's prosecution of this frivolous copyright infringement case against Adelberg Rudow and others.  Bond subsequently appealed this judgment for attorneys' fees to the United States Court of Appeals for the Fourth Circuit, which affirmed the District Court.

6.      According to the Docket Report for this action, the case terminated on May 6, 2003.

7.      Since that time, all papers filed in this action have related either to various Defendants' claims for attorneys' fees or writs of garnishment filed against Bond.[1]

## **Argument**

8.      Bond's Motion is untimely and without any merit.  Bond fails to appreciate that his claims were ruled upon and affirmed on appeal several years ago.  The current crop of motions is simply the continuation of his baseless and vexatious litigation against these Defendants.

9.      Defendants hereby adopt and incorporate their responses to Bond's motions for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), recusal (which this Court has already denied), and for temporary restraining order and preliminary injunction.

10.      By his Motion, Bond requests that the Court restrict Defendants, "any future party", witness or "other person" from utilizing the manuscript that formed the basis of the copyright action in Court proceedings.  Bond fails to articulate any legal or factual basis for his request.

---

[1]      As the Court is aware, Bond has filed multiple actions against these parties, all of which have proved without merit.  Indeed, Adelberg Rudow and co-Defendant McDaniel Bennett & Griffin are now defending an appeal in the United States Court of Appeals for the Fourth Circuit of this Court's ruling filed by Bond's counsel over approximately $15,000 in counsel fees.  Bond has filed various state court actions as well, all of which have been unsuccessful against Adelberg, Rudow and co-Defendant McDaniel Bennett & Griffin.

11.    Notwithstanding the lack of any basis and overbroad nature of his Request, the relief Bond now wants was already adjudicated and denied to him by this Court, which held that the fair use doctrine precluded his claims. This Court's ruling was affirmed on appeal. Bond had the opportunity to litigate these arguments and lost.

12.    Moreover, the relief Bond now requests would constitute a collateral attack on this Court's previous judgment.

13.    Bond also requests that this Court preclude Defendants, "any future party", witness or "other person" from utilizing his juvenile record. Again, Bond fails to set forth any legal or factual basis for his request.

14.    Finally, Bond asks that this Court preclude Defendants, "any future party", witness or "other person" from utilizing the terms "murderer" and "convicted." Bond fails to set forth any legal or factual basis. Notwithstanding how Bond would like the world to characterize his actions, the parties (and other persons) are free to use whatever words they please should they even choose to discuss this. This case is not before a trier of fact and, thus, evidentiary issues are not applicable. There simply is no basis to award Bond the relief he now requests.

15.    Notwithstanding the lack of any basis or evidence supporting Bond's requests, Bond fails to comply with the Federal Rules of Civil Procedure. FRCP 26 states that a party may request a protective order after certifying that the movant has in good faith conferred with other affected parties regarding the relief requested. FRCP 26(b) by its terms relates to discovery. Bond has failed to comply with the certification requirement and fails to appreciate that he has no right to discovery in a case that is closed.

16.    Finally, this action was closed several years ago. There is no pending case pursuant to which Bond could seek any relief whatsoever. Bond should have filed any request for relief

during the pendency of the copyright action while he was represented by counsel.  His Motion is untimely, moot and without basis.  Bond's Motion should be denied.

WHEREFORE, Defendants hereby request that this Honorable Court deny William Bond's Motion in Limine and/or Protective Order, and award all further relief this Court deems appropriate.

Respectfully submitted,

_____/s/_____
Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 025204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195

*Counsel for Adelberg, Rudow, Dorf & Hendler, LLC*

_____/s/_____
William F. Ryan, Jr., Esquire
Amy E. Askew, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626

*Counsel for McDaniel Bennett & Griffin*

_____/s/_____
Gerard P. Martin, Esquire
T. Christine Pham, Esquire
Rosenberg | Martin | Greenberg, LLP
25 South Charles Street
Suite 2115
Baltimore, Maryland  21201

*Counsel for Kenneth Blum, Sr., et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 11th day of May, 2007, a copy of the foregoing Opposition to the Motion in Limine and/or Protective Order was served by first class mail on the following:

William C. Bond
309 Suffolk Road
Baltimore, Maryland  21218

William F. Ryan, Jr., Esquire
Amy E. Askew, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626

Gerard P. Martin, Esquire
T. Christine Pham, Esquire
Rosenberg | Martin | Greenberg, LLP
25 South Charles Street
Suite 2115
Baltimore, Maryland  21201



_____/s/_____
Michael R. Severino

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.:  MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., ET AL., | * | |
| Defendants | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>ORDER DENYING MOTION IN LIMINE AND/OR PROTECTIVE ORDER</u>

Upon consideration of the Motion in Limine and/or Protective Order filed by William Bond, and the Opposition thereto filed by Defendants, it is this ___ day of _____, 2007,

ORDERED, that the Motion in Limine and/or Protective Order shall be and is hereby DENIED.

_____
Judge
United States District Court
 for the District of Maryland