IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM C. BOND | * |
|     Plaintiff | * |
| v. | *   Civil Court Action No: MJG-01-CV-2600 |
| KENNETH BLUM, SR., ET AL. | * |
|     Defendant | * |

\*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STRIKE AND DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

Defendants, Kenneth Blum, Sr., Kenneth Blum, Jr., Dudley F. B. Hodgson, McDaniel, Bennett & Griffin,[1] and Adelberg Rudow Dorf & Hendler, LLC, by their undersigned counsel, file this memorandum in support of their joint motion to strike and dismiss the motion for relief from judgment filed by *Pro Se* Plaintiff William C. Bond ("Plaintiff" or "Bond") under Fed. R. Civ. P. 60(b) and for reasons state as follows:

Plaintiff's motion for relief from judgment seeks to set aside a judgment entered almost 6 years ago[2] by this Court denying Plaintiff's requested relief based on copyright

---

[1] "McDaniel, Bennett & Griffin" is currently known as "The Law Offices of William J. McDaniel, Jr."

[2] The tortured history of this case is as follows: Plaintiff filed a complaint in the United States District Court for the District of Maryland for copyright infringement on August 29, 2001, followed by a Motion for Preliminary Injunction and Expedited Hearing on November 2, 2001. The Defendants, in turn, filed alternative motions to dismiss and/or for summary judgment on the ground that the use of the subject manuscript in the child custody proceeding constituted a "fair use" within the meaning of 17 U.S.C. §107, and thus as a matter of law did not amount to infringement. After an evidentiary hearing, on November 20, 2001, the district court denied Plaintiff's motion for preliminary injunction and granted the

infringement claim and instead awarding summary judgment to the defendants. This judgment was subsequently affirmed by the United States Court of Appeals for the Fourth Circuit. Plaintiff filed a Petition for a Writ of Certiorari to the United States Supreme Court, which was denied in October 2003.

A Rule 60 (b) motion,[3] whether based on mistake, newly discovered evidence or fraud, must be brought within one year from the date of judgment. Fed. R. Civ. P. 60(b).

---

Defendants' motions for summary judgment on the ground that use of the manuscript in the custody proceeding was "fair use" under the non-exclusive four factor analysis enumerated in 17 U.S.C. §107.

    On November 26, 2001, Bond filed a motion to alter or amend the judgment, which was denied by a written memorandum and order on November 27, 2001. After the granting of summary judgment in their favor, the Defendants filed motions for costs and attorneys' fees under the attorneys' fees provision of the Copyright Act, 17 U.S.C. §505, and for sanctions under Rule 11 of the Federal Rules of Civil Procedure. On February 7, 2002, the district court awarded attorneys' fees and costs to the individual defendants, but the court declined to grant a §505 award to the law firm defendants. By separate order and memorandum, on February 7, 2002 the trial court also denied the law firm defendants' motions for sanctions under Rule 11, due to the court's belief that it could not grant the motion unless the motion was filed in accordance with the 21-day notice procedure provided for by the rule.

    Plaintiff appealed this Court's granting of the defendants' motion for summary judgment and the award of attorneys' fees to the individual defendants. The law firm defendants appealed this Court's denial of their motions for sanctions and award of attorneys' fees. On January 24, 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's granting of the defendant's motion for summary judgment and held that use of Plaintiff's manuscript in litigation was "fair use." *See Bond v. Blum*, 317 F.3d 385 (4th Cir. 2003). The Fourth Circuit further held that this Court's award of attorneys' fees to the individuals due to the frivolous nature of the action was proper and that the defendant law firms were not precluded from receiving a similar award. The case was remanded to this Court to determine whether attorneys' fees were appropriate. On February 7, 2003, the Plaintiff filed a Petition for Rehearing *en banc*, which was denied on February 26, 2003. Plaintiff filed a Petition for Writ of Certiorari, which was denied by the United States Supreme Court on October 6, 2003.

    While the Plaintiff was unsuccessfully trying to convince the Fourth Circuit and the United States Supreme Court to hear his baseless arguments, on February 6, 2003, the law firm defendants filed motions for attorneys' fees. On March 12, 2003, Plaintiff filed a Motion to Recuse the Honorable Marvin J. Garbis from presiding over the case. On or about April 25, 2003, this motion was denied. On April 25, 2003 and May 6, 2003, this Court entered an order granting the law firm defendants' motions for attorneys' fees. On May 27, 2003, Plaintiff filed an appeal of this Court's award of attorneys' fees to the law firm defendants. This appeal was withdrawn and subsequently dismissed on November 24, 2003.

[3]    Section b of Rule 60 of the Federal Rules of Civil Procedure states as follows:

    (b) **Mistakes; Inadvertence; Excusable Neglect; New Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in the time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

*See H&W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000). Plaintiff has filed his Motion for Relief from Judgment pursuant to Rule 60(b) almost six years from the judgment he seeks to set aside. For this reason alone, and without regard to its lack of substantive merit, his motion must be denied.

In a clear and unwarranted attempt to avoid Rule 60(b)'s general one year limitation, Plaintiff's motion purports to base his extraordinary claim for relief upon the notion that a fraud was committed on the court. Plaintiff's motion, however, is completely devoid of any facts that would support any rational finding that the judgment entered by this Court almost 6 years ago was the result of a "fraud upon the court."

As Rule 60(b) itself makes clear, the concepts of fraud, within the meaning of Rule 60(b)(3), and "fraud upon the court" are separate and distinct. The concept of "fraud upon the court" is very "narrowly construed and is confined to the 'most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney in which the integrity of the court and its ability to function impartially is directly impinged.'" *Outen v. Baltimore County, MD*, 177 F.R.D. 346, 348-49

---

judgment is void; (5) the judgment has been satisfied, released, or discharged, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. (…) Fed. R. Civ. P. 60(b).

(D. Md. 1998) (quoting *Great Coastal Express, Inc. v. International Brotherhood of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)).

The limited application of the "fraud upon the court" exception to Rule 60(b)'s time limitation is demonstrated by the fact that courts have made "clear…that perjury or the fabrication of evidence alone, or fraud that is primarily *inter partes*, does not constitute fraud on the court absent the encouragement or involvement of the attorneys involved or other court involvement." *Id*. at 349 (citations omitted). Moreover, a litigant seeking to avoid a judgment on the basis of "fraud upon the court" is required to meet the high burden of setting forth "clear and convincing evidence" demonstrating that the integrity of the court and its ability to function impartially with respect to the judgment at issue was directly impinged by improper influence. *See id*. at 349 (quoting *Weese v. Schukman*, 98 F. 3d 542, 552 (10th Cir. 1996)). And, in reviewing the sufficiency of the factual basis for a "fraud on the court" claim, "all doubts will be resolved in favor of sustaining the prior court action." *See id*. at 349.

Plaintiff's motion does not set forth any facts- - let alone clear and convincing facts- - which, if proven would show that there was any improper attempt to influence this Court or even that this Court's integrity and ability to function impartially was impinged by outside influence or otherwise. The basic thrust of Plaintiff's claim is that he should have prevailed on his copyright claim because, in his view, the manuscript at issue was "stolen" and that the attorneys involved in the underlying case[4] suborned

---

[4] This Court has already ruled that the recusal of the Honorable Marvin J. Garbis was not warranted and denied Plaintiff's motion for recusal. As expected, the same frivolous allegations that were made in the motion for recusal are also present in his Rule 60(b) memorandum. Accordingly, all

- 4 -

perjury regarding same. However, he has done so in a grossly conclusory fashion, offering no factual support that would give rise to clear and convincing evidence, as required to support a fraud upon the court claim.

There are at least three reasons why this Court should dismiss Plaintiff's attempt to create a "fraud on the court" theory to avoid the prior judgment.

First, Plaintiff has set forth no facts that support his bald allegation that any attorney that represented any party to the judgment knowingly suborned or committed perjury, which is required for fraud upon the court as a matter of law.[5] *See Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 986 (4th Cir. 1987) (perjury by a witness alone will not suffice).[6]

Second, the issue of whether the manuscript was "stolen" was raised by Bond in the evidentiary proceeding, and this Court found as a matter of law that it was not stolen.[7] *See Bond v. Blum*, 317 F.3d at 392.

---

arguments made by Plaintiff pertaining to the baseless allegations regarding the impropriety of Judge Garbis presiding over these matters are deemed resolved in favor of the defendants.

[5] Plaintiff alleges that the certain individuals lied in their depositions and/or testified inconsistently at trial. It is well established that "[n]ot only does this argument fail to establish any evidence of a fraud on the court, but it seriously undermines the principle of finality. If a routine evidentiary dispute, which occurs in virtually all trials, could justify an action for fraud on the court, then any losing party could bring an independent action to set aside the verdict, forcing extended proceedings in almost every case." *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 987 (4th Cir. 1987). Such inconsistencies, if they actually exist, could have been brought out during the evidentiary hearing by Plaintiff's counsel. *See id.*

[6] As the Court is aware, perjury without the requisite involvement of the attorneys involved or other court involvement does not constitute a "fraud on the court." *See Outen* at 349 (citations omitted).

[7] Plaintiff is fixated with the theory that stolen unpublished works cannot be "fair use." (Plaintiff's Rule 60(b) Memo at page 12). It seems to be his belief that if he can prove that such material was stolen, the fair use analysis would somehow be resolved in his favor. Such theory is pure fantasy. As an initial matter, this exact argument was made to and rejected by the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court. Plaintiff has presented no new evidence, argument or case authority that would overcome the rulings of these courts. Further, there is authority to the

Third, while this Court found that the manuscript was not stolen, that finding was not essential to the dismissal of Plaintiff's copyright claim on the ground that it was "fair use" and the Fourth Circuit's affirmance thereof. *See id.* at 393-97.

Simply put, for Plaintiff to say, *ipse dixit,* that "Defendants, Witnesses, Other Persons, and Attorneys" suborned perjury or committed perjury alone does not give rise to "fraud upon the court." In addition to Plaintiff's utter failure to meet the high standard necessary for a fraud on the court claim, Rule 9 requires that assertions of fraud be plead with particularity. Fed. R. Civ. P. 9. Accordingly, Plaintiff must plead with particularity the actual "fraud upon the court," i.e., specific acts where the attorneys knowingly suborned perjury in the evidentiary hearing, and must establish same by clear and convincing evidence. Plaintiff has not and cannot do so.

There can be no doubt that "[r]espect for the finality of judgments is deeply engrained in the legal system." *Great Coastal Express, Inc. v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 675 F.2d 1349, 1354 (4th Cir. 1982). Plaintiff has filed numerous lawsuits against these defendants and others as a result of events surrounding the copyright action. To date, NONE have been successful against these defendants.

Rule 60(b) was designed to promote justice and "set aside judgments, the enforcement of which would be manifestly unconscionable." *Great Coastal Express*, 675

---

contrary- - i.e., even if the manuscript was stolen, use of it for litigation purposes would still be fair use. *See Religious Technology Center v. Wollersheim*, 971 F.2d 364, 365-367 (9th Cir. 1992) (where attorneys' use of copyrighted materials stolen from the other side and distributed to their experts in connection with litigation constituted "fair use"); *see also Jartech, Inc. v. Clancy*, 666 F.2d 403, 405 (9th Cir. 1982) (use of audio tape and photos of a movie surreptiously obtained by a party's agent constituted "fair use" at trial).

F.2d at 1356. It was not designed to enable a serial litigator, unhappy with results that have been considered and ruled upon by appellate courts on the federal and state levels, continue to wreak havoc among the lives of private citizens, officers of the court and even members of the federal bench. As recognized by the United States Court of Appeals for the Fourth Circuit and Justice Story, "'[i]t is for the public interest to make an end to litigation…' so that 'suits may not be immortal, while men are mortal.'" *Great Coastal Express*, 675 F.2d at 1355.

I. **Conclusion.**

WHEREFORE, Defendants respectfully request that this Court GRANT its Joint Motion to Strike and Dismiss Plaintiff's Motion Pursuant to Rule 60(b).

_____/s/_____
William F. Ryan, Jr. #00360
Amy E. Askew #26709
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendant,*
McDaniel, Bennett & Griffin

Gerard P. Martin #00691
T. Christine Pham #25446
Rosenberg| Martin| Greenberg, LLP
25 South Charles Street; Suite 2115
Baltimore, Maryland 21201
410.727.6600

*Attorneys for Defendants,*
Kenneth Blum, Sr., Kennethy Blum, Jr., Dudley F. B. Hodgson

- 8 -

                    Andrew Radding #00195
                    Michael Severino #25204
                    Adelberg, Rudow, Dorf, & Hendler, LLC
                    7 St. Paul Street, Ste. 600
                    Baltimore, Maryland 21201-2927
                    (410) 539-5195

*Attorneys for Defendant*,
Adelberg Rudow Dorf & Hendler LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of May, 2007, a copy of the foregoing Motion and Supporting Memorandum was sent by first class mail to:

> William C. Bond
> 309 Suffolk Road
> Baltimore, Maryland 21218
> *Pro Se Plaintiff*
>
> William Slavin
> 300 Three Island Boulevard, #810
> Hollandale Beach, Florida  33009
> *Defendant*

_____/s/_____
Amy E. Askew

1734880