FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 MAY 24  P 3:49

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff *Pro Se* | * | Civil Action No.: MJG-01-CV-2600 |
| v. | * | |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

### PLAINTIFF'S REPLY MOTION TO DEFENDANT'S JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

1. Plaintiff incorporates his attached MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY MOTION TO DEFENDANT'S JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b).

2. Plaintiff **has not** brought Motions pursuant to Fed. R. 60(b)(3).

3. Plaintiff has filed Motions pursuant to Fed. R. 60(b) "Fraud Upon the Court," which, as one of the Rule's 'savings statutes,' has no time limit.

4. Defendants' arguments that Plaintiff's Motions are time barred are without merit.

5. Plaintiff has substantially stated a claim for "Fraud on The Court" by listing specific allegations against "Officers of the Court" including Judge Marvin J. Garbis, Attorneys Gerard P. Martin, Robert N. Grossbart, Paul Dorf, Carolyn A. Griffin, and Licensed Investigator Dudley F.B. Hodgson.

6. Plaintiff has also substantially stated a claim for "Fraud Upon the Court" by an "Orchestrated Effort to Defraud the Court on a Matter of Public Import," listing allegations against the above "Officers of the Court" and other Defendants, Witnesses, and Other Persons.

7. Fed. R. 12(b)(f) does not allow for the Court to Dismiss an entire Motion let alone Strike one sentence unless Defendants make specific, factual rebuttals to Plaintiff's specific allegations on a line by line basis.

8. Plaintiff has specifically set forth facts that would lead a reasonable person to conclude that "Officers of the Court" suborned perjury, obstructed justice, and committed other crimes in this Case. Contrary to case law cited by Defendants, the controlling law in this Action is Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) and Great Coastal Express, Inc., v. International Brotherhood of Teamsters, 675 F. 2nd 1349 (4th Circuit 1982).

9. Defendants cannot say the issue of whether Plaintiff's Manuscript(s) were stolen or not is

precluded from analysis in this Action by basing that argument upon the Fraudulently obtained Ruling before Judge Garbis. This is the **gravamen** of Plaintiff's cause of Action.

10. Likewise, there can be no reliance upon the 4th Circuit's analysis of the District Court's Ruling based upon Fraud, whether it was known or unknown to the fact finder.

11. Standard Oil Co. of Cal. v. United States, 429 U.S. 17 (1976) places the District Court as the proper place to hear this Rule 60 (b) Attack upon the Judgment.

12. Plaintiff states that, because of the missing evidence and "Fraud Upon the Court," the issue of how the Defendants obtained Plaintiff's Copyrighted works is vital to the "Fair Use" analysis conducted by the Court and is essential to that Decision. For example, Judge Garbis found that "Hodgson did not steal the manuscript" and that Plaintiff's Cause of Action was "Frivolous." Both of these parts of the Judgement, which Defendants have used over and over again to defeat Plaintiff's attempts to hold Defendants accountable for their Crimes could not stand up to present scrutiny, nor could the awards of 'Attorney's Fees,' which is as gross a perversion of Justice as one can find. These parts of the Ruling must be stricken as "unconscionable."

13. Plaintiff has pled "Fraud" with particularity under Fed. R. 9. For Defendants to say otherwise is doublespeak.

14. Plaintiff has proved, as a matter of law, by introducing as evidence proof of the US

Attorney's investigation of Plaintiff's Criminal referral regarding Defendants in 2004, that his Motions are not "frivolous."

15. All aspects of the District Court decision by Judge Garbis are "manifestly unconscionable" and must be set aside and a new Trial Ordered.

WHEREFORE, for the aforementioned reasons, Plaintiff asks this Court to Deny Defendants' Motion to Strike and Dismiss and to Award Plaintiff any and all Relief to which he is entitled. Plaintiff, again, requests a Hearing on this matter.

WILLIAM C. BOND

*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
(410) 467-9177 FAX

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of May, 2007, copies of Plaintiff's PLAINTIFF'S REPLY MOTION TO DEFENDANT'S JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) were mailed US Mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth

Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite 600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; and William H. Slavin, 300 Three Island Boulevard, Apartment 810, Hollandale Beach, Florida 33009

_____
WILLIAM C. BOND