FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2007 MAY 24 P 3: 49

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND                          *

       Plaintiff *Pro Se*

    v.                               *        Civil Action No.: MJG-01-CV-2600

KENNETH BLUM, SR., et al.                *

       Defendants                 *

   *     *     *     *     *     *     *     *     *

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY MOTION TO DEFENDANT'S JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

**Alan S. Cohn is a Convicted Federal Felon.** Alan S. Cohn is the son-in-law of Defendant

Kenneth Blum Sr. Alan S. Cohn pled Guilty to Conspiracy in US District Court in 1989 for

attempting to rig an Atlanta, Georgia health care contract along with a known Mafia connection,

Angelo T. Commito. Alan S. Cohn was disbarred by the Maryland Court of Appeals on January

24, 1992. In return for Cohn's Guilty plea and a company fine of $150,000.00, the Government

dropped its indictment of Cohn's father-in-law's company, United Healthcare, and its officers,

including Defendant Kenneth Blum Sr. and Defendant William H. Slavin. (Exhibit #'s 1 & 2).[1]

---

[1] Defendants' primary attorney in this Case has been Gerard P. Martin, Esq., now "disqualified" as counsel to Tommy Bromwell in the "Bromwell Case" before Judge Motz of this Court. On information and belief Plaintiff states that this "disqualification" was for 'witness tampering' and other acts.

Alan S. Cohn begot Robert N. Grossbart, Esq. Robert N. Grossbart, Esq., begot Defendant Dudley F.B. "Butch" Hodgson. Defendant Hodgson was hired by Defendant Blum Sr., his wife, Erlene Blum, and their son, Defendant Kenneth Blum Jr., through Alan S. Cohn, in 2000 to investigate Plaintiff. In April 2001, Defendant Blum Sr. and Defendant Slavin sent Defendant Hodgson to the law offices of Plaintiff's deceased attorney, Norman E. Pessin, to **steal** Plaintiff's Manuscript(s). Grossbart told Defendant Hodgson that Pessin had the Manuscript(s) and where to go get them. Law firm Defendants Paul Dorf, Esq., and Carolyn A. Griffin, Esq., hid their knowledge of Defendant Hodgson and his actions from Plaintiff and the Court. [2]

Defendants, despite the above, which was not fully discovered until almost three years after the Copyright Hearing in 2001,[3] now coquettishly attempt to act as if plump, fifteen-year-old girls, modeling themselves before fun house mirrors, blind to their lack of charms, and seek to distort Plaintiff's carefully crafted examination of the facts and events relevant to Plaintiff's Motions while gluttonously filling their Motions with 'filler' and gorging again on misplaced Law and Rules. Defendants still ravenously chew on Judge Garbis's decision despite the facts, uncontroverted, that very serious Fraud occurred in this Case.

---

[2]This is just one of many examples of the type of facts which were hidden from Plaintiff during Discovery in this Case and which form the basis of his allegations of "Fraud Upon the Court."

[3]Defendants actually say in their Motion to Strike and Dismiss now before the Court, footnote number (5) five, that Plaintiff's counsel should have been **clairvoyant** during the Hearing before Judge Garbis in 2001 and should have been able to bring Plaintiff's claims out during that "evidentiary" Hearing. This ridiculous statement unwittingly drives home the gravamen of Plaintiff's Action here: The Lawyers – and Defendants, Witnesses, and Other Persons -- below **hid** the evidence, and more, in the evidentiary Hearing before Judge Garbis! How exactly should Plaintiff have brought these matters before the Court in 2001?

For example, Defendants spend the first five (5) pages of their Motions listing Plaintiff's Cases, reprinting parts of Rule 60, and arguing that Plaintiff is time barred under Rule 60(b)(3), **despite the very fact that Plaintiff has very carefully and precisely pled Rule 60(b) "Fraud Upon the Court" which has no time limit**. Plaintiff has also carefully argued the analysis required of the Court under Rule 60(b) between Finality of Judgment and Equity. Clearly, here, at Bar, Defendants make no arguments against Plaintiff's Equity position except to express their displeasure at Plaintiff's aggressive prosecution of their illegal and unethical behavior. Their arguments reek of Country Club snobbery and fail to address any substantive facts argued by Plaintiff whatsoever.

In direct conflict with all known case law, including <u>Hazel-Atlas Glass Co. v. Hartford-Empire Co.,</u> 322 U.S. 238 (1944) and <u>Great Coastal Express, Inc., v. International Brotherhood of Teamsters,</u> 675 F. 2nd 1349 (4th Circuit 1982). Defendants say because Plaintiff is filing his Motions some 5 ½ years after Judge Garbis' initial Ruling that this fact in and of itself should preclude Plaintiff's Cause of Action. Defendants, despite the title of their Motions, offer no Points or Authorities to this *ipse dixit* statement, a term Defendants throw around cavalierly, seemingly without knowing its definition. Regardless, Plaintiff avers that he has brought his Rule 60 Motions as soon as humanly possible and asks this Court to allow an affidavit to same should this Court even consider Defendants' baseless assertion for Dismissal on this ground.

Defendants make other such use of *ipse dixit*-type statements, using words such as "extraordinary," "notion," "rational," "conclusary,""bald allegations," etc., etc., to stand in the

place of factual statements or rebuttals. One would think that the lawyers in this Case which include two members of the American College of Trial Lawyers, the Vice Chair of the MSBA Ethics Committee, and a former member of the US District Court Judicial Selection Committee[4], etc., could do better than this. In fact, they offer no real Reply to Plaintiff's allegations except to ask the Court to strike Plaintiff's Motions because they don't like them, using the above terms. Plaintiff *Pro Se* is almost a little disappointed he isn't getting more of a fight, his subscription to LexisNexis appearing to be a waste of resources. Defendants openly appear to be counting on Judge Garbis to stay in the Case in spite of all his conflicts and to excuse their Defilement of the Court without any Hearing whatsoever.

Defendants claim Plaintiff's Motions should be denied for "lack of substantive merit." In other words, again, they don't like what Plaintiff has to say, for the term "lack of substantive merit" is meaningless unless given actual "factual" rebuttals to Plaintiff's allegations. In fact, Plaintiff's Motion and Memorandum in Support of Motion for Rule 60 (b) Relief from Judgment or Order for "Fraud Upon the Court" offers more than fifty (50) pages of substantive arguments and ninety-one (91) exhibits, mostly taken from deposition or Court testimony of the "Defendants, Witnesses, Other Persons, and Attorneys" involved in Plaintiff's allegations. Further, Plaintiff itemizes his allegations of Fraud by name of person and allegation from page twenty-five (25) through page forty-five (45) of his Memorandum. Not only are Plaintiff's Motions not "devoid"

---

[4] Plaintiff wonders if Judge Garbis was on this list for the year 1986? Or what other contacts there were between Andrew Radding, Esq., and this Court from Radding's many appointments with the Court from 1986-1990? In fact, Plaintiff wonders who else in this Case has socialized with the Court over the years?

of substantive facts, as Defendants claim, they are rife with them. Further, Defendants have not rebutted **one** of Plaintiff's many allegations. All we are left with is a sort of Orwellian, Ayn Randian-type of doublespeak. Or, more aptly, the sound of children, about to be punished, crying incoherently into their shirt sleeves while looking at their mother with one eye open in an attempt to escape their due punishment.

Plaintiff has brought a bright light onto a great concern not only to Plaintiff, but the Public at large, when it comes to this Court and Judge Garbis – **exactly how did Judge Garbis know that Plaintiff's Juvenile Counsel had been Messerman, by his own admission, in "August 2001," when Plaintiff's Copyright Complaint wasn't filed until August 29, 2001?**[5] This fact alone coupled with Judge Garbis' discarding 28 U.S.C. 455 (a) & (e) would give any reasonable person pause.[6] Defendants seek to play Judge Garbis themselves, anointing Judge Garbis' Answer to Recusal to be definitive knowing full well that Plaintiff has filed a Motion and Memorandum for Judge Garbis and/or the Chief Judge of the Court to Reconsider as well as filing a FOIA Lawsuit against the Court itself and the US Attorney for information about Judge Garbis, Gerard P. Martin, and the US Attorney's investigation of Plaintiff's criminal referral of 2004. This matter is far from over or decided. Plaintiff can confidently state that when -- if ever allowed -- Discovery occurs in this Case, Defendants will be eating their accusations that Plaintiff's allegations are

---

[5]Plaintiff's Copyright Complaint in 2001 makes no mention of Messerman.

[6]In fact, Judge Garbis raises more questions as the days go by. For example, if he knew about Messerman when assigned the Case, this fact naturally begs the next question: How did he get assigned the Case? And, how, at the same moment in time, did Plaintiff's Criminal Case get assigned to his good friend and former partner, Judge Allen L. Schwait, in Baltimore City Circuit Court? As any good prosecutor knows, coincidences like these do not just happen.

"frivolous."

Plaintiff has set forth odd numerous facts stating with evidentiary support why "Fraud Upon the Court" occurred in this Case, not just by "Officers of the Court," but also that an "Orchestrated Effort to Defraud the Court on a Matter of Public Import" was perpetrated by the Defendants. Again, Defendants have not offered one specific rebuttal to Plaintiff's allegations, preferring to rely instead upon their mantra of *ipse dixit* pet sayings.

Further, Defendants now want the "Officers of the Court" to be only "Officers of the Court" actually representing parties in this Case. While Plaintiff has pointed to Attorney Gerard P. Martin[7] and Judge Garbis in this specific regard, Plaintiff states that Defendants' assertion is erroneous and that "Officers of the Court" is just that and can be those representing clients, those who are witnesses, or just persons in the back ground. Defendants offer no law or case law to support this *ipse dixit* statement. Plaintiff, though, has carefully laid out the 4th Circuit case law in

---

[7]Martin's testimony in Defendant Hodgson's deposition recounted in Plaintiff's Memorandum in Support of Motion for Rule 60 (b) Relief from Judgment or Order shows that not only did Martin suppress Defendant Hodgson's production of documents and testimony, not only in the Copyright Case, but the Custody Case as well, but that Martin claims to not even know what the subpoenas were for, which is clearly a lie. Martin, as an Attorney and Officer of the Court, not only cannot claim ignorance of the Law, but it was his duty to correct the record in the Cases he represented Hodgson in when he learned of Hodgson's illegal suppression of subpoenaed documents -- if it wasn't his idea in the first place. To this day, in violation of the Maryland Code of Professional Responsibility, the Federal Rules, and State and Federal Law, Gerard P. Martin, Esq., has made no such correction and, by not doing so, has, at minimum, become a co-conspirator of Defendant Hodgson. Further, although requested to do so several times by Attorney Timothy M. Gunning, who represented Plaintiff in *Grossbart*, Martin still has not produced Hodgson's billing records and files which have been subpoenaed over **three** times. Gerard P. Martin, Esq., is part and parcel of the "Fraud Upon the Court" in this Case and, seemingly, has relished his role, laughing at the Court behind the shield of his 'reputation.'

his original Memorandum and reiterates his arguments there. Here, in this Case, not only did

"Officers of the Court" improperly influence the administration of Justice, but they participated

in an "Orchestrated" scheme to improperly influence the administration of Justice. Martin, using

Hodgson as his foot soldier, molded testimony and suppressed document production, in, at least,

Hodgson's own depositions and Grossbart's as well. And we all know, behind Grossbart, who is

an "Officer of the Court," is a Convicted Federal Felon, Alan S. Cohn, whose crime was

Conspiracy, whose father-in-law, Defendant Kenneth Blum Sr., is the main Defendant in this

Case and has paid the legal bills of all the Attorneys involved. If nothing else, the fact finder in

this Case should have and would have taken great interest in these facts.


Defendants now want to say whether the manuscript was "stolen" or not isn't relevant

or "essential."[8] *Au Contraire* says Plaintiff.[9] If Defendants' position in 2001 was, "We stole his

Manuscript(s) and s**** him," then why not just say that to the Court once they were caught

---

[8]Defendants in *Bond v. Blum Sr., et al. in the Circuit Court for Baltimore City* didn't share these opinions in their Defense of Plaintiff's claims for Conversion and Invasion of Privacy. In fact, they made great use of Judge Garbis' Ruling, relying on Judge Garbis' statement that "Hodgson did not steal it (the book)," and invited the Circuit Court to take "Judicial Notice" of the District and Fourth Circuit Decisions, which they did, Decisions based upon their Fraud. See: Page (4) four of Memorandum of Grounds and Authorities in Support of McDaniel Defendants' Motion to Dismiss Plaintiff's Complaint. (Exhibit # 3). The other Defendants in that Case used exactly the same Defenses. Plaintiff asks this Court for the right to introduce the entire Record Extract in that Case, and *Pessin*, into evidence in this Case should the Court remain unsatisfied with Plaintiff's contention that Defendants hiding the theft of the Manuscripts from the Court was a 'material issue' both here, in this Case, and in the State Torts. How Defendants obtained the Manuscript(s) was "essential" to the "Fair Use" analysis conducted by Judge Garbis and itemized by Judge Garbis in his Decision. How could it not be? Defendants did not walk into a book store to obtain their copies!

[9]See: Transcript of Judge Garbis Oral Opinion 11/20/2001. (Exhibit # 4). Clearly, this fact is part of the Court's analysis.

holding the smoking gun with the dead body at their feet in the first place? Defendants cowardly did no such thing, lying and cheating their way to victory. Neither the District Court, nor the Fourth Circuit, could get to their analysis with the many missing pieces Plaintiff has alleged in his Motions. There is no blanket "Fair Use" under the circumstances at Bar, nor any *Per Se* rule when it comes to Copyright Law. If Defendants want the Court to agree with them again, Judge Garbis' Ruling for Summary Judgement is not the place to start. This Case must be reopened, tried before an impartial fact finder, independent from this Court, with <u>all</u> the evidence, and a Jury allowed to decide the outcome based upon the merits. If "Fair Use" is to be Ruled, which Plaintiff believes to be impossible under <u>these</u> sets of Facts, then let that be decided on a level field. After that, if the Fourth Circuit, or whatever Circuit has jurisdiction, wants to review the Case, that is their prerogative. But Defendants cannot say, nor should this Court allow them to get away with saying, that, "Hey, what the heck, our crimes don't matter because we would have been allowed "Fair Use" anyway." Plaintiff said before, and says again, in this Case, the Fraud committed is a *de facto* confession that the use was not fair and that the Manuscript(s) were stolen. Why else lie?

Defendants' fun house mirror is most in effect when they make the following statement that Plaintiff has not pled with particularity "Fraud Upon the Court" and cite Fed. R. Civ. P. 9. Plaintiff wonders if Defendants are too lazy to read and collate Plaintiff's allegations recounted in his Memorandum spanning more than fifty (50) pages and ninety-one (91) exhibits, listing specific allegations against specific persons for more than twenty (20) pages! Lacking actual "confessions," Plaintiff has pled with all the particularity needed in this Case. Should this Court

-8-

somehow believe otherwise. Plaintiff is entitled to, at the very, very least, Post-Judgment
Discovery.

Finally, in a mocking assertion to the Court and an obvious attempt to manipulate what, to this
day, has been akin to a pedigree dog show, with attorneys basing their arguments more on their
reputations and relationships to the Judiciary than by arguing substantive facts and law,
Defendants assert that it is Plaintiff who is harassing them, not vice-versa, even though it is
Defendants who stole Plaintiff's Manuscript(s), orchestrated Plaintiff's arrest using their
connections with the Maryland State Police, and inappropriately influenced Plaintiff's Criminal
and Copyright Cases as well as Plaintiff's wife's Custody Case. Defendants say Plaintiff has not
been successful in his litigations even though Plaintiff has already mentioned his victory against
Bank of America and Grossbart's insurance company's Notice to the Court regarding his
settlement with Plaintiff, two cases closely related to the Case at Bar. Defendants' actual words,
page 6 of their Memorandum: "To date, NONE have been successful against these defendants."
**Well, those facts are wrong**. Law firm Defendant Carolyn A. Griffin and Defendant William H.
Slavin, along with the Bank of America, were found by Chief Judge Joseph Murphy of the
Maryland Court of Special Appeals to have violated the Maryland Financial Institutions Code
when it came to Plaintiff's banking records, an act very similar to Defendants' violation of
Plaintiff's Copyright in this Case.

Defendants end their arguments seeking sympathy and accuse Plaintiff of "wreaking havoc" in
their lives. Why just recently some of the Defendants garnished another Judgement won by

Plaintiff against Bank of America to enforce their award of Attorneys' Fees by Judge Garbis. An

award that Defendants still seek to enforce, knowing that criminal behavior was at the root of the

award. Defendants have had years to make an amends for their illegal behavior, pompously and

arrogantly refusing to account for their deeds. Now, like felons on the run, they cannot claim that

their necks hurt from constantly looking over their shoulders – the ultimate penalty for liars

according to the late Norman E. Pessin![10]


Further, Defendants have brazenly used the Fraudulently obtained Copyright Case Judgment as

*res judicata*, and/or *estoppel*, and/or issue preclusion, and/or judicial notice to successfully defeat

Plaintiff's State Torts in *Bond v. Messerman*, *Bond* v. *Blum Sr., et al*, and *Bond v. Pessin et al.*,

concerning Plaintiff's meritorious issues of the Conversion of Plaintiff's Manuscript(s) and the

Invasion of Plaintiff's Privacy, thus Defiling the Circuit Courts of Baltimore City and

Montgomery County, not to mention Maryland's Appellate Courts, in the process.[11] Plaintiff has

been denied all and every relief available to him, including reclaiming any copies of his stolen

Manuscripts(s), by Defendants' **Criminal Acts** in the Copyright Case. Defendants state Plaintiff

is "fixated" on this issue. They are right! The attitude of smug thieves lording it over Plaintiff,

---

[10]None of the 4th Circuit Case Law concerning Rule 60 Motions cited by Plaintiff in his original Memorandum, whether movants were successful or not, finds any grace in the Defendants' actions in those Cases. In fact, unanimously, the Judges are uniformly uncomfortable allowing Defendants in those Cases to get away with even simple Rule 60(b)(3) Fraud. Defendants here, sadly, are still not tempered with remorse for their actions, dragging the Court along with them through their filth, and reminding Plaintiff why he went to the US Attorney in the first place. Clearly, this Case justified, and still justifies, Criminal prosecution.

[11]See The Hon. Eric M. Johnson Opinion in *Bond v. Miriam Pessin*, after Pessin's third Motion for Summary Judgment, handed down almost three years after the Case began. (Exhibit # 5). Defendants don't know what 'tortuous' means.

then attempting to steal more money from Plaintiff is outrageous. The "havoc wrecked" has only been upon Plaintiff. Defendants' view of their position is borderline psychotic.[12]

Finally, Defendants reliance upon Fed. R. Civ. P. 12(b)(f) is ridiculous and walks the edge toward Fed R. Civ. P. Rule 11 Sanctions. Rule 12(b)(f) says in total: (f) MOTION TO STRIKE. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or **any redundant, immaterial, impertinent, or scandalous matter**. (Emphasis added.) Defendants have not listed what in Plaintiff's Motions is <u>redundant</u>, <u>immaterial</u>, or <u>impertinent</u>, nor have they argued why their allegations, if they had made any, should be sustained. Plaintiff agrees that this matter is <u>scandalous</u>, but adds that for Defendants to cry about these matters now after dragging Plaintiff, his wife, and his wife's children, among many other people, through the proverbial mud for more than six years shows a lack of backbone. Further, adding the word "Dismiss" to Defendants' "Motion to Strike" is just one more of Defendants many *ipse dixit* slights of hand: Plaintiff can find no mention of Dismissal in Rule 12(b)(f). One wonders why Defendants didn't print this Rule in total along with the rest of their 'filler?' Again, clearly, they seem to be inviting the Court, to whom they are pandering, to reach for a straw not available and force Plaintiff to endure more 'tortuous' appellate litigation. Defendants have made no factual arguments to

---

[12]See Plaintiff's Independent Action filed this day, alleging, among many crimes, Racketeering by Defendants, Witnesses, Other Persons, and the Attorneys in this Case. (Exhibit # 6).

-11-

support Dismissal whatsoever!

Nor can Defendants now cry about the publicity, or the potential publicity, or, even, the general notoriety among the City Bar concerning this Case, generated from the Public's interest in Plaintiff's Manuscript(s), interest created wholly by Defendants' past actions, now back firing on them. Defendants, if they were wise, would have thought about this issue in advance before conducting their 'character assassination' of Plaintiff. Plaintiff didn't appreciate being put on WBAL TV with Jayne Miller or on the front page of *The Washington Post* the **same** day Plaintiff's wife's Custody Case began – what a coincidence! What's good for the goose is good for the gander, it is said. Defendants cannot rely on Rule 12 to escape their fate as they have not pled one single reason for that Rule to control this Action. In addition, Defendant William H. Slavin has not answered one of Plaintiff's allegations and his time to do so has passed. Defendant Slavin should not be Dismissed, regardless of the fate this Court decides for the other Defendants.

Defendants chime "frivolousness" and other *ipse dixit*-type statements parroting this Court and Judge Garbis in an obvious attempt to win favor. Every single expert Plaintiff has discussed this matter with has said that the Court will never allow this matter to be Heard and that the Court will Dismiss Plaintiff's Claims, *Pro Se*, for being "frivolous." Certainly, this harsh assessment of Plaintiff's potential reality is distressing to Plaintiff. Former US Attorney Thomas M. DiBiagio was correct when quoted in *The Sun* that Maryland is a "pay to play" state. And it has been that way for generations.

-12-

It is a sad day when, because of misplaced 'professional courtesy,' that no one, or few, among the Bar – Judges, lawyers, clerks, etc., – report or enforce ethical violations as Maryland Rule 8.3 commands. It is even sadder that the Bar views this state of affairs as "Judges take care of lawyers and lawyers take care of Judges." It is even more sad that it takes a 'patricidal maniac' to point out to the Bar that the law exists for the **people**, not for the <u>insidious cronyism which exists in Maryland's and, especially, Baltimore's Bar.</u>

So what, then, is the definition of "frivolous" according to the Oxford Dictionary?

**Frivolous** • **adjective 1** not having any serious purpose or value. **2** (of a person) carefree and superficial.
— DERIVATIVES **frivolity** noun **frivolously** adverb **frivolousness** noun.
— ORIGIN Latin *frivolus* 'silly, trifling'.

One would think, even a Plaintiff *Pro Se*, presumably ignorant of the law, that when the US Attorney for Maryland takes more than ten (10) months to investigate Plaintiff's claims, then tells Plaintiff that they are not pursuing prosecution of Plaintiff's claims because of prosecutorial **"discretion,"** but that it **"wasn't an easy or quick decision,"** that Plaintiff has more than met his burden that this matter now before the Court is, in fact, **not** frivolous in the least![13] Further, as Defendants will seek to exploit the fact they weren't prosecuted, or that they haven't yet been prosecuted, Plaintiff points out that there is no right by the Public to have crimes against it

---

[13]See: (Exhibit # 7), a letter from Barbara S. Sale, Chief, Criminal Division, United States Attorney, District of Maryland dated May 31, 2005 to Plaintiff and (Exhibit # 8), an email from Barbara S. Sale to Plaintiff dated June 2, 2005. Plaintiff apologizes in advance to Mrs. Sale, for whom he has the highest respect, for being **forced** by this Court to use her letter and email to Plaintiff to prove Plaintiff's point, which is self-evident to anyone who is impartial.

prosecuted. But, the Public does have a Constitutionally protected right to a <u>Fair Trial</u> and <u>Due Process</u>. Plaintiff is not "frivolous" to demand what he is entitled to.[14]

Defendants, Witnesses, Other Persons, and the Attorneys in this Case are like scoundrels who drape themselves in the Flag or pedophiles who go into the priesthood, relentlessly throwing stones at Plaintiff because of his past to camouflage their crimes and hide their sins.[15] Defendants, Witnesses, Other Persons, and the Attorneys who lied and stole their way to victory in this Case are bad people who did wrong. They should be punished. The entire community is watching this matter of grave public import.[16]

_____

[14]It will be interesting to see whether Plaintiff's criminal referral to the US Attorney had anything to do with former US Attorney Thomas M. DiBiagio's departure or whether undue influence was exerted from Washington, D.C. to protect individuals mentioned in Plaintiff's criminal referral. (Exhibit # 9).

[15]Defendant Kenneth Blum Sr., et al, are currently being sued in this Court by David Schwartz, founder of Rent-a-Wreck of America, Inc., for SEC violations and other Fraud generated by their illegal activities during their tenure in managing Rent-a-Wreck of America, Inc., including using corporate funds for their own use, presumably such as paying Defendant Hodgson for his personal services to Blum with corporate monies.

[16]Defendants now are threatening Sanctions of $50,000.00 against Plaintiff if Plaintiff does not withdraw his Motions. (Exhibit # 10). Defendants cry "frivolous," again, in this "Draft" <u>threat</u> and rehash, again, Plaintiff's losses in State Tort Cases, clearly in denial that their Fraud in this Case created a hurdle Plaintiff was unable to jump. Now they seek, as if by rote, to use not only this Case's Fraudulently obtained Judgement to prove their point, but the Fraudulently obtained Judgements in the State Torts as well. Brazen indeed!

Further, they seemingly seek to influence the Court regarding Plaintiff's "novel" Discovery requests to the Court and the US Attorney, oblivious to the fact that not only are those Requests entirely germane to the issues in this Case and 'discoverable,' but that Plaintiff has filed a FOIA Action for the same items. Curiously, Defendants do not mention whether Plaintiff's Discovery or FOIA Request to the Court for the "Bromwell Attorney Disqualification Motions" involving Gerard P. Martin, Esq., for, allegedly, 'witness tampering' is "frivolous," as well? In fact, they have nothing to say about that matter at all. Curious? ... (Continued, bottom, next page.)

WHEREFORE, for the aforementioned reasons, Plaintiff asks this Court to deny Defendants'

Motion to Strike and Dismiss and to Award Plaintiff any and all Relief to which he is entitled,

including further Discovery in this matter. Plaintiff, again, requests a Hearing on this matter.

WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
(410) 467-9177 FAX

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of May, 2007, copies of Plaintiff's
MEMORANDUM IN SUPPORT OF PLAINTIFF'S REPLY MOTION TO DEFENDANT'S
JOINT MOTION AND MEMORANDUM IN SUPPORT THEREOF TO STRIKE AND

---

Plaintiff long ago learned that barking dogs are 'fearful' and that silent dogs are the ones who
bite. Defendants, yet again, in their "Draft" threat, Page 6, paint themselves as victims and claim
that Plaintiff wants "to impugn the reputations of the lawyers involved and cast a shadow over
this Court." Plaintiff states that he will not take responsibility for Defendants' actions which have
caused their perfect worlds to crumble. In fact, reputations, careers, and lives plummet every day
in Washington, DC, New York City, Los Angeles, and points in between, as part of the natural
rise and fall, the ebb and flow of ambition. Defendants have no one to blame for their
predicament other than themselves.

Defendants remind Plaintiff of a saying Plaintiff's old tennis boss used to repeat: "When you lay
down with the dogs, you get up with the fleas!" Defendants, here, laid down with Blum (taking
his money to Defile this Court), now they find themselves covered with fleas (seeing their
reputations going down the drain) and scratching vociferously (facing financial, ethical, and,
possibly, criminal sanctions). That Defendants still believe that they would be entitled to
Sanctions under the Facts at Bar illustrates how clearly they have been corrupted and how clearly
they have eviscerated Plaintiff's Civil Rights from their analysis. These people should be in
Prison.

-15-

DISMISS *PRO SE* PLAINTIFF WILLIAM C. BOND'S MOTION FOR RELIEF FROM
JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) were mailed US Mail, postage prepaid, to
William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite
1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett &
Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Greenberg LLP,
25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants,
Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.;  Andrew Radding, Esquire,
Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite
600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler,
LLC; and William H. Slavin, 300 Three Island Boulevard, Apartment 810, Hollandale Beach,
Florida 33009

WILLIAM C. BOND