**EXHIBIT # 6**

## *William C. Bond*

309 Suffolk Road
Baltimore, Maryland 21218-2522
(410) 243-8152
Fax (410) 467-9177
Proselitigator@aol.com

May 24, 2007

Clerk of the Court   *Via: Hand Delivery*
United States District Court
for the District of Maryland
Baltimore Division
4th Floor
101 West Lombard Street
Baltimore, Maryland 21201

### RE: Complaint Filing

Dear Sir or Madam Clerk:

Please find the following Complaint being filed *Pro Se*:

1) Complaint for Injunctive Relief under 28 U.S.C. 1962 & 1964.

2) Summons.

Enclosed, please find one copy of the Complaint for the Court, one copy for Plaintiff, and sixteen (16) copies for Defendants. Please also find two copies each of summons for each of the sixteen (16) Defendants. Also, please find a check in the amount of $350.00.

Please time and date stamp Plaintiff's copy and return to courier.

Thank you,

William C. Bond

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William C. Bond

## DEFENDANTS
SEE Attachment

(b) County of Residence of First Listed Plaintiff **Baltimore**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
410 243 8152
William C Bond PRO SE
309 Suffolk Rd, Rmth, md 21218

Attorneys (If Known)
SEE Attachment

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | **PERSONAL INJURY** | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1962 + 1964
Brief description of cause:
RICO

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over 154 million

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE **Garbis**
DOCKET NUMBER MJG-01-CV-26..

DATE 5/24/07

SIGNATURE OF ATTORNEY OF RECORD
William C B— Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# CIVIL COVER SHEET ATTACHMENT:

DEFENDANTS:

KENNETH BLUM, SR.
7 Halcyon Court
Pikesville, Maryland 21208

    and

ERLENE BLUM
7 Halcyon Court
Pikesville, Maryland 21208

    and

ALAN S. COHN
19 Velvet Valley Way
Owings Mills, Maryland 21117

    and

ROBIN COHN
19 Velvet Valley Way
Owings Mills, Maryland 21117

    and
KENNETH BLUM, JR.
12639 Waterspout Court
Owings Mills, Maryland 21117

    and

DUDLEY F. B. HODGSON
D. Hodgson Associates, Inc.
6210 Ebenezer Road
Baltimore, Maryland 21220

    and

WILLIAM H. SLAVIN
300 Three Island Boulevard
Apartment 810

Hollandale Beach, Florida 33009

and

WILLIAM A. McDANIEL, JR.
118 W. Mulberry Street
Baltimore, Maryland 21201-3600

and

CAROLINE A. GRIFFIN
401 Washington Avenue
Suite 803
Towson, Maryland 21204-4821

and

McDANIEL, BENNETT & GRIFFIN
118 W. Mulberry Street
Baltimore, Maryland 21201-3600

and

McDANIEL & GRIFFIN
118 W. Mulberry Street
Baltimore, Maryland 21201-3600

and

PAUL A. DORF
7 St. Paul Street
Suite 600
Baltimore, Maryland 21202

and

ADELBERG, RUDOW, DORF & HENDLER, LLC
7 St. Paul Street
Suite 600
Baltimore, Maryland 21202

and

GERARD P. MARTIN
25 South Charles Street

Suite 2115
Baltimore, Maryland 21201

    and

MIRIAM PESSIN
309 Hidden Forest Court
Gaithersburg, Maryland 20877

    and

RENT-A-WRECK OF AMERICA, INC.
105 Main Street
Laurel, Maryland 20707


ATTORNEYS FOR DEFENDANTS (known):

William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire
Whiteford, Taylor & Preston, LLP
Suite 1400
7 St. Paul Street, Baltimore, Maryland 21202-1626
attorneys for McDaniel, Bennett & Griffin et al.

Gerard P. Martin, Esquire, Thy C. Pham, Esquire
Rosenberg, Martin, Greenberg LLP
25 South Charles Street
Suite 2115
Baltimore, Maryland 21201-3322
attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.

Andrew Radding, Esquire, Michael R. Severino, Esquire
Adelberg, Rudow, Dorf & Hendler, LLC
7 St. Paul Street
Suite 600, Baltimore, Maryland 21202
attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC et al.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND                         *
309 Suffolk Road
Baltimore, Maryland 21218-2522,         *

    Plaintiff                           *

    v.                                  *

KENNETH BLUM, SR.                       *
7 Halcyon Court
Pikesville, Maryland 21208              *

    and                                 *

ERLENE BLUM                             *                    Civil Action No.:
7 Halcyon Court
Pikesville, Maryland 21208              *

    and                                 *

ALAN S. COHN                            *
19 Velvet Valley Way
Owings Mills, Maryland 21117            *

    and                                 *

ROBIN COHN                              *
19 Velvet Valley Way
Owings Mills, Maryland 21117            *

    and                                 *
KENNETH BLUM, JR.
12639 Waterspout Court                  *
Owings Mills, Maryland 21117
                                        *
    and                                 *

DUDLEY F. B. HODGSON                    *
D. Hodgson Associates, Inc.
6210 Ebenezer Road                      *
Baltimore, Maryland 21220               *

```
                                              *

        and
                                              *

WILLIAM H. SLAVIN
300 Three Island Boulevard                    *
Apartment 810
Hollandale Beach, Florida 33009               *


        and                                   *

WILLIAM A. McDANIEL, JR.                       *
118 W. Mulberry Street
Baltimore, Maryland 21201-3600                *


        and                                   *

CAROLINE A. GRIFFIN                            *
401 Washington Avenue
Suite 803                                      *
Towson, Maryland 21204-4821
                                              *

        and                                   *


McDANIEL, BENNETT & GRIFFIN                    *
118 W. Mulberry Street
Baltimore, Maryland 21201-3600                *


        and                                   *

McDANIEL & GRIFFIN                             *
118 W. Mulberry Street
Baltimore, Maryland 21201-3600                *


        and                                   *

PAUL A. DORF                                   *
7 St. Paul Street
Suite 600                                      *
Baltimore, Maryland 21202
                                              *

        and
```

                                                           *

ADELBERG, RUDOW, DORF
& HENDLER, LLC
7 St. Paul Street                                                             *
Suite 600
Baltimore, Maryland 21202                                *

     and                                                               *

GERARD P. MARTIN                                          *
25 South Charles Street
Suite 2115                                                              *
Baltimore, Maryland 21201
                                       *

     and                                                               *

MIRIAM PESSIN                                               *
309 Hidden Forest Court
Gaithersburg, Maryland 20877                         *

     and                                                               *

RENT-A-WRECK OF AMERICA, INC.               *
105 Main Street
Laurel, Maryland 20707                                    *

     Defendants                                               *

   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff, William C. Bond, *Pro Se*, (hereinafter "Plaintiff") and brings this lawsuit

against Kenneth Blum, Sr., Erlene Blum, Alan S. Cohn, Robin Cohn, Kenneth Blum Jr., Dudley

F. B. Hodgson, William H. Slavin, William A. McDaniel, Jr., Caroline A. Griffin, McDaniel,

Bennett & Griffin, McDaniel & Griffin, Paul A. Dorf, Adelberg, Rudow, Dorf & Hendler, LLC,

Gerard P. Martin, Miriam Pessin, and Rent-A-Wreck America, Inc., (hereinafter "Defendants").

## JURISDICTION AND VENUE

This is a civil action for "Fraud Upon the Court," an Independent Action, under Fed. R. Civ. P. 60(b). Plaintiff is claiming violations of 17 U.S.C. 501 *et seq.,* and 18 U.S.C. 1621, 1622, 1623, 1512, 371, 241, 242, 402, 1001, 2319, 1962, and 1964.

Jurisdiction is of this Court is invoked pursuant to 28 U.S.C. 1338(a). Venue is proper in this Court pursuant to 28 U.S.C. 1391(b),(c), and 1400(a).

## FACTS

1. Defendant Alan S. Cohn pled Guilty to Conspiracy in US District Court for the District of Maryland in 1989 for attempting to rig a health care contract involving an Atlanta, Georgia company. In return, the Government dropped its indictment of Defendants Kenneth Blum, Sr., William H. Slavin, others, and Blum's company, United Healthcare Inc.

2. Defendant Alan S. Cohn was disbarred by the Maryland Court of Appeals in 1992.

3. Defendant Alan S. Cohn is Defendant Kenneth Blum, Sr's son-in-law and is married to Defendant Robin Cohn. Defendant Alan S. Cohn was paid approximately three million dollars by Defendant Kenneth Blum, Sr., to accept the guilty plea in the above Case.

4. Plaintiff met his wife, Alyson Bond, *nee* Blum, formerly Slavin, in 1995.

-4-

5. Alyson Bond is the daughter of Defendant Kenneth Blum, Sr., and Defendant Erlene Blum.

6. Plaintiff and Alyson lived together, with few interruptions, from 1995 until they were married in May 2001.

7. Robert N. Grossbart (hereinafter "Grossbart") was Plaintiff's CPA, then CPA and Attorney, in the mid 1980's. Robert N. Grossbart is an unnamed, co-conspirator with the above Defendants.

8. Defendant Alan S. Cohn knew Grossbart and his wife, Lisa, from high school.

9. Defendant Alan S. Cohn and Defendant Robin Cohn also both knew Grossbart and his wife from social interactions in their communities and from common friends.

10. In 1995, Plaintiff alleges that Defendant Kenneth Blum, Sr., sent Defendant Alan S. Cohn, either directly or indirectly, to Grossbart to learn about Plaintiff's background and solicited, among other things, Grossbart to betray his legal and ethical obligations to Plaintiff.

11. In 2000, Alyson Bond filed a Custody Case against her ex-husband, Defendant Slavin, in Baltimore City Circuit Court. At about the same time, she cut her father and mother, Defendant Kenneth Blum, Sr., and Defendant Erlene Blum, off from all contact with herself and her children because of their unrelenting meddling in her familiar affairs. Defendants Kenneth Blum, Sr., and Erlene Blum, in an effort to over ride their daughter's parental authority, backed

Defendant Slavin in the Custody Case, despite the facts that Defendant Slavin and Defendant

Blum, Sr., were mortal enemies and that Defendant Slavin had cheated Defendant Blum, Sr., out

of more than a billion dollars in today's money. Defendant Blum, Sr., had been obsessed with his

daughter, Alyson, since she was a little girl.

12. Sometime in or around 2000, Defendant Alan S. Cohn met Grossbart at a funeral where they

discussed what to do about Plaintiff.

13. Sometime in or around 2000, Defendants Alan S. Cohn and Robin Cohn met Grossbart and

Lisa Grossbart at the Polo Grill in Baltimore City where they discussed Plaintiff and solicited,

among other things, Grossbart to betray his legal and ethical obligations to Plaintiff and to tell the

Defendants information about Plaintiff which was confidential and privileged.

14. At some point during this time, Grossbart referred Defendant Hodgson, a former high ranking

FBI agent and current private investigator, to Defendant Alan S. Cohn to investigate his former

client, Plaintiff.

15. Defendants Kenneth Blum, Sr., Erlene Blum, Kenneth Blum Jr., and Alan S. Cohn, and

others known or unknown, met with Defendant Hodgson in the late Spring and Summer of 2000

and hired him to investigate Plaintiff.

16. The first thing Defendants did was to send Defendant Hodgson right back to their original

source of illegal information on Plaintiff, Grossbart, to verify, and to "legitimize," information that Grossbart had already told them. Grossbart became Defendant Hodgson's "Source # 1" and provided him, and the other Defendants, with all the information he knew about Plaintiff, including repeatedly raiding Plaintiff's accounting and legal files to provide additional details to Defendants.

17. Two important things Defendant Hodgson learned from Grossbart, things Grossbart had already told Defendants earlier, or hinted and alluded to earlier, were that: Plaintiff had 'killed' his father some twenty years before as a Juvenile and that Plaintiff had written a 'Manuscript' about the ordeal.

18. Grossbart then told Defendant Hodgson where to go find out about Plaintiff's juvenile past: Chagrin Falls, Ohio and Geauga County, Ohio.

19. Defendant Hodgson then contacted the Chief of Police, Chief James Jiminson, in Bainbridge Township, Ohio. Over the course of several months, Hodgson, using his resources and contacts from his days as an FBI agent, solicited the Chief, and then got the Chief, to release to Defendant Hodgson a complete copy of Plaintiff's Juvenile Police Report, which was confidential under Ohio Law, and which included Plaintiff's name, Juvenile 'Mug Shots,' Court Documents, Mental Health Documents, Probation Department Documents, and other "confidential" and "privileged' documents.

20. Plaintiff alleges and avers that Defendants, Grossbart, and Chief jiminson, and other parties still unknown, Criminally Invaded Plaintiff's Privacy by obtaining Plaintiff's Juvenile Police Report.

21. Defendant Hodgson then, at the urging of Defendants Blum, Sr., Slavin, and others still unknown, took Plaintiff's illegally obtained Juvenile Police Report to the Maryland State Police (hereinafter "MSP") to interest them in arresting Plaintiff for illegal handgun possession under the premise that because Plaintiff was committed to the Sheppard and Enoch Pratt Hospital as part of his Juvenile disposition that Plaintiff could not possess handguns in Maryland. It was well known that Plaintiff possessed handguns and that, even, the MSP had given Plaintiff a "carry permit," which he had for more than seven years without incident.

22. The MSP twice declined to prosecute Plaintiff in the Fall of 2000.

23. Sometime in the late winter or Spring of 2001, Alyson Bond filed criminal charges against Defendant Slavin for "stalking" type crimes. Defendant Slavin then, on the advice of counsel, fabricated criminal charges against Plaintiff for 'telephone harassment,' charges Defendant Slavin's telephone call to 911 would prove as false. Trial of these charges and counter charges was set for May 25, 2001.

24. Defendants, if not already worried about Defendant Slavin's ability to win the Custody Case, because of Defendant Slavin's drug and alcohol abuse, were now very worried about losing.

-8-

25. That Plaintiff had written a Manuscript was not a secret, but the subject and contents were to most people, especially in Maryland and Plaintiff's community.

26. Defendant Hodgson then went back to Grossbart who told Defendant Hodgson that an attorney in Laurel, Maryland had Plaintiff's Manuscript. Defendant Blum, Sr., knew this attorney, Norman E. Pessin, Esq., because Pessin represented Alyson in matters from 1995 forward, including her Custody Case with Defendant Slavin.

27. Defendant Blum, Sr., had even asked Norman E. Pessin, Esq., about Plaintiff's Manuscripts during their several conversations from 1995 – 1997. Pessin had always told Defendant Blum, Sr., that the Manuscript and its contents were "privileged" information and that he could tell Defendant Blum nothing about it or its contents.

28. Pessin had been involved with the Manuscript since its inception in 1986 as Plaintiff's Attorney and Represented and Consulted with Plaintiff on the Manuscript in many ways, including its potential sale.

29. In April 2001, Defendant Hodgson was sent by Defendants Blum, Sr., Slavin, and others still unknown, to Pessin's home and office, which were the same, to obtain Plaintiff's Manuscript and other writings (hereinafter "Manuscript(s)") from Pessin's widow, Miriam Pessin. Plaintiff was offered $50,000.00 for the sale of the main Manuscript in 1994-5 from Paul Dinas, Executive Editor, Kensington Publishers, NYC, which Plaintiff turned down.

30. Norman E. Pessin died in 1999 and, despite Plaintiff's demand for the return of Plaintiff's Manuscript(s) held by his attorney on behalf of Plaintiff, Pessin's widow, Defendant Miriam Pessin, who was the Personal Representative of Norman Pessin's Estate, not only did not return Plaintiff's Manuscript(s) to Plaintiff, but Plaintiff was told by Pessin's secretary that the Manuscript(s) had been destroyed. Plaintiff believed that he had the only copies of his Manuscript(s), locked in a closet in his home office, not knowing that Miriam Pessin had illegally converted Plaintiff's Manuscript(s) from the law practice of her deceased husband, Norman E. Pessin, Esq., to her own possession.

31. After Norman E. Pessin, Esq., died, Plaintiff and Miriam Pessin had a falling out and ceased contact with each other.

32. When contacted by Defendants Hodgson and others still unknown, Miriam Pessin was only too happy to "stick it" to Plaintiff and invited Defendant Hodgson down to her home, where she took Hodgson into her husband's former law offices and gave him a box clearly marked "Book, Bill Bond," which contained Plaintiff's Manuscript(s) which Plaintiff had entrusted to his deceased Attorney as part of Pessin's representation of Plaintiff in regard to the Manuscript(s).

33. Defendant Hodgson and Defendant Kenneth Blum Jr., and others unknown, illegally made copies of Plaintiff's Manuscript(s) and distributed and displayed them to the other Defendants and others still unknown. Defendants did not have Plaintiff's permission to possess his copyrighted property, nor to make copies of it, or to display it to anyone including themselves.

34. Defendant Kenneth Blum, Sr., displayed Plaintiff's Manuscript(s) to employees of his, including Alan Wagner, and other people still unknown. Plaintiff alleges that someone gave the Manuscript(s) to the *Washington Post*, who quoted parts of the Manuscript(s) not in Court Records in their front page article on December 10, 2001.

35. Defendants Kenneth Blum, Sr., and Paul Dorf, and others still unknown, transported Plaintiff's Manuscript(s) across State Lines.

36. Defendant Hodgson, at the urging of Defendants Blum, Sr., Slavin, Blum Jr., the Cohns, and others still unknown, then took Plaintiff's Manuscript(s) to the MSP, where, this time, at the urging of an old friend of Hodgson's, former MSP Officer Ray Leard, Hodgson was well received by the MSP Unit in charge of getting illegal handguns off the street. They were most interested in Plaintiff's Manuscript(s).

37. On May 25, 2001, Plaintiff's home, in the Guilford section of Baltimore City, was raided by seventeen (17) members of the MSP and Baltimore City Police, some in SWAT gear, to arrest Plaintiff and seize Plaintiff's handguns, the same day Plaintiff was to testify against Slavin in Baltimore City District Court.

38. Plaintiff's bail was set at $200,000.00. Plaintiff was ultimately charged with ten (10) criminal charges in two jurisdictions.

39. The State, represented by the Attorney General's Office made a plea offer to Plaintiff of ten (10) years in Prison because of the thoughts and words Plaintiff had written in his Manuscript(s), regardless of whether they were true or not.

40. Defendants and Other Persons still unknown at this time, initiated Plaintiff's arrest, meddled in his bail, lobbied for additional charges, met with Government Officials to insist on jail time for Plaintiff, and did other acts to deprive Plaintiff of his Civil Rights. Further, Defendant Hodgson became an investigator working for the AG's Office, albeit paid for by Defendants Blum, Sr., Erlene Blum, and Rent-a-Wreck of America, Inc.

41. Despite Defendants overwhelming efforts to put Plaintiff behind bars, thanks to the supreme effort and hard work of Plaintiff's criminal defense counsel, Richard M. Karceski, Esq., Plaintiff's eight (8) criminal possession charges were dismissed on April 22, 2001. Two (2) other remaining criminal application charges were stetted on May 3, 2001.

## COUNT 1

### (Copyright Infringement)

42. Plaintiff registered his Manuscript(s) with the US Copyright Office and filed a Complaint for Copyright Infringement against Defendants Blum Sr., Blum Jr., Hodgson, Slavin, and the Law Firms of Adelberg and McDaniel on August 28, 2001 to reclaim his Manuscript(s) and to prevent their use against Plaintiff in his Criminal Case and his wife's Custody Case.

43. Discovery in the Copyright Case was expedited by Judge Garbis of this Court and incorporated with Discovery already taken in the Custody Case.

44. Defendants Blum, Sr., Blum Jr., Hodgson, Griffin, Dorf, Pessin, and Witness Grossbart all gave repeated, material misstatements of facts relating to the Manuscript(s) and its taking, the relationships of the Defendants, and other material facts, in Depositions in the Custody and/or Copyright Cases and/or in Testimony before Judge Garbis on November 20, 2001.

45. Defendant Hodgson and Witness Grossbart Obstructed Justice by not producing subpoenaed documents at Depositions in the Custody Case, and/or the Copyright Case, and/or at Trial on November 20, 2001.

46. Defendants were all aware of the Perjury and Obstruction in the Custody and Copyright Cases and, in fact, planned and orchestrated those Crimes so that they could win the Custody and the Copyright Cases. Defendants solicited Robert N. Grossbart to commit Perjury and Obstruct Justice in the Copyright Case. Defendants solicited Miriam Pessin to commit Perjury and to Obstruct Justice in the Copyright Case.

47. Attorney Gerard P. Martin specifically, repeatedly, told Hodgson not to produce documents and not to testify truthfully under oath, thus Suborning Perjury and Obstructing Justice.

48. Plaintiff alleges and avers that the other Attorney Defendants and their law firms participated

-13-

in Gerard P. Martin's scheme to Suborn Perjury, Obstruct Justice, and other Crimes.

49. At all times relevant, Defendant Hodgson was the agent, servant, or employee of Defendant Blum, Sr., and Erlene Blum.

50. At all times relevant, Defendant Hodgson was the agent, servant, or employee of Defendant Rent-a-Wreck of America, Inc.

51. At all times relevant, Defendant Martin was the agent, servant, or employee of Defendants Blum, Sr., Erlene Blum, Blum, Jr., and Hodgson.

52. At all times relevant, Defendants Dorf and Adelberg were the agents, servants, or employees of Defendants Blum, Sr., and Slavin.

53. At all relevant times, Defendants Griffin, McDaniel, and their firms were the agents, servants, or employees of Defendants Blum, Sr., and Slavin.

54. Defendants won the Copyright Case using their Perjury, Obstruction, and other Crimes to gain victory and an award of attorneys' fees of more than $181,000 plus interest. At all relevant times Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him of his civil rights, property rights, and due process rights.

55. Plaintiff expended more than $150,000.00 in legal fees in prosecuting his Copyright Claims all the way to the Supreme Court, who denied *Cert*.

54. Plaintiff still does not have any and/or all of the copies of his Manuscript(s) returned to him and accounted for, therefore the Criminal Infringement of Plaintiff's Copyright is of a continuing nature. Defendants stole Plaintiff's copyrighted works then covered up their theft with Perjury, Obstruction, and other Crimes. Plaintiff seeks, under 17 U.S.C. 501 *et seq.* economic damages from each Defendant in the amount of $150,000.00 and statutory damages against each Defendant in the amount of $150,000.00. Further, Plaintiff request that all monies earned by the Lawyers and Law Firm Defendants be awarded to Plaintiff.

## COUNT 2

### (Racketeering)

55. Plaintiff incorporates his allegations in paragraphs number one through fifty-four of this Complaint.

56. Defendants, Witness Robert N. Grossbart, and others still unknown at this time, in the Copyright Case either committed Perjury, and/or Suborned Perjury, and/or Made False Declarations before the Court, and/or Obstructed Justice, and/or Conspired to Defraud the US, and/or Conspired against Plaintiff's Rights, and/or Deprived Plaintiff of his Rights under Color of Law, and/or Committed Contempts, and/or Committed Fraud, and/or Infringed Plaintiff's Copyright in his Manuscript(s) both before and after their registrations. Defendants, under 18

-15-

U.S.C. 1962 & 1964, became a RICO entity with the goal of harming Plaintiff and his due

Process Rights to his Property and a Fair Trial, and/or conspired to become a RICO entity with

the goal of harming Plaintiff and his due Process Rights to his Property and a Fair Trial

57. Plaintiff incurred more than $150,000.00 in legal expenses in the Copyright Case. Plaintiff

was ordered to pay the Defendants in the Copyright Case $181,000 plus interest.  At all relevant

times Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him

of his civil rights, property rights, and due process rights.

58. Plaintiff seeks $993,000.00 from each Defendant, plus three (3) times all profits made by the

Lawyers, Law Firms, Investigators, or any Other Person or Entity, earned from the Copyright

Case.

## COUNT 3

### (Fraud)

59. Plaintiff incorporates his allegations in paragraphs number one through fifty-eight of this

Complaint.

60. Defendants, Witnesses, Other Persons, and the Attorneys conspired to commit "Fraud Upon

the Court," to pervert the Administration of Justice, and to gain what they could not gain Legally

in the Copyright Case before Judge Garbis.  At all relevant times Defendants acted with ill will,

spite, hatred, and actual malice for Plaintiff in depriving him of his civil rights, property rights,

and due process rights.

61. Plaintiff seeks $1,000,000.00 from each Defendant for economic and non economic damages. Plaintiff seeks punitive damages in the amount of $10,000,000.00 from Defendants Kenneth Blum, Sr., and Erlene Blum, $5,000,000.00 from Gerard P. Martin, Esq., and each Law Firm, and $2,000,000.00 from each of the remaining Defendants.

## COUNT 4

### (Racketeering)

62. Plaintiff incorporates his allegations in paragraphs number one through sixty-two of this Complaint.

63. Plaintiff sued the Copyright Defendants in State Court, *William C. Bond v. Kenneth Blum Sr., et al.,* and sought to enforce his meritorious claims for Conversion of his Manuscript(s) and the Invasion of his Privacy, as suggested by the District Court and Fourth Circuit Rulings in the Copyright Case.

64. Defendants in the State Case knowingly solicited the Court, specifically Judge M. Brooke Murdock, to take Judicial Notice of the facts in the District Court and Fourth Circuit Rulings, Rulings they knew to be based upon Fraud, etc.

65. Plaintiff's claims against Defendants in State Court for Conversion and Invasion of Privacy

were then Dismissed, using as a basis, the District Court and Fourth Circuit Rulings.

66. Defendants created the Fraudulently gained District Court Ruling, then used it as "fact" to preclude any future attacks upon their illegal activities. At all relevant times Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him of his civil rights, property rights, and due process rights.

67. Plaintiff spent more than $75,000.00 prosecuting his Claims against the Defendants in State Court.

68. Plaintiff seeks $225,000.00 from each Defendant plus three (3) times the profits made by any Lawyer, Law Firm, or other person or entity in Defending Kenneth Blum, Sr., et al in the State Court Proceeding.

<u>**COUNT 5**</u>

**(Fraud)**

69. Plaintiff incorporates his allegations in paragraphs number one through sixty-eight of this compliant.

70. Defendants knowingly used the Fraudulently obtained Ruling in the Copyright Case to defend, successfully, Plaintiff's allegations in the State Tort *Bond v. Blum Sr., et al.*, and, committed "Fraud Upon the Court" in the Circuit Court for Baltimore City to pervert the

-18-

Administration of Justice and to gain what they could not Legally.  At all relevant times

Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him of

his civil rights, property rights, and due process rights.


71. Plaintiff seeks $1,000,000.00 from each Defendant for economic and non economic damages.

Plaintiff seeks punitive damages in the amount of $10,000,000.00 from Defendants Kenneth

Blum, Sr., and Erlene Blum, $5,000,000.00 from Gerard P. Martin, Esq., and each Law Firm, and

$2,000,000.00 from each of the remaining Defendants.


## COUNT 6

### (Racketeering)

72. Plaintiff incorporates his allegations in paragraphs number one through seventy-one of this

compliant.


73. Plaintiff sued Defendant Miriam Pessin in State Court, *William C. Bond v. Miriam Pessin., et

al.,* and sought to enforce his meritorious claims for the Conversion of his Manuscript(s) and the

Invasion of his Privacy,  as suggested by the District Court and Fourth Circuit Rulings in the

Copyright Case.


74. Defendant Miriam Pessin knowingly solicited the Court, specifically Judge Lynn Stewart of

Baltimore City Circuit Court and Judge Eric Johnson of Montgomery County Circuit Court, to

take Judicial Notice of the facts in the District Court and Fourth Circuit Rulings, Rulings she

knew to be based upon Fraud, etc.

75. Plaintiff's claims against Defendant Miriam Pessin in State Court for Conversion and Invasion of Privacy were Dismissed, using as a basis, the District Court and Fourth Circuit Rulings.

76. Defendants created the Fraudulently gained District Court Ruling, then used it as "fact" to preclude any future attacks upon their illegal activities.  At all relevant times Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him of his civil rights, property rights, and due process rights.

77. Plaintiff spent more than $25,000.00 prosecuting his claims against Miriam Pessin in State Court. Further, Plaintiff enjoyed a hybrid fee arrangement with his Attorney in that Case, who has suffered great economic loss as a result of Defendants' actions.

78. Plaintiff seeks $75,000.00 plus interest from each Defendant plus three (3) times the profits made by any Lawyer, Law Firm, or Other Person or Entity in Defending Miriam Pessin, et al, in the State Proceeding. Plaintiff also asks that his attorney in *Pessin* be allowed to make a Claim for three times his hourly expenses in *Pessin* minus the engagement fee.

## COUNT 7

**(Fraud)**

-20-

79. Plaintiff incorporates his allegations in paragraphs number one through seventy-eight of this compliant.

80. Miriam Pessin knowingly used the Fraudulently obtained Ruling in the Copyright Case to defend, successfully, Plaintiff's allegations in the State Tort *Bond v. Pessin, et al.*, and, committed "Fraud Upon the Court" in the Circuit Court for Baltimore City and the Circuit Court for Montgomery County to pervert the Administration of Justice and to gain what she could not Legally. At all relevant times Defendants acted with ill will, spite, hatred, and actual malice for Plaintiff in depriving him of his civil rights, property rights, and due process rights.

81. Plaintiff seeks $1,000,000.00 from Miriam Pessin for economic and non economic damages. Plaintiff seeks punitive damages in the amount of $6,000,000.00 from Miriam Pessin. Plaintiff seeks $1,000,000.00 from each additional Defendant for economic and non economic damages. Plaintiff seeks punitive damages in the amount of $10,000,000.00 from Defendants Kenneth Blum, Sr., and Erlene Blum, $5,000,000.00 from Gerard P. Martin, Esq., and each Law Firm, and $2,000,000.00 from each of the remaining Defendants.

## OTHER

Plaintiff requests all other Relief to which he is entitled including any interest and costs

## DEMAND FOR A JURY TRIAL

Plaintiff *Pro Se*, William C. Bond, demands that this Case be tried before a Jury.

Respectfully submitted,

5/24/2007

William C. Bond
Plaintiff, *Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218-2522
410.243.8152
FAX 410.467.9177

May 24, 2007