**EXHIBIT # 10**

**ARD&H** **Adelberg. Rudow. Dorf & Hendler. LLC**
*Attorneys At Law*

**Michael R. Severino**
MSeverino@AdelbergRudow.com

410.539.5195
410.539.5834 *fax*
www.AdelbergRudow.com

7 Saint Paul Street  |  Suite 600
Baltimore, Maryland 21202-1612

410.986.0842
Direct Dial

May 14, 2007

**Via first class and certified mail**

William C. Bond
309 Suffolk Road
Baltimore, Maryland 21218

   Re: *William C. Bond v. Kenneth Blum, Sr., et al.*
     United States District Court for the District of Maryland
     Case no. MJG-01-CV-2600
     Our File No.: 99999-226

Dear Mr. Bond:

  On behalf of Adelberg, Rudow, Dorf & Hendler, LLC, Kenneth Blum, Sr., Kenneth Blum, Jr., Dudley F. B. Hodgson, and McDaniel, Bennett & Griffin ("Defendants"), you will find enclosed Defendants' Motion for Sanctions, which we intend to file if you do not withdraw all of your recently filed motions now pending in the above-referenced matter.

             Very truly yours,

             Michael R. Severino

MRS/

Enclosure

  cc: William F. Ryan, Jr., Esquire (with enclosures)
     Gerard P. Martin, Esquire (with enclosures)
     Andrew Radding, Esquire (without enclosures)

M:\121\slavin\copyright\bond_1.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| WILLIAM C. BOND, | * | |
| Plaintiff | * | |
| v. | * | Case No.: MJG-01-CV-2600 |
| | * | |
| KENNETH BLUM, SR., ET AL., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **DEFENDANTS' MOTION FOR SANCTIONS**

Defendants, Adelberg, Rudow, Dorf & Hendler, LLC, Kenneth Blum, Sr., Kenneth Blum, Jr., Dudley F. B. Hodgson, and McDaniel Bennett & Griffin, by their undersigned attorneys, hereby file this Motion for Sanctions ("Motion") against William C. Bond ("Bond" or "Plaintiff"), and for cause state:

### **Background**

1. Bond filed a complaint in the United States District Court for the District of Maryland for copyright infringement on August 29, 2001, followed by a Motion for Preliminary Injunction and Expedited Hearing on November 2, 2001. The Defendants, in turn, filed alternative motions to dismiss and/or for summary judgment on the ground that the use of the subject manuscript in the child custody proceeding constituted a "fair use" within the meaning of 17 U.S.C. §107, and thus as a matter of law did not amount to infringement. After an evidentiary hearing, on November 20, 2001, the district court denied Plaintiff's motion for preliminary injunction and granted the Defendants' motions for summary judgment on the ground that use of the manuscript in the custody proceeding was "fair use" under the non-exclusive four factor analysis enumerated in 17 U.S.C.

§107.

2. On November 26, 2001, Bond filed a motion to alter or amend the judgment, which was denied by a written memorandum and order on November 27, 2001.

3. After the granting of summary judgment in their favor, the Defendants filed motions for costs and attorneys' fees under the attorneys' fees provision of the Copyright Act, 17 U.S.C. §505, and for sanctions under Rule 11 of the Federal Rules of Civil Procedure. On February 7, 2002, the district court awarded attorneys' fees and costs to the individual defendants, but the Court declined to grant a §505 award to the law firm defendants. By separate order and memorandum, on February 7, 2002 the trial court also denied the law firm defendants' motions for sanctions under Rule 11, due to the Court's belief that it could not grant the motion unless the motion was filed in accordance with the 21-day notice procedure provided for by the rule.

4. Bond appealed this Court's granting of the Defendants' motion for summary judgment and the award of attorneys' fees to the individual defendants. The law firm defendants appealed this Court's denial of their motions for sanctions and award of attorneys' fees. On January 24, 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's granting of the Defendant's motion for summary judgment and held that use of Bond's manuscript in litigation was "fair use." *See Bond v. Blum*, 317 F.3d 385 (4th Cir. 2003). The Fourth Circuit further held that this Court's award of attorneys' fees to the individuals due to the frivolous nature of the action was proper and that the defendant law firms were not precluded from receiving a similar award. The case was remanded to this Court to determine whether attorneys' fees were appropriate.

5. On February 7, 2003, Bond filed a Petition for Rehearing *en banc*, which was denied by the United States Court of Appeals for the Fourth Circuit on February 26, 2003. Bond filed a Petition for Writ of Certiorari, which was denied on October 6, 2003.

6. While Bond was unsuccessfully trying to convince the Fourth Circuit and the United States Supreme Court to hear his baseless arguments, on February 6, 2003, the law firm defendants filed motions for attorneys' fees.

7. On March 12, 2003, Plaintiff filed a Motion to Recuse the Honorable Marvin J. Garbis from presiding over the case. On or about April 25, 2003, this motion was denied.

8. On April 25, 2003 and May 6, 2003, this Court entered an order granting the law firm defendants' motions for attorneys' fees. On May 27, 2003, Plaintiff filed an appeal of this Court's award of attorneys' fees to the law firm defendants. This appeal was withdrawn and subsequently dismissed on November 24, 2003.

9. According to the Docket Report for this action, the case terminated on May 6, 2003.

10. Since that time, all papers filed in this action have related either to various Defendants' claims for attorneys' fees or writs of garnishment filed against Bond.[1]

**Argument**

11. Federal Rule of Civil Procedure 11 specifies that by presenting a pleading, written motion, or other paper to a federal court, the party "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the pleading in question--

- "is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;"

- does not assert claims that are not "warranted by existing law or by a nonfrivolous

---

[1] As the Court is aware, Bond has filed multiple baseless actions against these parties, all of which have proved to be without merit. Indeed, Adelberg Rudow and co-Defendant McDaniel Bennett & Griffin are now defending an appeal in the United States Court of Appeals for the Fourth Circuit of this Court's ruling filed by Bond's counsel over approximately $15,000 in counsel fees. Bond has filed various state court actions as well, all of which have been unsuccessful against Adelberg, Rudow and co-Defendant McDaniel Bennett & Griffin.

argument for the extension, modification, or reversal of existing law or the establishment of new law;" and

- "the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

Fed.R.Civ.P. 11 (b)(1) - (3).

12. The standard for imposing FRCP 11 sanctions is "objective reasonableness." Sanctions should be imposed when a party could not have believed his actions to be legally justified. *Hunter v. Earthgrains Company Bakery,* 281 F.3d 144, 153 (4th Cir. 2002). The legal argument "must have 'absolutely no chance of success under the existing precedent.'" *Id.* (quoting *In re Sargent,* 136 F.3d 349, 352 (4th Cir. 1998)).

13. Moreover, FRCP 11 ensures that courts are used to vindicate rights, rather than for an improper purpose. *In re Kunstler,* 914 F.2d 505, 518 (4th Cir. 1990). Improper purposes include, but are not limited to, factors "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* Consequently, in determining whether a pleading was filed for an improper motive, the court may look at objective factors such as circumstantial facts surrounding the filing, which may reveal the signer's purpose. *Id.* at 519.

14. The primary purpose of sanctions pursuant to FRCP 11 is "not to compensate the prevailing party, but to 'deter future litigation abuse.'" *Hunter v. Earthgrains Comp. Bakery,* 281 F.3d 144, 151 (4th Cir. 2002) (quoting *In re Kunstler,* at 522).

15. Bond's most recent crop of eleven (11) motions (including his most recent motion for reconsideration of the Court's denial of his second motion to recuse the Honorable Marvin J. Garbis)

are the latest chapter in Bond's ongoing litigation concerning his manuscript. Bond's efforts have fallen on deaf ears and have been roundly dismissed by the trial and appellate courts.

16. Undeterred, Bond has now filed eleven motions, notwithstanding the fact that this Court and the United States Court of Appeals for the Fourth Circuit clearly and unequivocally ruled against him in 2003. Bond essentially repeats his claims concerning his manuscript in the recent motions, and also repeats his attacks on this Court and seeks new and novel "discovery" from the parties and the Court. Bond's motions are frivolous, without any legal or factual basis, and reek of harassment. While Bond filed these motions *pro se*, he is no stranger to the litigation process and should be given no latitude because he is unrepresented.

17. As stated in Defendants' oppositions to Bond's motions, which are adopted and incorporated herein, the motions have no support. Bond again sought to have this Court recuse itself, which motion was previously raised and denied several years ago. The Court has again denied Bond's motion, but he has now filed a motion for reconsideration. Bond also seeks a temporary restraining and permanent injunction, notwithstanding the fact that there is no case pending in which to order such relief and that the bases for such requests were already raised, argued and denied. Indeed, the Court awarded Defendants significant legal fees based on their defense of his prior claims.

18. Likewise, Bond's motions for discovery, for protective order, to disqualify attorneys, to refer criminal acts and for sanctions all revolve around allegations that were part of the now closed copyright action. More importantly, none of the motions have any basis whatsoever and are simply vexatious attempts at harassing the Defendants. For example, Bond cannot possibly believe that he is entitled to discovery from the U.S. Attorneys' office or phone records from the Court.

19. Bond has also filed a motion for reconsideration of the Court's ruling in 2001 pursuant to FRCP 60. As made clear in Defendants' opposition to same, Bond has no basis and, indeed, cannot articulate any rational basis for opening a case that was fully briefed and argued before this Court and appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's rulings. Bond has had his day in court and lost. He should not be permitted to continue this baseless and vexatious litigation. It is clear that Bond only wants to impugn the reputations of the lawyers involved and cast a shadow over this Court. These type of actions are precisely what FRCP 11 was designed to prevent. The Court should not hesitate to impose a substantial sanction against Bond.[2]

WHEREFORE, Defendants hereby request that this Honorable Court grant sanctions in their favor and against William Bond in the amount of Fifty Thousand Dollars ($50,000.00), and award all further relief this Court deems appropriate.

Respectfully submitted,

**DRAFT**

Andrew Radding (Bar No. 00195)
Michael R. Severino (Bar No. 025204)
Adelberg, Rudow, Dorf & Hendler, LLC
600 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 539-5195

*Counsel for Adelberg, Rudow, Dorf & Hendler, LLC*

---

[2] Apparently, the Court's prior award of attorneys' fees in excess of $140,000 against Bond did not suffice to prevent this unfounded litigation.

**DRAFT**

William F. Ryan, Jr., Esquire
Amy E. Askew, Esquire
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626

*Counsel for McDaniel Bennett & Griffin*

**DRAFT**

Gerard P. Martin, Esquire
T. Christine Pham, Esquire
Rosenberg | Martin | Greenberg, LLP
25 South Charles Street
Suite 2115
Baltimore, Maryland 21201

*Counsel for Kenneth Blum, Sr., et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this ____ day of May, 2007, a copy of the foregoing Motion for Sanctions was served by first class mail on the following:

William C. Bond
309 Suffolk Road
Baltimore, Maryland  21218

**DRAFT**

_____
Michael R. Severino

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| WILLIAM C. BOND, | * |
| Plaintiff | * |
| v. | *   Case No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., ET AL., | * |
| Defendants | * |

* * * * * * * * * * * * *

### ORDER GRANTING MOTION FOR SANCTIONS

Upon consideration of the Motion for Sanctions filed by Defendants, and any Opposition thereto, it is this ___ day of _____, 2007,

ORDERED, that the Motion for Sanctions shall be and is hereby GRANTED; and

FURTHER ORDERED, that sanctions in the amount of $_____ are hereby entered against William Bond in favor of Defendants.

**DRAFT**

_____
Judge
United States District Court
 for the District of Maryland