IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff *Pro Se* | * | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO WILLIAM C. BOND'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION AND RESTRAINING ORDER**

1. Plaintiff incorporates his Motion and Memorandum in Support for Motion for Rule 60(b) Relief from Judgment or Order and his Reply Motion and Memorandum in Support of Reply Motion to Defendants' Joint Motion to Strike.

2. Defendants' fill this latest Motion with redundant 'filler.'

3. Plaintiff's whole Cause of Action is to <u>reopen</u> the underlying Judgment, therefore harping on the fact that the case is presently closed is beyond being a waste of time for the Court. Simply, Defendants do not want Fed. R. Civ. P. 60 (b) to apply to them.

4. By the very fact that Defendants were in contact with the *Washington Post* less than ten (10)

days after the initial Ruling in this Case on 11/20/2001, that there is talk in those communications of the possibility of "off the record" communications, that the *Post* obtained portions of Plaintiff's Manuscript(s) not in the Record, and that their article appeared on the **front page** of the *Post* the very day that Plaintiff's wife's Custody Case began would lead any reasonable person to believe that Defendants' conspired with the *Post* to violate Plaintiff's Copyright in his Manuscript(s).

5. Plaintiff still does not have his Manuscripts returned, nor has there been any accounting of Defendants' disseminations of Plaintiff's Manuscript(s).

6. A reasonable person would believe that Defendants' violated Plaintiff's Copyright in 2001 multiple times and, given the chance, would do it again. As this Case has the potential to attract additional media attention, Defendants **should not** have any copies of Plaintiff's Manuscript(s) to again share with the Press in an effort to prejudice the Public and Judiciary and to cloud the waters with Plaintiff's unpublished words.

WHEREFORE, for the aforementioned reasons, Plaintiff asks this Court to Deny DEFENDANTS' OPPOSITION TO WILLIAM C. BOND'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION AND RESTRAINING ORDER.

_____
WILLIAM C. BOND
*Pro Se*

309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
(410) 467-9177 FAX

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of May, 2007, copies of PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO WILLIAM C. BOND'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION AND RESTRAINING ORDER were mailed US Mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Funk & Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite 600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; and William H. Slavin, 300 Three Island Boulevard, Apartment 810, Hollandale Beach, Florida 33009

_____
WILLIAM C. BOND