IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff *Pro Se* | | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**SUPPLEMENT TO:**
**MOTION TO RECONSIDER MEMORANDUM AND ORDER RE: PLAINTIFF'S**
**RENEWED MOTION TO RECUSE AND MOTION FOR CASE TO BE SPECIALLY**
**ASSIGNED TO A VISITING JUDGE OR THAT THE COURT GRANT A CHANGE OF**
**VENUE AND MOTION FOR THE CHIEF JUDGE TO RULE *POST HASTE***

Plaintiff *Pro Se* William C. Bond further Replies to Judge Garbis' Memorandum and Order re:

Recusal dated May 1, 2007 and states:

1. Miriam Pessin is one of the primary witnesses in this Case.

2. Miriam Pessin is now a named Defendant in Plaintiff's Independent Action filed May 24, 2007

in this Court. Plaintiff has requested that the Court Join the Independent Action with this Case.

3. Miriam Pessin was sued in State Court by Plaintiff in the Spring of 2004 for crimes pertaining

to the theft of Plaintiff's Manuscript(s) from the law offices of her deceased husband and her

involvement in same. Judge Eric Johnson of Montgomery County Circuit Court dismissed Plaintiff's remaining Count of Conversion against Miriam Pessin in February 2007, after three Motions for Summary Judgment filed by Pessin, citing this Court's Ruling in the Case below that the Manuscript(s) "were not stolen" and that Plaintiff's Cause of Action was "Frivolous," among other things. This Case is currently on Appeal to the Maryland Court of Special Appeals.

4. Since, at least, 2004, Miriam Pessin has been represented by Paul Mark Sandler, Esq.[1] Mr. Sandler has been aware of this Court's Ruling below and the Copyright Case in its entirety since, again, at least, 2004.

5. On May 28, 2007, Plaintiff's wife, Alyson Bond, was invited to a Memorial Day Party in Timonium, Maryland. At this party, Alyson Bond met "Matt" Matthew A.S. Esworthy, Esq. Plaintiff is unsure whether Mr. Esworthy knew who Mrs. Bond was?

6. Regardless, Mr. Esworthy works for Paul Mark Sandler, Esq., at the law firm of Shapiro, Sher, Guinot & Sandler.

7. Mr. Esworthy has been co-counsel with Mr. Sandler in defense of Miriam Pessin for some

---

[1] On information and belief, Miriam Pessin was referred to Mr. Sandler by one of his major clients, Frank Bond. Since then, Mr. Sandler has been under great pressure to maintain his relationship with, presumably, Frank Bond, and to prevail in his defense of Miriam Pessin. At times, he has referred to his representation of Miriam Pessin to Plaintiff's counsel as "the bane of my existence." As Plaintiff has stated before, Plaintiff wonders who it was who convinced Miriam Pessin to lie and commit perjury before this Court at Oral Hearing on November 20, 2001?

years now.

8. Mr. Esworthy and Alyson Bond had a conversation at the May 28, 2007 party. Among other things discussed, they discussed Judge Garbis.[2] Matt Esworthy told Alyson Bond that "his boss (Paul Mark Sandler, Esq.) was his (Garbis') **'best friend'** and that they (Sandler and Garbis) were golfing as they spoke." Alyson Bond told Mr. Esworthy that she thought Garbis "was a pretty dishonest guy." Apparently, the conversation ended after that.

9. Clearly, Miriam Pessin has much to gain or lose, in fact, millions of dollars, depending on how this Court treats Plaintiff's Rule 60 Motions and Independent Action. Further, On May 24, 2007, four days before this golfing outing, Plaintiff delivered Mr. Sandler selected copies of the ongoing Rule 60 Motions before this Court including the Motions regarding Recusal, should Mr. Sandler have not already been aware of these events which related to his client, and Plaintiff's Independent Action which names Ms. Pessin as a Defendant. Plaintiff also made demand upon Ms. Pessin via Mr. Sandler.

10. This Court has, in the past, appeared to invite anyone they ever knew to practice before them, without disclosure to the Court so that parties may object, and has proffered that 28 U.S.C. 455 (a)&(e) are left solely to the Judge's discretion. Plaintiff has already argued that this is not true, that conflicts, or, more important, potential conflicts must be disclosed immediately to all parties, and that a party has a right to object to the conflicts disclosed.

---

[2] Plaintiff does not know why these two people decided to discuss Judge Garbis?

11. Further, this Court has implied that somehow Plaintiff has enjoyed similar unethical privileges because Plaintiff's counsel in the underlying Case, Howard J. Schulman, Esq., is law partners with a former law partner of Judge Garbis, Joseph Kaufman, Esq., even though Plaintiff has never met with or had anything to do with Mr. Kaufman in this Case or any others. Possibly, if Mr. Kaufman had actually been involved with and tried Plaintiff's Case, the Court might have a point, assuming that Plaintiff even knew in 2001 that Mr. Kaufman had ever been associated with this Court, which he did not.

12. But, again, the Court seeks to distract from 28 U.S.C. 455 and its purpose and intent, which is to avoid precisely what the Court is now being dragged through. In spite of everything else Plaintiff has already said in his Motions re: Recusal, despite the fact that almost every single hostile witness and attorney either practiced law with the Court or has, or had, some other privileged relationship, now the Judge is playing <u>Golf</u> with the attorney for the main witness in this Case, the person who, if she hadn't done what she did, there would be no 'Copyright Case' and thousands of trees would still be left standing, uncut and unneeded for the mountains of paper this Case has devoured.

13. Further, Plaintiff finds it not "believable" that Plaintiff would not be a topic of conversation between these two people, either recently or over the past three years, or more. Conversely, this is precisely the type of information Judge Garbis <u>should</u> have disclosed previously and certainly <u>should</u> have disclosed in his Answer to Recusal dated May 1, 2007. By not disclosing these issues draws exactly the type of attention which appears to perturb the Court. And, by not

disclosing these issues, at least on May 1, 2007, leads Plaintiff to the very legitimate idea that his Cause of Action is being hijacked by the personalities involved instead of the facts at Bar.

14. But, Golf is not all. (See Exhibit # 1). It appears that this Court and Mr. Sandler have collaborated on newspaper articles and a book.[3] In addition, Judge Garbis is prominently featured on Paul Mark Sandler's website home page.

15. This Court also knows that not only has Plaintiff sued the US Court under FOIA for this Court's telephone records, but that Plaintiff has filed a Motion for Judge Quarles to Reconsider his Order stating that this Court is not subject to FOIA. Plaintiff's premise is that the Court, by their mishandling of the affair, waived whatever immunity they enjoyed. Surely, Plaintiff will appeal this issue to the Fourth Circuit should his arguments remain unmeritorious. Further, Plaintiff's FOIA Lawsuit is proceeding against the US Attorney. As this Court knows, this Court was one of the many subjects of the information sought from the US Attorney and will be a primary focus during that proceeding.

16. The conflicts presented to this Court under 28 U.S.C. 455 (a) are so numerous that Plaintiff is mind boggled:

---

[3]Plaintiff *Pro Se* is amused at how much one can learn from attorneys' web sites. The irony of egoists bragging about their accomplishments and strategies, which are far from novel, while clearly attempting to position themselves as political leaders of the pack in the Baltimore Bar would make Sun Tzu laugh. To paraphrase, "... he who reveal his strategy out of pride is stupid. Better to teach once one is retired from battle!" Messerman has also been described as "dripping with arrogance" by an attorney representing a Defendant in another of Plaintiff's cases.

A) Plaintiff has sued and made criminal and ethical complaints against this Court's 'college' graduate school 'room mate,' "mentor," and "very good friend," Gerald A. Messerman, Esq. Plaintiff has requested Rule 27 Discovery in this Case for Messerman.

B) Plaintiff has sued and made criminal complaints against this Court's former law partner, Gerard P. Martin, Esq. Plaintiff has also sought, by Discovery in this Case and by FOIA Lawsuit against this Court, the "Bromwell Attorney Disqualification Motions" regarding Martin.

C) Plaintiff has made criminal and ethical complaints against this Court. Plaintiff has asked for Discovery into this Court's actions in this Case and by FOIA Lawsuit sought this Court's telephone records.

D) This Court appears to be **'best friends'** with the lead attorney, Paul Mark Sandler, defending the primary actor in the underlying Case and a person who has much to lose economically by this Court's actions. No less than four days after demand was made upon this attorney by Plaintiff, this Court and Mr. Sandler are out on the Golf course together. This is so comical that it is almost like a *Saturday Night Live* skit about power brokers and big city law.[4]

E) No doubt, there are more conflicts to impartiality to be re-raised, as Plaintiff has already suggested.

---

[4]Sandler, in addition to seeking to recreate the literary interpretation of *Les Miserables*, has made many pithy comments about Plaintiff, including complaining about Plaintiff's "incessant socializing!"

6

17. But, enough, is enough. Plaintiff filed his Motion to Reconsider Recusal on May 4, 2007. It is now June 4, 2007. The criminal version of what this Case is about would be that of a man sentenced to prison for life for a Crime he did not commit, now exonerated by DNA evidence. Under those circumstances, the Court falls all over itself to release the man from prison immediately in the "Interests of Justice." Rule 60 is the civil version of that Relief. Here, in this Case, the Defendants, Witnesses, Other People, and Attorneys **stole** Plaintiff's copyrighted property and/or conspired to **steal** Plaintiff's copyrighted property, then committed Crimes or conspired to commit Crimes to cover up their Acts, Defiling the Court in the process. Plaintiff has far and away met his burden for the Court to grant Rule 60 Relief and for the Court to grant Recusal under these very unusual circumstances.

18. The first impression of this Case when it comes to Recusal is the same impression one would have on the millionth impression of this Case: the Court must immediately Recuse itself. Further, because of Plaintiff's attack upon Judge Garbis and Plaintiff's FOIA Lawsuit against the Court, it is impossible for the Court, or any member of the Court, to be impartial in this matter.

19. Plaintiff states that any further delay in Recusal would be evidence of actual malice and spite toward Plaintiff. The Court must Recuse itself from this Case immediately so that Plaintiff's Rule 60 Motions may be heard by an impartial fact finder as soon as possible. Plaintiff is entitled to immediate Relief due to the almost six years of being tortured by the "manifestly unconscionable" Ruling below.

WHEREFORE, for the many, many aforementioned reasons, Plaintiff respectfully requests that Judge Garbis Recuse himself, or be Recused, from further proceedings in this matter and to any other matter, present or future, involving William C. Bond. Further, Plaintiff respectfully requests that this case be Specially Assigned to a visiting Judge, or, in the alternative, that the Court Grant a Change of Venue to Washington, D.C. Plaintiff asks the Chief Judge of this Court to Rule on this Motion and his Motion for Temporary Restraining Order until a Specially Assigned Judge may be appointed to this Case or the Venue is Changed. Plaintiff demands a hearing if this Motion is denied.

_____
WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
FAX (410) 467-9177

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of June, 2007, copies of Plaintiff's Supplement to: Motion to Reconsider Memorandum and Order Re: Plaintiff's Renewed Motion to Recuse and Motion for Case to be Specially Assigned to a Visiting Judge or that the Court Grant a Change of Venue and Motion for the Chief Judge to Rule *Post Haste* were mailed US Mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite 600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; and William H. Slavin, 300 Three Island Boulevard, Apartment 810, Hollandale Beach, Florida 33009

_____
WILLIAM C. BOND