```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

WILLIAM C. BOND                    *

          Plaintiff                *

          vs.                      *   CIVIL ACTION NO. MJG-01-2600

KENNETH BLUM, SR., et al.          *

          Defendants               *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER

The Court has before it:

1. Plaintiff's Motion for Fed.R.Civ.P.60(b) Relief From Judgment or Order [Document 247],

2. Defendants' Joint Motion to Strike and Dismiss Pro Se Plaintiff William C. Bond's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P.60(b) [Document 265],

3. Plaintiff's Motion for Discovery, Motion for Discovery of the United States Attorney's Office for Maryland, and Motion for Discovery Under Fed.R.Civ.P. Rule 27 [Document 251],

4. Plaintiff's Motion for Temporary Restraining Order Until Plaintiff's Renewed Motion to Recuse and Motion for Case to be Specially Assigned to a Visiting Judge or that the Court Grant a Change of Venue is Granted and the Court Holds a Hearing on Plaintiff's Motion for Permanent Injunction and Restraining Order [Document 245],

5. Plaintiff's Motion to Refer Criminal Acts to the U.S. Attorney for Maryland and/or the Department of Justice, to Refer Attorney Misconduct to the Maryland Attorney Grievance Commission, and to Refer Judicial Misconduct to the Chief Judge of the 4th Circuit [Document 248],

6. Plaintiff's Motion in Limine and/or Protective Order [Document 250],

    7.    Plaintiff's Motion to Disqualify Attorneys [Document 249],

    8.    Plaintiff's Motion for Permanent Injunction and Restraining Order and Request for Hearing [Document 252],

    9.    Plaintiff's Motion for Sanctions [Document 247], and

the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I. <u>BACKGROUND</u>

Judge Motz of this Court recently provided a statement of the background of this case in his Memorandum of June 25, 2007 in <u>Bond v. Blum</u>, JFM-07-1385 ("Judge Motz's Decision"). Judge Motz stated:

> William Bond, formerly known as William Rovtar, was 17 in June, 1981, when he beat his father to death with a hammer in his grandparents' garage in Bainbridge Township, Ohio. After Rovtar was arrested and detained in a juvenile detention facility in Ohio, he entered into a guilty-plea agreement in juvenile court with the result that in September 1981, he was transferred to the Sheppard and Enoch Pratt Hospital in Baltimore, Maryland, for psychological treatment. Rovtar was released in 1982. After his release he legally changed his name to William Bond. <u>See</u> <u>Bond v. Blum</u>, 317 F.3d 385, 390 (4th Cir. 2003). In 1987, Bond began to write Self-Portrait of a Patricide: How I Got Away with Murder, "the true story of and by William Bond," which he hoped to

2

> market to publishers for profit.  The manuscript describes in detail how Bond planned and committed the murder of his father.  Id.  The manuscript has been characterized by Bond as a "highly fictionalized and stylized work" based on his "juvenile experience."  Id.  Bond's effort to find a publisher for the manuscript was not successful and after revisions, a copy of the manuscript was given to Bond's attorney, Norman Pessin, to help obtain publication.  This bore no fruit and after Pessin passed away, his widow, Miriam Pessin retained a copy of the manuscript.  Id.  She had the manuscript in 2001, when she was contacted by Dudley Hodgson, a private investigator hired by Bond's wife's father, Kenneth Blum, Sr., to look into Bond's background, and she gave the manuscript to Hodgson.  Id. at 391.  Hodgson made a copy of the manuscript and gave it to William Slavin and the attorneys representing him in the custody matter.  It was made an exhibit during Alyson Bond's deposition in July of 2001, and Slavin's attorneys intended to use it at a hearing scheduled for December 10, 2001.  Id.  Bond registered a copy of the manuscript in the custody proceedings.  Id.

**Judge Motz's Decision at 2, n.3.**

> In September of 2001, Bond filed [the instant] copyright infringement action under 17 U.S.C. § 501 against law firms and their clients, primarily alleging that his autobiographical manuscript was impermissibly appropriated for use in the state court matter between his wife, Alyson Slavin Bond (nee Blum), and her former husband, William Slavin, for exclusive custody of their three children. . . . Plaintiff filed the action

> against Kenneth Blum, Sr.;[1] Dudley F.B.
> Hodgson;[2] William Slavin; McDaniel, Bennett &
> Griffin; Adelberg, Rudow, Dorf & Hendler,
> LLC; Christopher W. Nicholson; and Kenneth
> Blum, Jr.
> On November 27, 2001, judgment was
> entered in favor of all defendants and
> against Bond.  Bond's claims were dismissed
> with prejudice, with assessable costs to be
> awarded in defendants' favor.

Judge Motz's Decision at 2-3.

On January 24, 2003, the United States Court of Appeals for the Fourth Circuit affirmed this Court's Judgment, upheld the award of fees to the individual Defendants, held that the defendant law firms were not precluded from receiving a similar award and remanded the case for determination as to fee awards for the law firm defendants.  Petitioner unsuccessfully sought a rehearing <u>en</u> <u>banc</u> and a Petition for Writ of Certiorari from the United States Supreme Court.

On remand, this Court denied Petitioner's motion for recusal on April 25, 2003.  This Court, on April 25, 2003 and May 6, 2003 awarded legal fees to the law firm defendants.  Petitioner's

---

[1]  Kenneth Blum, Sr. and Kenneth Blum, Jr. are Bond's father-in-law and brother-in-law and are represented by attorney Gerald P. Martin.

[2]  Dudley Hodgson is a private investigator who was hired by Kenneth Blum, Sr. to investigate plaintiff after Blum received correspondence from plaintiff which he believed to be attempt to extort money and caused him concern with regard to the safety of his daughter and his grandchildren.  <u>See</u> <u>Bond v. Blum</u>, 317 F.3d 385, 390 (4th Cir. 2003).

appeal of this award was withdrawn and dismissed on November 24, 2003.

II. **DISCUSSION**

    A. "Fraud Upon the Court"

Plaintiff seeks relief from this Court's Judgment for Defendants on his copyright claims and its awarding legal fees to Defendants. As the alleged basis for now seeking relief from Orders issued approximately four to six years ago, he asserts that there was a "fraud upon the Court" in reliance upon Federal Rule of Civil Procedure 60(b), which provides no time limit for such a claim.

Professor Hollee Temple argues:

> [T]hat modern-day litigants have, at times, misused the doctrine, which is intended to be applied only in a very narrow set of circumstances, to inject life into time-barred claims. In fact, a number of claims have passed through several stages of litigation before finally being unmasked and thrown out by the courts. This practice poses a great threat to the principle of finality in judgments and exposes both opposing parties and the courts to unacceptable expenses.

Hollee S. Temple, Raining on the Litigation Parade: Is It Time to Stop Litigant Abuse of the Fraud on the Court Doctrine?, 39 U.S.F. L. Rev. 967, 969 (2005) (the "Temple Article") (internal footnotes omitted).

Professor Temple could have used the instant motion as a prime example of litigant abuse of the fraud upon the court doctrine.

The term "fraud upon the court" within Rule 60(b) is "narrowly construed and is confined to the 'most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney in which the integrity of the court and its ability to function impartially is directly impinged.'" Outen v. Balt. County, 177 F.R.D. 346, 348-49 (D. Md. 1998) (quoting Great Coastal Express, Inc. v. Int'l Bhd of Teamsters, 675 F.2d 1349, 1356 (4th Cir. 1982)).

As stated by Professor Temple:

> A fraud on the court claim hinges on the conduct's effect on the judicial process - the fraud alleged must involve injury to more than a single litigant and must seriously affect the integrity of the adjudication process.[3]  Examples include bribery of a jury, jury tampering, or hiring an attorney whose sole value to the case is the attorney's intimate or criminal relationship with the judge.

Temple Article at 975 (footnote in original).

In the instant case, Plaintiff presents nothing to even raise a legitimate question as to the applicability of the fraud upon the court doctrine. Moreover, even if he had, and even if

---

[3] See 12 James Wm. Moore, et al., Moore's Federal Practice 60.21[4][a] (3d ed. 2004).

6

he were somehow found to be entitled to have the case presented by totally different lawyers to a different United States District Judge, it would make absolutely no difference.

In this case, based upon the claims presented, the Court decided that Plaintiff's copyright protection in his unpublished manuscript describing his patricide was not infringed by the limited use (i.e., fair use) of the work as evidence in a state court child custody proceeding. This decision was affirmed by a unanimous panel of the Fourth Circuit. There were no issues as to evidentiary facts that would, by any stretch, affect the ultimate conclusion that the fair use exception of 17 U.S.C. § 107 was applicable. There is no doubt whatsoever that any reasonable judge would, as did the unanimous panel of the United States Court of Appeals for the Fourth Circuit, rule that Plaintiff's claims presented in the instant case were without merit.

It may well be that Plaintiff has claims as to which there would be questions of facts requiring resolution. However, those matters were not presented for decision in the instant case, were not resolved in the instant case and, apparently, have been raised and resolved in other litigation conducted by Plaintiff.

Plaintiff repeatedly has unsuccessfully sought to have the undersigned Judge recuse himself by virtue of a litany of

baseless allegations. This Court will not revisit the matter in the context of Plaintiff's "fraud upon the court" claim.

The bottom line is that this Court's decision in the instant case related to Plaintiff's frivolous copyright infringement claim and was affirmed by a unanimous panel of judges of the United States Court of Appeals for the Fourth Circuit.

There is no need for further proceedings relating to Plaintiff's "fraud upon the court" allegation in the instant case. Plaintiff's Rule 60(b) motion shall be denied. Defendants' motion seeking to strike and dismiss Plaintiff's Rule 60(b) motion shall be denied as moot.

### B.  Discovery

The instant case is closed. There shall be no discovery.

### C.  Temporary Restraining Order

The instant case is closed; Plaintiff did not establish a copyright violation in the instant case. If Defendants should infringe any rights Plaintiff may have under the copyright law, Plaintiff is free to take legal action in a new lawsuit.

D.   <u>Alleged "Criminal" or "Unethical" Acts</u>

The instant case is - more accurately "was" - a civil action brought under the federal copyright law.  If Plaintiff has any legitimate basis to contend that there had been any criminal or unethical conduct on the part of anyone connected with the case, he can take action to bring the matter(s) to the attention of the appropriate criminal prosecutors, attorney grievance and judicial governance bodies.  However, the instant case is not the forum for such matters.

E.   <u>Motion in Limine</u>

Plaintiff seeks to have this Court prohibit the parties to the instant case and others from use or references in future proceedings to various matters.  Of course, this Court does not have jurisdiction over non-parties.  As to parties, the Court may have jurisdiction but no basis to take any action in the instant case.  Plaintiff's claim that the Defendants had violated his rights under the copyright law was held to be without merit by the trial and appellate courts.  Accordingly, this Court shall not issue an Order in the instant case regarding the contents of statements that may be made in future court proceedings.

F.   <u>Disqualification</u>

The instant case is closed.  None of the attorneys of record that Plaintiff seeks to have disqualified are scheduled to be witnesses in any hearing in the instant case.  In the event - not now foreseeable - that there should be some hearing in some forum in which attorneys would be witnesses, the Court presiding over that proceeding would consider the extent to which they would proceed both as counsel and as witness.

G.   <u>Permanent Injunction</u>

Plaintiff seeks an injunction restricting Defendants' use of certain matters in connection with the litigation of the instant case and other matters.  The instant case is closed and there is nothing to indicate that Defendants would take any action herein that would violate any rights of Plaintiff.  Moreover, Plaintiff has not established any right to have this Court act as a monitor over what Defendants may do in other cases before other judges.  If Defendants should violate any rights of Plaintiff in future cases or any other context, Plaintiff is free to take whatever legal action may be appropriate in whatever forum may be available to him.

H.  <u>Sanctions</u>

Plaintiff asks this Court to "award all sanctions available that this Court finds justified under the evidence to Plaintiff." This Court finds none.

III. <u>CONCLUSION</u>

For the foregoing reasons:

1. Plaintiff's Motion for Fed.R.Civ.P.60(b) Relief From Judgment or Order [Document 247] IS DENIED.

2. Defendants' Joint Motion to Strike and Dismiss Pro Se Plaintiff William C. Bond's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P.60(b) [Document 265] IS DENIED.

3. Plaintiff's Motion for Discovery, Motion for Discovery of the United States Attorney's Office for Maryland, and Motion for Discovery Under Fed.R.Civ.P. Rule 27 [Document 251] IS DENIED.

4. Plaintiff's Motion for Temporary Restraining Order Until Plaintiff's Renewed Motion to Recuse and Motion for Case to be Specially Assigned to a Visiting Judge or that the Court Grant a Change of Venue is Granted and the Court Holds a Hearing on Plaintiff's Motion for Permanent Injunction and Restraining Order [Document 245] IS DENIED.

5. Plaintiff's Motion to Refer Criminal Acts to the U.S. Attorney for Maryland and/or the Department of Justice, to Refer Attorney Misconduct to the Maryland Attorney Grievance Commission, and to Refer Judicial Misconduct to the Chief Judge of the 4th Circuit [Document 248] IS DENIED.

6. Plaintiff's Motion in Limine and/or Protective Order [Document 250] IS DENIED.

    7.    **Plaintiff's Motion to Disqualify Attorneys [Document 249] IS DENIED.**

    8.    **Plaintiff's Motion for Permanent Injunction and Restraining Order and Request for Hearing [Document 252] IS DENIED.**

    9.    **Plaintiff's Motion for Sanctions [Document 247] IS DENIED.**

**SO ORDERED, on Thursday, July 12, 2007.**

                                                         /s/
                                        **Marvin J. Garbis
                              United States District Judge**