IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM C. BOND                    *

      Plaintiff *Pro Se*

  v.                              *       Civil Action No.: MJG-01-CV-2600

KENNETH BLUM, SR., et al.          *

      Defendants                   *

   *    *    *    *    *    *    *    *    *

## LIMITED MOTION TO:
## ALTER OR AMEND MEMORANDUM & ORDER OF JULY 12, 2007

Now comes Plaintiff *Pro Se*, William C. Bond, and, due to serious error in the Clerk's Office of

the United States District Court for Maryland, Northern Division, asks this Court, under Fed. R.

Civ. P. 59(e) and/or 60 (b)(1) and/or any other applicable Rule(s) to convert Plaintiff's

Supplement to: Motion to Reconsider Memorandum and Order Re: Plaintiff's Renewed Motion

to Recuse and Motion for Case to be Specially Assigned to a Visiting Judge (paper # 273) to

either an independent "Renewed Motion to Recuse"or "Third Motion to Recuse" and to either

consider and/or reconsider that Motion for the following reasons:


1. Plaintiff filed an appeal to the 4th Circuit regarding this Court's Memorandum & Order dated

July 12, 2007 on July 16, 2007.


2. On July 18, 2007, Plaintiff received in the mail a copy of the transmittal sheet to the 4th Circuit

and a copy of the docket.

3. Plaintiff reviewed the docket and noticed that paper # 267, this Court's Order denying the underlying Motion & Memorandum (paper # 254) that the above Supplement was based upon, was not mailed to Plaintiff or given to Plaintiff in any way.

4. Therefore, Plaintiff had filed, unwittingly, a Supplement to a Motion already denied some twenty (20) days after this Court's denial of the underlying Motion.

5. Plaintiff's Supplement (paper # 273) contained entirely new allegations for Recusal.

6. This Court's final Order of July 12, 2007 makes no mention of this Supplement, or its allegations in its Memorandum and Order.

7. Plaintiff called the Clerk's Office on July 18 and July 19, 2007 to inquire about the missing Order. Plaintiff left voice mail messages for the deputy clerk who was in charge of the 4th Circuit transmittal, but received no response.

8. On July 20, 2007, Plaintiff went to the Clerk's Office for several matters. Concerning this matter, the Clerk printed Plaintiff a copy of this Court's Order of May 15, 2007. The Clerk also informed Plaintiff that, although the Clerk's Office clearly made a mistake by not copying Plaintiff the Order and by clearly not noting on the docket that a copy of the order was forwarded

to Plaintiff *Pro Se,* Plaintiff must seek any remedy caused by the Clerk's Office's failure to notify Plaintiff of the Court's order as to his Motion and any disability suffered by Plaintiff with the Court itself.

9. Here, the disability is clear. The Court's Order ignores the allegations made in Plaintiff's Supplement, seemingly because they already issued an Order as to the underlying Motion.

10. The allegations in Plaintiff's Supplement were completely different from those in the other Motions regarding Recusal and were just discovered.

11. Plaintiff could very easily have filed his Supplement to the Court as an Independent Motion if he did not believe that his Motions for Recusal were still **open**.

12. While what seems like a long time has passed since this Court's Order of July 12, 2007, Plaintiff wonders if the Court may finally come to see, at least on this one issue, Plaintiff's position as having merit?

13. No doubt the other allegations as to Recusal were inflammatory and ugly. Plaintiff has not relished making them. Gerald A. Messerman was a hero to Plaintiff until Plaintiff's criminal arrest and his wholly uncooperative stance during Plaintiff's criminal prosecution by the State of Maryland. Messerman could never say: "I'm sorry. I screwed up. How can I help?" In fact, he did

the opposite.[1]

14. Nevertheless, all these unpleasant, ugly issues will be before the 4th Circuit.

15. Now, to add to those earlier issues, we now have this Court's affiliation with Paul Mark Sandler, Esq. The Supplement has already stated the particulars, but, to be brief, does this Court want to have the following reviewed as well: this Judge is "best friends" with said attorney, golfs with said attorney on holidays, writes books together with said attorney, is prominently listed on said attorney's website, has appeared in said attorney's newspaper column, and, presumably, has socialized with said attorney many times under all sorts of circumstances?

16. The relationship with Paul Mark Sandler is relevant because he is the attorney of record for Miriam Pessin, the star witness in the underlying copyright case at issue, a participant in the alleged "Fraud Upon the Court," and someone who would be negatively subjected to the relief that Plaintiff has asked for, including minimum relief, that the Court has inexplicably denied.

17. Miriam Pessin was also one of the State Tort Defendants who used this Court's underlying decision to defend her State Tort Case, knowing full well that the decision was gained with fraudulent actions, etc., already richly detailed in Plaintiff's Rule 60 Motions.

18. Miriam Pessin is now a Defendant in *William C. Bond vs. Miriam S. Pessin et al.,* in the

---

[1] Plaintiff still cannot believe that he was forced to sue Jerry Messerman.

Maryland Court of Special Appeals, case no.: 00151, September Term, 2007, which is the appeal

of the above State Tort Case

19. Miriam Pessin had, and still has, a huge financial interest in this Court's consideration of

Plaintiff's Rule 60 Motions.

20. Paul Mark Sandler had, and still has, a huge financial interest in this Court's considerations

of Plaintiff's Rule 60 Motions.

21. Whether or not the issue of "fair use," argued in 2001, and recently, is moot or not, this Court

ignored granting Plaintiff any relief, minimal or otherwise, that the facts warranted despite

making references in the Order of July 12, 2007 that there were facts in need of "resolution."

22. Some of the facts in need of "resolution" concern Miriam Pessin. Specifically: that "Miriam

Pessin was someone who was in rightful possession of Plaintiff's Manuscript(s)," as opined by

this Court in 2001. Miriam Pessin's participation in the alleged "Fraud Upon the Court" should

not be allowed to stand, nor should she be allowed to use the opinion of 2001 to protect herself

from Federal or State Claims Plaintiff has against her.

23. Any reasonable person would conclude that the above information would require Recusal.

The test is not whether this Court is, indeed, impartial, but whether it might be questioned?

TITLE 28--JUDICIARY AND JUDICIAL PROCEDURE PART I--ORGANIZATION OF

COURTS CHAPTER 21--GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES Sec. 455. Disqualification of justice, judge, or magistrate judge (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

24. Plaintiff hopes and prays that this Court, now that the bath water has cooled a bit, will grant

the Recusal sought, based upon the reasonableness of this issue alone.

WHEREFORE, for the aforementioned reasons, Plaintiff respectfully requests that Judge Garbis

Recuse himself from further proceedings in this matter, that the Order of July 12, 2007 be

vacated, and that Plaintiff's Rule 60 Motions be assigned to Judge Motz.

Respectfully submitted,

WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
FAX(410) 467-9177

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 23th day of July, 2007, copies of Plaintiff's LIMITED MOTION TO: ALTER OR AMEND MEMORANDUM & ORDER OF JULY 12, 2007 were mailed US Mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite 600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; and William H. Slavin, 300 Three Island

Boulevard, Apartment 810, Hollandale Beach, Florida 33009

_____

WILLIAM C. BOND