IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. BOND | * | |
| Plaintiff *Pro Se* | | |
| v. | * | Civil Action No.: MJG-01-CV-2600 |
| KENNETH BLUM, SR., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

## MOTION TO STRIKE AND FOR SANCTIONS

Now comes Plaintiff *Pro Se*, William C. Bond, and states:

1. Defendants have used a tag-team approach to respond to Plaintiff's post judgement Motions. Defendants, excluding Slavin, who appears to have disappeared once again into drug rehab, are represented, mostly, by groups of attorneys headed by William F. Ryan, Andrew Radding, and Gerard P. Martin.

2. Plaintiff received all the filings on behalf of Defendants by Messrs. Ryan and Radding, along with their respective CM-ECF Notices stating that said filings were served on Plaintiff *Pro Se*.

3. On August 17, 2007, Plaintiff *Pro Se*, as he was preparing his appeal documents for the 4th Circuit in this Case and, specifically, his Informal Appendix of Appellant, noticed, as he reviewed the docket in this Case on a line by line method, that paper numbers 258, 259, and 260

were missing from his files and were never mailed to Plaintiff.

4. At the same time, Plaintiff emailed Attorneys Martin, Pham, Radding, and Severino as to this mistake and asked for immediate copies of the subject Motions by email and US Mail. (Please see: Exhibit # 1.)

5. As of August 27, 2007, Plaintiff has not heard from any of these attorneys.

6. A review of paper numbers 258, 259, and 260 will show that they were filed on behalf of all the attorneys for all their clients, but that they were executed by one T. Christine Pham, Esq., the Vice-Chair of the MSBA Ethics Committee.

7. As this Court well knows, despite their disagreement with Plaintiff *Pro Se's* views, one of this Cases's two primary allegations are misdeeds by Mr. Martin and his associates.

8. Plaintiff finally, several days after the August 17, 2007 email to the attorneys named above, received the subject Motions from a source with access to the ECF system. By this time, it was too late to include the subject Motions in the Appendix for the 4th Circuit.

9. Not only did Plaintiff *Pro Se* have to waste valuable time and energy while working on his appeal, which had a very short deadline, but he had to wonder what it was <u>exactly</u> these Motions said? This kind of distraction was purposeful and intentional.

10. Plaintiff has been greatly disadvantage by not being able to Reply to the subject Motions and to put his <u>specific</u> arguments into the record.

11. As This Court knows, Plaintiff *Pro Se* responds to <u>everything</u>.

12. Certificate of Service is mandatory, not open to error or mistake.

13. Certainly, even if it was a mistake by office staff, the signature attorney, Ms. Pham, has a duty to inspect said work. This is Plaintiff's experience with his own past attorneys. (Please see: exhibit #'s 2, 3, & 4. Clearly, these ECF documents show Plaintiff *Pro Se* was never copied these Motions/Filings.)

14. But, once notified, all **four** attorneys ignored Plaintiff *Pro Se*.

15. This would be the definition of *shenanigans*.

16. This Court does not need this Plaintiff *Pro Se* to explain what Rules this nonsense violates or how badly this makes the Court look, etc. Plaintiff does not believe, despite all the other issues raised, that this Court is a bad person or has an impossibly jaded view of the law or world. Certainly, these attorneys, especially because of the allegations in this Case, should be held to a higher standard. Plaintiff *Pro Se* hopes this Court does, in fact, if not holding them to a higher standard, at least hold them to what the Rules mandate, without exception or excuse, that they so

do. Clearly, when an Attorney signs a 'certificate of service' it had better be served.

WHEREFORE, for the aforementioned reasons, Plaintiff respectfully requests that this Court Order that paper numbers 258, 259, and 260 be stricken from the record in this Case, that this Court so notify the 4th Circuit of said action, and that this Court *Sua Sponte* Sanction the Defendants as a whole or, specifically, Mr. Martin and/or Ms. Pham.

Respectfully submitted,

_____
WILLIAM C. BOND
*Pro Se*
309 Suffolk Road
Baltimore, Maryland 21218
(410) 243-8152
FAX(410) 467-9177
proselitigator@aol.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of August, 2007, copies of Plaintiff's MOTION TO STRIKE AND FOR SANCTIONS were mailed US Mail, postage prepaid, to William F. Ryan, Jr., Esquire, Amy E. Askew, Esquire, Whiteford, Taylor & Preston, LLP, Suite 1400, 7 St. Paul Street, Baltimore, Maryland 21202-1626, attorneys for McDaniel, Bennett & Griffin; Gerard P. Martin, Esquire, Thy C. Pham, Esquire, Rosenberg, Martin, Greenberg LLP, 25 South Charles Street, Suite 2115, Baltimore, Maryland 21201-3322, attorneys for Defendants, Dudley F. B. Hodgson, Kenneth Blum, Sr. and Kenneth Blum, Jr.; Andrew Radding, Esquire, Michael R. Severino, Esquire, Adelberg, Rudow, Dorf & Hendler, LLC, 7 St. Paul Street, Suite 600, Baltimore, Maryland 21202, attorneys for Defendant, Adelberg, Rudow, Dorf & Hendler, LLC; and William H. Slavin, 300 Three Island Boulevard, Apartment 810, Hollandale Beach, Florida 33009

_____
WILLIAM C. BOND

-4-