FILED: April 30, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 07-1293 (L)
(1:01-cv-02600-MJG)

_____

WILLIAM C. BOND,

        Plaintiff

v.

MCDANIEL, BENNETT & GRIFFIN; ADELBERG, RUDOW, DORF & HENDLER, LLC,

        Defendants - Appellees

 and

KENNETH BLUM, Sr.; DUDLEY F. B. HODGSON; WILLIAM SLAVIN; CHRISTOPHER W. NICHOLSON; KENNETH BLUM, Jr.,

        Defendants

MERRILL LYNCH & CO; MERCANTILE BANKSHARES CORPORATION; BANK OF AMERICA; LAW OFFICES OF TIMOTHY M. GUNNING; HOWARD J. SCHULMAN; SCHULMAN & KAUFMAN, LLC; THOMAS & LIBOWITZ, PA; MICHAEL S. LIBOWITZ; THOMAS M. GUNNING; LAW OFFICES OF RICHARD M. KARCESKI; RICHARD M. KARCESKI; MERCANTILE BANKSHARES CORPORATION; BANK OF AMERICA CORPORATION,

        Garnishees

v.

ALYSON BOND,

        Movant

 and

SCHULMAN & KAUFMAN, LLC; HOWARD J. SCHULMAN,

        Movants - Appellants

---
J U D G M E N T
---

In accordance with the decision of this Court, the judgment of the District Court is affirmed.

This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

              /s/ PATRICIA S. CONNOR, CLERK

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1293

WILLIAM C. BOND,

    Plaintiff,

  v.

MCDANIEL, BENNETT & GRIFFIN; ADELBERG, RUDOW, DORF & HENDLER, LLC,

    Defendants - Appellees,

  and

KENNETH BLUM, SR.; DUDLEY F. B. HODGSON; WILLIAM SLAVIN; CHRISTOPHER W. NICHOLSON; KENNETH BLUM, JR.,

    Defendants,

MERRILL LYNCH & CO; MERCANTILE BANKSHARES CORPORATION; BANK OF AMERICA; LAW OFFICES OF TIMOTHY M. GUNNING; HOWARD J. SCHULMAN; SCHULMAN & KAUFMAN, LLC; THOMAS & LIBOWITZ, PA; MICHAEL S. LIBOWITZ; THOMAS M. GUNNING; LAW OFFICES OF RICHARD M. KARCESKI; RICHARD M. KARCESKI; MERCANTILE BANKSHARES CORPORATION; BANK OF AMERICA CORPORATION,

    Garnishees,

  v.

ALYSON BOND,

    Movant,

  and

SCHULMAN & KAUFMAN, LLC; HOWARD J. SCHULMAN,

    Movants - Appellants.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge. (1:01-cv-02600-MJG)

---

Argued: March 21, 2008                    Decided: April 30, 2008

---

Before NIEMEYER and MICHAEL, Circuit Judges, and C. Arlen BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Daniel Parmelee Doty, SCHULMAN & KAUFMAN, L.L.C., Baltimore, Maryland, for Appellants. Michael Richard Severino, ADELBERG, RUDOW, DORF & HENDLER, L.L.C., Baltimore, Maryland, for Appellees. **ON BRIEF:** William F. Ryan, Jr., Amy E. Askew, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee McDaniel, Bennett & Griffin; Andrew Radding, ADELBERG, RUDOW, DORF & HENDLER, L.L.C., Baltimore, Maryland, for Appellee Adelberg, Rudow, Dorf & Hendler, L.L.C.

---

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

William Bond commenced this action for copyright infringement against numerous individuals and their attorneys, including the law firms of McDaniel, Bennett & Griffin ("McDaniel Bennett") and Adelberg, Rudow, Dorf & Hendler, LLC ("Adelberg Rudow") for using, without authorization, Bond's copyrighted book manuscript in a state court custody proceeding. The district court granted the defendants' motion for summary judgment, and we affirmed. <u>See</u> <u>Bond v. Blum</u>, 317 F.3d 385 (4th Cir. 2003). Thereafter, the district court awarded expenses (including legal fees) in favor of McDaniel Bennett in the approximate amount of $84,000 and in favor of Adelberg Rudow in the amount of approximately $69,000.

McDaniel Bennett and Adelberg Rudow initiated garnishment proceedings to collect the judgment entered in their favor, and they served the garnishment on Bank of America, N.A., which is a judgment debtor of Bond on a judgment obtained by him in a tort action filed by Bond in the Circuit Court for Baltimore City. The judgment amount is $31,249.26.

Howard Schulman, Bond's attorney in the state court proceeding against Bank of America, objected to the garnishment, contending that he, as the attorney for Bond in the state court proceeding, had an attorney's lien against the state court judgment that had precedence over the garnishment lien obtained by McDaniel Bennett and Adelberg Rudow. <u>See</u> Md. Code Ann. Bus. Occ.

3

& Prof. § 10-501(c). Schulman claimed an attorney's lien in the amount of $15,898.26 for fees and costs incurred in obtaining the state court judgment on behalf of Bond against Bank of America, as well as $14,966.24 in fees that Bond's attorney was owed from earlier related litigation and which Schulman and Bond orally agreed would be an additional fee in the suit against the bank.

By an order dated February 12, 2007, the district court recognized Schulman's attorney's lien to the extent of $15,898.26, but not to include the $14,966.24 sum, which the court concluded was a preexisting indebtedness that did not enjoy the precedence of a charging lien under the Maryland statute. Accordingly, the court entered an order dated March 2, 2007, directing Bank of America to pay, in respect of the $31,249.26 judgment in favor of Bond, $15,898.26 to Schulman in satisfaction of the attorney's lien and the remainder to McDaniel Bennett and Adelberg Rudow in satisfaction of their garnishment liens. Schulman filed this appeal from that order, claiming a right to the $14,966.24 amount as well.

After carefully reviewing the record and considering the arguments of counsel, we affirm for the reasons given by the

4

district court in support of its order.  See Bond v. Blum, No. 1:01-cv-02600-MJG (D. Md. Feb. 12, 2007).[*]

AFFIRMED

---

[*] We deny Schulman's motion to certify the issue in this case to the Maryland Court of Appeals.

FILED: April 30, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1293 (L), Schulman v. McDaniel Bennett, et al
1:01-cv-02600-MJG

NOTICE OF JUDGMENT

Judgment was entered on this date in this case.

**PETITION FOR REHEARING (FRAP 40)**
**PETITION FOR REHEARING EN BANC (FRAP 35)**

**FILING TIME:** A petition must be received in the Clerk's Office within 14 days after judgment to be timely. There are three exceptions to this rule:

(1) In all civil cases in which the United States or an agency or officer thereof is a party, any petition for rehearing must be received in the Clerk's Office within 45 days after entry of judgment.

(2) The Court may grant an extension of time or leave to file a petition for rehearing out of time if the party establishes that the delay resulted from the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or other circumstances wholly beyond the control of counsel or a party proceeding without counsel.

(3) Prisoner petitions are deemed filed when delivered to prison authorities.

If a petition for rehearing en banc is to be filed, it must be filed at the same time and in the same document as the petition for rehearing and must be clearly identified in the title.

Each case number to which the petition applies must be listed on the petition, even in companion or consolidated cases, in order to identify the cases to which the petition applies and to avoid

companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case.

A timely filed petition for rehearing or petition for rehearing en banc will stay the mandate and toll the running of time for filing a petition for writ of certiorari.

**PURPOSE:** A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material fact or law overlooked in the decision.

2. A change in the law which occurred after the case was submitted and which was overlooked by the panel.

3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.

4. The proceeding involves one or more questions of exceptional importance.

**STATEMENT OF COUNSEL:** A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section. The points to be raised shall be succinctly listed in the statement.

**FORM:** The 15 page limit allowed by the Rule shall be observed. File 4 copies of a petition for rehearing. If a petition for rehearing en banc is filed, 12 copies are required.

### BILL OF COSTS (FRAP 39)

**FILING TIME:** A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs within 14 calendar days of entry of judgment.

### MANDATE (FRAP 41)

**ISSUANCE TIME:** In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance. If the petition or motion is denied, the mandate will issue 7 calendar

days later. If a stay of mandate is sought, 4 copies of the motion must be filed.

**STAY**: A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay.

### CRIMINAL CASES (Local Rule 46(d), CJA Plan)

**CRIMINAL**: In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court. If the defendant requests that a petition be filed and counsel believes that a petition would be frivolous, counsel may file a motion to withdraw; otherwise, counsel shall prepare and file the petition for certiorari. Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari.

### PETITION FOR WRIT OF CERTIORARI (Sup.Ct. R. 13)

**FILING TIME**: Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from the issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from the denial of that petition.